**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GWACS ARMORY, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No.:20-cv-00341-CVE-FHM |
| **KE ARMS, LLC, RUSSELL PHAGAN,** | ) |
| **SINISTRAL SHOOTING** | ) |
| **TECHNOLOGIES, LLC, BROWNELLS,** | ) |
| **INC., and SHAWN NEALON,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
FOR IMPROPER VENUE**

Defendants, KE Arms, LLC ("KEA"), Russell Phagan ("Phagan"); Sinistral Shooting Technologies, LLC ("SST"); Brownells, Inc., ("Brownell's"); and Shawn Nealon ("Nealon") (hereinafter collectively "Defendants"), by and through their undersigned attorneys of record, hereby submit their Reply in Support of its Motion to Dismiss for Improper Venue in the above captioned matter. This Motion is based on the papers and pleadings on file herein, and the incorporated brief in support, and any oral arguments permitted at the time of the hearing on this matter. This action should be dismissed for improper venue, transferred, or stayed, all as is more fully set out below.

**I.     INTRODUCTION.[1]**

The Northern District of Oklahoma is not the proper venue for this case. Plaintiff

---

[1] Defendants hereby incorporate by reference the factual and procedural background in their Motion to Dismiss for Improper Venue [Dkt. 21] as if fully set forth herein.

failed to provide any fact, allegation, or proof of Defendants activity in the forum. As such, Plaintiff has failed to meet its burden for venue and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, this Court should transfer this case to the District of Arizona pursuant to the first to file doctrine consistent with Defendants' pending Motion to Transfer to the District of Arizona [Dkt. 17] and alternative Motion to Stay the proceedings pending termination of the Arizona proceedings [Dkt. 19].

## II.     LEGAL ARGUMENT.[2]

### A.     GWACS FAILED TO MEET ITS BURDEN FOR VENUE.

GWACS failed to show why venue is proper for each of its claims. "Once venue is challenged, it is the **plaintiff's burden** to show that venue is proper in the forum district." *Hanson v. Bosley & Bratch, Inc.*, 2018 WL 4491424, at *3 (D. Colo. Sept. 18, 2018) (emphasis added); *see e.g. Cox v. Sullivan*, 2014 WL 4352088, at *2 (N.D. Okla. Sept. 2, 2014) (noting that plaintiff must present a "prima facie showing of venue" at the motion to dismiss stage). Additionally, when multiple claims are plead, "venue must be proper for **each** claim." *Gen. Bedding Corp. v. Echevarria*, 714 F.Supp. 1142, 1144 (D.Kan.1989) (citation omitted) (emphasis added). Here, Plaintiff failed to meet its burden as to why venue is proper for each claim. As such, this Court should dismiss pursuant to Fed. R. Civ. Pro. 12(b)(3).

---

[2] Defendants hereby incorporate by reference the legal standard in their Motion to Dismiss for Improper Venue [Dkt. 21] as if fully set forth herein.

First, for breach of contract claims, courts consider where the contract was negotiated and executed, where it was performed, and where the contract was allegedly breached. *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765-766 (S.D. Ohio 2014); *SoccerSpecific.com v. World Class Coaching, Inc.*, 2008 WL 4960232, *1 (D. Or. 2008); *Contech Bridge Solutions, Inc. v. Keaffaber*, 2011 WL 5037210, *12 (S.D. Ohio 2011). Here, no evidence has been provided that proves Defendants negotiated or executed their contracts with GWACS in Oklahoma. *See generally* Affidavit of Gudgel [Dkt. 28-1]. Any breach of the NDAs would have taken place by each Defendant in their respective home states of Arizona or Iowa, since it is undisputed that Defendants' respective operations, finances, product development, research, and business development, occurred in their respective home states of Arizona and Iowa. Thus, GWACS failed to meet its burden as to why venue in Oklahoma is proper for its breach of contract claims.[3]

Next, trademark infringement claims are handled by the general venue provisions of §1391(b). For the purposes of §1391, the events "giving rise" to a trademark claim occur where the defendant attempts to pass off its product as the trademarked product. *See e.g. Dakota Beef, LLC v. Pigors*, 445 F. Supp. 2d 917, 920 (N.D. Ill. 2006); *see also International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003) (finding that in a trademark action, venue is generally proper in the district when the defendants allegedly committed numerous acts of trademark infringement in the district);

---

[3]The same analysis applies to Plaintiff's breach of the implied covenant of good faith and fair dealing claim. *See* Complaint, [Dkt. 2] at ¶¶100, 103.

*Keelshield, Inc. v. Megaware Keel-Guard, Inc.*, 2001 WL 575833, *8 (C.D. Ill. 2001) ("In trademark infringement and unfair competition cases, a claim is said to arise not only where the defendant's wrongful conduct occurred but also where the confusion of purchasers occurs, [or] where the deceived customer buys [or fails to buy] the defendant's product.").

In trademark and trade dress cases, courts consider whether various substantial events took place in the forum district – such as the affixing of allegedly infringing labels, targeted sales, actual customer confusion, and whether the defendant actively targeted the district for advertising or other sales-related purposes. *See e.g. Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 182–183 (S.D. N.Y. 1995) (Venue was proper, in a trademark infringement action, in the state that the defendant **targeted** through advertising and direct-mail solicitation.); *Shippitsa Limited v. Slack*, 2019 WL 3304890, *7 (N.D. Tex. 2019) (finding venue in the Northern District of Texas when plaintiff provided evidence of over **172 sales to district residents**, and thereby caused consumer **confusion within the district**); *Adidas America, Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1094-1095 (D. Or. 2016) (finding venue after the plaintiff provided **evidence of confusion** in the forum district and proof that the district is where the **deceived customer buys the defendant's product** in the belief that he is buying the plaintiff's product); *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 195-198 (D. Mass. 2016) (finding an infringement to take place where there is likely confusion among purchasers, which leads courts to focus on **advertising and sales in the district**); *Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 867 (N.D. Ill. 2009) ("Venue is only proper, however, where the

infringer has had 'significant activities,' **more than mere 'miniscule contact**.'")(citations omitted) (emphasis added).

In this case, GWACS failed to provide evidence of anything like this. There is no evidence of sales in Oklahoma, no evidence of customer confusion in Oklahoma, and no evidence of Defendants actively targeting Oklahoma for advertising or other sales-related purposes. *See* Affidavit of Gudgel [Dkt. No. 28-1]. KEA and Brownells operate their websites on a large scale, but this does not make venue proper in every district in which their websites might be accessed. *See Specht,* 660 F. Supp. 2d at 867 (finding improper venue when an alleged infringement took place on an international scale). Notably, GWACS has failed to provide a **single sale** or ad that infringes upon its putative marks or trade dress. *C.f. Mattel, Inc. v. Adventure Apparel,* 2001 WL 286728, *4 (S.D. N.Y. 2001) (finding that an infringing sale in a district may be sufficient to render venue proper). Instead of providing evidence of Defendants' activities in the forum, Plaintiff relies wholly upon empty argument in its brief. *See* Pl.'s Resp. [Dkt. 28]. As such, venue in this forum is improper for GWACS' trademark and trade dress claims, since GWACS failed to meet its burden.

Finally, venue is improper for GWACS' copyright infringement claim. GWACS' Complaint failed to plead the proper venue statutes for its copyright claims. *See* Complaint [Dkt. 2] at ¶10. Under 28 U.S.C. § 1400(a), actions arising under any Act of Congress related to copyrights or exclusive rights in mask works or designs "may be instituted in the district in which the ***defendant or his agent resides*** or may be found." Where a defendant

"resides" is codified "[f]or all venue purposes," including § 1400(a), at 28 U.S.C. § 1391(c). Here, since each of the Defendants reside in Arizona or Iowa, venue is properly laid in in either of those states –not the Northern District of Oklahoma.

### B. THE SUBSTANTIAL CIRCUMSTANCES AND EVENTS UNDERLYING GWACS' CLAIMS OCCURRED <u>OUTSIDE</u> OKLAHOMA.

Under 28 U.S.C. §1391(b)(2), venue may be proper in a district so long as the substantial part of the underlying events took place in that district. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1166 (10th Cir. 2010). Despite this relatively straight-forward standard under §1391, GWACS managed to misconstrue §1391(b) in its responsive brief in at least two (2) ways.

First, GWACS' responsive brief erroneously focuses on its own actions in Oklahoma, not Defendants' actions. It is well-settled in this Circuit that "congress meant to require courts to focus on relevant activities of the **<u>defendant</u>**, not the **<u>plaintiff</u>**" when making venue decisions. *Employers Mut. Cas. Co*., 618 F.3d at 1166 n.11 (10th Cir. 2010) (emphasis added) (internal citations omitted). Here, Plaintiff's brief focuses almost entirely on GWACS' own interactions with Oklahoma. *See* Pl.'s Resp. [Dkt. 28] at pgs. 5-7. Equally problematic is the Affidavit of Jud Gudgel [Dkt. 28-1], which focuses almost entirely on GWACS' actions within Oklahoma. *See* Affidavit of Gudgel [Dkt. No. 28-1], at ¶¶5-11. Tellingly, the only activity noted by Gudgel pertaining to Defendants was the fact that KEA received fifty (50) CAV-15 polymer lowers from GWACS between 2013 and 2018. *Id.* at ¶4. Yet, KEA's purchases in Oklahoma over a span of five (5) years are immaterial to venue, since these transactions had nothing to do with GWACS' underlying

6

claims. Most importantly, Plaintiff failed to point to any activity by Defendants in the forum that might make venue in the Northern District of Oklahoma proper.

Second, GWACS mistakenly relies upon the "property" clause in 28 U.S.C. §1391(b)(2). While it is true that §1391(b)(2) provides for venue in the judicial district in which "a substantial part of the property that is subject of the action is situated," where the property is located is just one of many factors federal courts consider. A brief survey of federal case law reveals that Courts typically apply the "property" clause in cases arising out of real property disputes, not putative intangible assets. *See e.g. Vasarhelyi v. Rojas*, 2010 WL 737589, *4 (N.D. Ill. 2010) (finding the sole purpose of the case was to resolve ownership of real property making venue proper under § 1391(b)(2)); *2215 Fifth Street Associates v. U Haul Intern., Inc.*, 148 F. Supp. 2d 50, 57 (D.D.C. 2001)(finding that a suit arose in district when claims centered on real property located in that district). Here, no real property is at issue, making the property clause non-dispositive. *See generally* Complaint [Dkt. 2]. And the only "property" at issue here is GWACS putative intellectual property, which has already been addressed above. Thus, the "property" clause in §1391 cannot save Plaintiff here.

Regardless, even if the "property" clause was applied liberally by the Court, the location of property is not dispositive to a venue inquiry. *See e.g. Crutchfield v. Santos*, 2007 WL 4124713, *2 (W.D. Ky. 2007) ("Although Plaintiff's truck, which was damaged in the collision, is now located in Kentucky, its location in Kentucky is a result of Plaintiff employing someone to tow it from the accident site in New Mexico to Kentucky. Plaintiff

cannot choose his venue in such a matter. . ."). Here, just because GWACS unilaterally moved its property to Oklahoma does not, by itself, provide a basis for venue. Rather, as further discussed in Defendants' Motion to Dismiss for Improper Venue [Dkt. 21], the underlying events in this case all took place **outside** of Oklahoma, making venue in Oklahoma is improper. *Employers Mut. Cas. Co*., 618 F.3d at 1166.

      **C.**      **THE ASSET PURCHASE AGREEMENT CANNOT SERVE AS THE BASIS FOR VENUE.**

In a last-ditch effort, GWACS argues pendent venue. *See* Pl.'s Resp. [Dkt. 28] at pgs. 12-14; s*ee also* Complaint [Dkt. 2], at ¶10. GWACS tries to shoe-horn its claims into the Asset Purchase Agreement ("APA") since APA has an Oklahoma forum selection clause. *Id.* Here, there are no grounds to support "pendent venue." Courts invoke "pendent venue . . . based upon the relatedness of the claims, judicial economy, convenience, and fairness." *Bishop v. Oklahoma ex rel. Edmondson,* 447 F. Supp. 2d 1239, 1255 (N.D. Okla. 2006), rev'd in part sub nom. *Bishop v. Oklahoma*, 333 F. App'x 361 (10th Cir. 2009) (citing *Jackson v. MCI Telecommunications Corp*., No. 92–2503, 1993 WL 408332, at *2 (D.Kan. Sept. 29, 1993). "Whether to apply the principle of pendent venue in any given case is a discretionary decision, **based on applicable policy considerations**." *U.S. S.E.C. v. e-Smart Technologies, Inc*., 926 F. Supp. 2d 231 (D.D.C. 2013) (citation omitted) (emphasis added).

For example, in *Bishop,* this Court found venue to be proper in the Northern District of Oklahoma via pendent venue when various Oklahoma government officials were sued over the Defense of Marriage Act (DOMA) and an amendment to the Oklahoma

constitution. 447 F. Supp. 2d at 1255. Notably, the case involved Oklahoma officials being sued over an Oklahoma constitutional amendment. There were blaringly obvious policy reasons as to why pendent venue was appropriate in the *Bishop* case. *Id.* Conversely here, there is no state law being challenged nor are there compelling policy considerations to support pendent venue. Thus, pendent venue is not warranted here and GWACS' pendent venue argument lacks merit. In sum, for the reason set forth herein, as well as the reasons set forth in Defendants Motion to Dismiss for Improper Venue [Dkt. 21], the APA cannot serve as the basis for venue in this case.

    **D.    IF VENUE IS PROPER IN BOTH ARIZONA AND NORTHERN OKLAHOMA DISTRICTS, THEN THE CASE SHOULD BE TRANSFERRED OR STAYED PURSUANT TO FIRST TO FILE RULE.[4]**

**III.    CONCLUSION.**

Therefore, Plaintiff has failed to meet its burden for venue and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, this Court should transfer this case to the District of Arizona pursuant to the first to file doctrine consistent with Defendants' pending Motion to Transfer to the District of Arizona [Dkt. 17] and alternative Motion to Stay the proceedings pending termination of the Arizona proceedings [Dkt. 19].

---

[4] Defendants incorporate by reference the law and argument pertaining to the transfer or stay of proceedings set forth in Defendants' Motion to Dismiss for Improper Venue [Dkt. 21] as if fully set forth herein.

Respectfully submitted,

ERROR! REFERENCE SOURCE NOT FOUND.**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

s/ *Robert P. Fitz-Patrick*_____
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone:  (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS**

**-AND-**

**MARQUIS AURBACH COFFING**

Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of October, 2020. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    James E. Weger, Esq.
    Tadd J.P. Bogan, Esq.
    JONES, GOTCHER & BOGAN, P.C.
    15 East Fifth St.
    Tulsa, OK 74103
    **ATTORNEYS FOR THE PLAINTIFF,**
    **GWACS ARMORY, LLC**

                                            s/ *Robert P. Fitz-Patrick*_____
                                            Robert P. Fitz-Patrick