UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GWACS ARMORY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 20-CV-0341-CVE-CDL |
| ) | **BASE FILE** |
| **KE ARMS, LLC, RUSSELL** ) | Consolidated with: |
| **PHAGAN, SINISTRAL SHOOTING** ) | Case No. 21-CV-0107-CVE-JFJ |
| **TECHNOLOGIES, INC.,** ) | |
| **BROWNELLS, INC., and** ) | |
| **SHAWN NEALON,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| and ) | |
| ) | |
| **KE ARMS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | |
| ) | |
| **GWACS ARMORY, LLC, GWACS** ) | |
| **DEFENSE INCORPORATED,** ) | |
| **JUD GUDGEL, RUSSELL ANDERSON,** ) | |
| **DOES I through X, and ROE** ) | |
| **CORPORATIONS I through X,** ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

On January 21, 2021, the Court entered an opinion and order (Dkt. # 32) staying Case No. 20-CV-341-CVE-CDL under the first to file rule, and the Court also administratively closed the case pending a ruling on motions to dismiss filed in a related lawsuit in the District of Arizona. The cases concern the alleged misappropriation of intellectual property belonging to GWACS Armory, LLC

(GWACS) by KEA Arms, LLC (KEA) and other entities. The Arizona case was filed by KEA, and KEA sought a declaratory judgment that it complied with a non-disclosure agreement (NDA) for use of the intellectual property that forms the subject matter of Case No. 20-CV-341-CVE-CDL. KEA also alleged claims of tortious interference, business disparagement, and breach of the covenant of good faith and fair dealing against the defendants in the Arizona case. The Arizona court entered an order dismissing all of KEA's claims, except for the breach of covenant of good faith and fair dealing claim, and the case was transferred to this Court under 28 U.S.C. § 1404(a).

In light of the Arizona court's ruling, the Court finds that the administrative closing order in Case No. 20-CV-341-CVE-CDL should be vacated and the case should be reopened. The Court has reviewed the pleadings in both cases, and the claims in both cases will require the Court to determine whether KEA and other entities violated the NDA. Under Fed. R. Civ. P. 42(a), a district court has the discretion to consolidate cases for trial if both cases involve a common issue of law or fact. The claims in both cases arise out of the same business relationship and contractual agreements, and there is a substantial overlap of factual and legal issues in both cases. The Court finds that the cases should be consolidated for all purposes, including trial.

**IT IS THEREFORE ORDERED** that the administrative closing order (Dkt. # 33) is **vacated**, and the Court Clerk is directed to **reopen** Case No. 20-CV-341-CVE-CDL.

**IT IS FURTHER ORDERED** that the stay entered pursuant to the Court's opinion and order (Dkt. # 32) is **lifted**, and the parties are directed to file a joint status report no later than **March 24, 2021**.

**IT IS FURTHER ORDERED** that:

1. Case No. 20-CV-341-CVE-CDL and Case No. 21-CV-107-CVE-JFJ are **consolidated** in their entirety.

2. Case No. 20-CV-341-CVE-CDL is designated as the **base file**.

3. All further pleadings, motions and other documents shall bear only the title and designation of Case No. 20-CV-341-CVE-CDL with the words "Base File" written below the case number, and all pleadings **shall be filed in the base file only**.

4. This Order shall be filed in Case No. 20-CV-341-CVE-CDL and Case No. 21-CV-107-CVE-JFJ.

**IT IS FURTHER ORDERED** that plaintiff's request for judicial notice (Dkt. # 15), filed in Case No. 21-CV-107-CVE-JFJ, is **moot**.

**DATED** this 10th day of March, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE