IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KE ARMS, LLC; RUSSELL )<br>PHAGAN; SINISTRAL SHOOTING )<br>TECHNOLOGIES, LLC; )<br>BROWNELLS, INC.; and SHAWN )<br>NEALON )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>KE ARMS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GWACS ARMORY, LLC; GWACS )<br>DEFENSE INCORPORATED; JUD )<br>GUDGEL; RUSSELL ANDERSON; )<br>DOES I through X; and ROE )<br>CORPORATIONS I through X, )<br>)<br>Defendants. ) | Case No. 20-cv-00341-CVE-SH<br>Base File |

## OPINION AND ORDER

Before the Court is the motion of Defendant Brownells, Inc. ("Brownells") for a protective order requiring the deposition of its corporate representative to take place in its home city of Montezuma, Iowa, or remotely.  Plaintiff GWACS Armory, LLC[1] ("Armory") asserts that

---

[1] Armory is joined in its opposition by Third-Party Defendants GWACS Defense Incorporated, Jud Gudgel, and Russell Anderson, who are represented by the same counsel.  For purposes of this Opinion, the Court will refer to the opposition as "Armory."

Brownells should present its representative in Tulsa, Oklahoma. Armory also seeks leave from the Court to supplement its opposition with new facts regarding other depositions.

Armory offers no peculiar circumstances to justify departure from the general rule that a corporate defendant's deposition should occur at its principal place of business, and the proposed supplemental briefing would not alter this conclusion. For the reasons stated below, Brownells' motion will be granted, and Armory's denied.

## BACKGROUND

On October 6 or 7, 2021, Armory served a Fed. R. Civ. P. 30(b)(6) deposition notice to Brownells, with the deposition to take place in Tulsa, Oklahoma, on October 27, 2021. (ECF No. 69 at 2; ECF No. 70 at 4.) On October 13, 2021, counsel for Brownells informed counsel for Armory that Brownells' corporate representative "will not be able to travel to Tulsa to be deposed" and inquired whether Armory would "accommodate a remote deposition or travel to the designee?" (ECF No. 69-1 at 4.) The parties continued to discuss dates for Brownells' deposition, and Armory asserts that it believed only the date of the deposition was at issue, not its location. ECF No. 70 at 4-5.) However, by October 21 or 22, it was clear that the parties had a fundamental disagreement—Brownells believed the deposition should occur in Montezuma, Iowa, while Armory wanted the deposition to take place in Tulsa, Oklahoma. (ECF No. 69-1; ECF No. 70 at 4-5.) Brownells filed the instant Motion for Protective Order on November 1, 2021. (ECF No. 69.)

## ANALYSIS

**I.     Legal Standards**

Pursuant to Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including "specifying terms, including time and place, for the disclosure or discovery . . . ." Fed. R. Civ. P. 26(c)(1)(B); *see also Sheftelman v.*

*Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625, 628 (10th Cir. 1987) ("The trial court has great discretion in establishing the time and place of a deposition.").

The "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 483 (10th Cir. 1995) (quoting 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2112 (1994)). This is particularly true when the corporation is a defendant who had no say in selecting the forum. *See, e.g., Pinnacle Packaging Co. v. Constantia Flexibles GmbH,* No. 12-CV-537-JED-TLW, 2015 WL 9216845, at *5 (N.D. Okla. Dec. 17, 2015). To overcome this initial presumption, a plaintiff must demonstrate "peculiar circumstances" that distinguish the case from the "ordinary run of civil cases," compelling an order for the deposition be conducted elsewhere. *Id*. In determining whether such peculiar circumstances exist, courts consider factors including (1) location of counsel for the parties, (2) number of corporate representatives to be deposed, (3) the likelihood of significant disputes and the Court's ability to resolve them, (4) whether the deponent(s) often travel for business purposes, (5) the relative costs of the deposition; and (6) a balancing of the equities.[2] *Id.* at *7.

## II.     Factors

### A.     Location of Counsel

In this case, lead counsel for Brownells is located in Las Vegas, Nevada, and lead counsel for Armory is located in Tulsa, Oklahoma. Regardless of where the deposition occurs, Brownells' counsel will have to travel. Armory's counsel will have to travel only if the deposition is held in Iowa. The Court notes that Armory has refused Brownells' accommodation of holding the

---

[2] In cases involving foreign parties or depositions, courts also consider issues of comity and Fed. R. Civ. P. 28(b). *Id.*

3

deposition virtually, while Brownells has refused Armory's accommodation of holding its deposition at the same time other depositions are scheduled in Tulsa. The Court provides no weight to Armory's assertion that it wants <u>two</u> attorneys to attend the deposition, thus doubling the burden on it; this is a strategic choice made by Armory for which Armory should bear the costs. Nevertheless, the location of counsel weighs slightly in Armory's favor.

### B.     Number of Corporate Representatives

Brownells has designated one corporate representative, Paul Levy. This factor, therefore, does not increase the burden on Brownells. *Kelly v. Mercedes-Benz USA, Inc.,* No. 99-CV-476-H(J), 2002 WL 35658299, at *1 (N.D. Okla. Mar. 8, 2002). Brownells has not otherwise demonstrated significant hardship associated with Mr. Levy traveling to Tulsa, so this factor weighs in favor of conducting the deposition in Tulsa. *See, e.g., Griggs v. Vanguard Grp., Inc.,* No. CIV-17-1187-SLP, 2019 WL 2552359, at *3 (W.D. Okla. June 20, 2019) (finding that the "lack of an unusual burden on Defendants" favored conducting the deposition at the noticed location rather than Defendants' principal place of business where "Defendants have not indicated any circumstances making the travel of their deponents unusually difficult"); *cf. Chris-Craft Indus. Prod., Inc. v. Kuraray Co.,* 184 F.R.D. 605, 607-08 (N.D. Ill. 1999) (finding burden where representatives would have to travel from Japan during a period of tight deadlines that would preclude the defendant from successfully closing its fiscal year).

### C.     Likelihood of Significant Disputes

The parties agree that the Court will have the ability to resolve any disputes that arise, whether the deposition takes place in Tulsa or Montezuma. Accordingly, this factor does favor either location. *Griggs,* 2019 WL 2552359, at *4; *cf. Kelly,* 2002 WL 35658299, at *2 (finding disputes might be difficult to resolve in depositions held in foreign country).

### D. Deponent's Travel

Courts have interpreted this factor as requiring an examination of whether the deponent travels to the proposed deposition location specifically, rather than an examination of whether the deponent travels for business purposes generally. *See Pinnacle Packaging Co.,* 2015 WL 9216845, at *8 (collecting cases). In this case, Mr. Levy has declared that Brownells has no employees in Oklahoma and that he, personally, has never travelled to Oklahoma while working for Brownells. (ECF No. 69-2 ¶¶ 6-7.) In response, Armory notes that Mr. Levy traveled to Las Vegas, Nevada, to promote the product at issue in this case. (ECF No. 70 at 11.) Armory does not assert that Mr. Levy has traveled to Oklahoma. This factor thus weighs in favor of conducting Mr. Levy's deposition in Montezuma.

### E. Relative Costs

Armory contends that it will cost approximately $390 more in travel costs and $2,610 in attorneys' fees to conduct the deposition of Brownells' corporate representative in Montezuma. (ECF No. 70 at 9-10.) However, Armory's estimates are based on its decision to have two attorneys attend a deposition that only one of them will be able to conduct and to have the observing attorney attend in person, rather than remotely. These estimates also apparently include Armory's ability to bill its client travel time, and expenses based on the attorneys' time is duplicative of the Court's considerations under the first factor. Armory further asserts that these costs will be increased by the in-person attendance of two other observers, Third-Party Defendants Jud Gudgel and Russel Anderson. (ECF No. 70 at 2, 9-10.) The Court does not find it appropriate to shift the costs for these attendance decisions onto Brownells, when Brownells has chosen not to increase costs by asserting that *it* would also have additional counsel and client representatives come to Tulsa. Moreover, Armory's burden of traveling to Iowa for the deposition is significantly

5

less than the burdens imposed on the parties in either *Pinnacle Packaging Co.*, where travel would be to Austria and Germany and there would be increased costs for the processes necessitated by a foreign deposition. 2015 WL 9216845, at *1, *11.

As before, the Court notes Armory's assertion that Brownells' costs would be reduced if its deposition was conducted in Tulsa at the same time as other depositions. And, again, the Court also notes Brownells' assertion that Armory's costs would be greatly reduced if it had accepted the offer to conduct the deposition remotely. To the extent these arguments are relevant, the Court considers them to be a wash.

### F. Balance of the Equities

"This factor requires the Court to consider 'the equities with regard to the nature of the claim and the parties' relationship.'" *Pinnacle Packaging Co.,* 2015 WL 9216845, at *9 (quoting *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 629 (C.D. Cal. 2005)). Armory asserts that the general equities favor conducting the deposition of Brownells' corporate representative in Tulsa, in essence, due to the complexity of this case, including the 1,500 pages of documents and 90 exhibits necessary for the deposition at issue, and because Brownells has "been generally uncooperative in discovery in this case." (ECF No. 70 at 11-14.) The Court finds nothing sufficiently complex or peculiar about the number of documents, exhibits, or discovery disputes in this case to distinguish it from any other commercial litigation case. Moreover, there is no evidence of delay on the part of Brownells in taking its corporate representative's deposition. To the contrary, counsel for Brownells offered to conduct the noticed deposition remotely and continues to suggest that a remote deposition is convenient and cost effective for all parties. At most, Armory has shown it would be inconvenient to conduct the deposition of Brownells' corporate representative in Montezuma, which is insufficient to overcome the well-accepted

general rule that Rule 30(b)(6) depositions are held at the corporate defendant's principal place of business.

Relatedly, Armory explains that in addition to the reasons set forth above, the deposition of Brownells' corporation representative cannot be conducted remotely due to the alleged "coaching" of witnesses by counsel for Brownells at previous depositions. (ECF No. 70 at 14-15.) Assuming *arguendo* that Armory's allegations are true, this issue is unrelated to the location of the deposition and relates only to Armory's wish not to conduct the deposition remotely. Even so, the Court is confident that there are protocols that would address Armory's concerns. For example, one of Armory's counsel could travel to Montezuma and attend the deposition in-person, while its second counsel and the individual Third-Party Defendants participate remotely from Tulsa. This would permit Armory to keenly observe Brownells' counsel and would significantly reduce its costs associated with the deposition. Or, if the parties agreed to a fully remote deposition, the parties could use multiple cameras or a wider shot to include both Brownells and its counsel in the frame. However, in the current circumstances, where the only asserted benefit is cost-savings to Armory and Armory opposes a remote deposition, the Court will not <u>order</u> the parties to conduct the deposition remotely.

### III. Armory's Motion to Supplement Briefing

Following the initial round of briefing on Brownells' motion, Armory filed a motion for leave to supplement (ECF No. 73). This motion was based on a new development—that Brownells' counsel would be traveling to Tulsa for two days in December to conduct Armory's deposition. As noted above as to the prior scheduling attempts, this fact—at most—is neutral in the Court's consideration. There is no need for additional briefing.

## CONCLUSION

Although Armory seeks to depose Brownells' corporate representative in Tulsa for understandable reasons, those reasons are unremarkable and present in almost any other case involving an out-of-state defendant. There is nothing to distinguish this case from the ordinary run of civil cases, and no peculiar circumstances exist to justify departure from the general rule. Therefore, the Court finds that if Armory wishes to conduct an in-person deposition of Brownells' corporate representative, such deposition shall take place in Montezuma, Iowa.

IT IS THEREFORE ORDERED that Defendant Brownells, Inc.'s Motion for Protective Order (ECF No. 69) is GRANTED. The deposition of Brownells' corporate representative shall take place in Montezuma, Iowa. The parties may agree to the remote attendance of all or part of those participating.

IT IS FURTHER ORDERED that Plaintiff's and Third-Party Defendants' Motion for Leave to Supplement Response to Defendant Brownells, Inc.'s Motion for Protective Order (ECF No. 73) is DENIED.

ORDERED this 2nd day of December, 2021.

**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**