## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GWACS ARMORY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:20-cv-0341-CVE-SH** |
| **KE ARMS, LLC, RUSSELL PHAGAN,** | ) | **BASE FILE** |
| **SINISTRAL SHOOTING** | ) | |
| **TECHNOLOGIES, LLC, BROWNELLS,** | ) | Consolidated with: |
| **INC., and SHAWN NEALON,** | ) | Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| **Defendants.** | ) | |
| **and** | ) | |
| | ) | |
| **KE ARMS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **GWACS ARMORY, LLC, GWACS** | ) | |
| **DEFENSE INCORPORATED, JUD** | ) | |
| **GUDGEL, RUSSEL ANDERSON, DOES I** | ) | |
| **through X, and ROE CORPORATIONS I** | ) | |
| **through X,** | ) | |
| **Defendants.** | ) | |

## MOTION FOR CONTEMPT, SANCTIONS, OR ALTERNATIVELY, AN ORDER TO SHOW CAUSE WHY REED OPPENHEIMER SHOULD NOT BE HELD IN CONTEMPT

Pursuant to Fed. R. Civ. P. 37 and 45(g), defendant KE Arms, LLC ("KEA" or

"Defendant"), by and through its attorneys of record, hereby moves for an order holding

Reed Oppenheimer in contempt for refusal comply with a subpoena and appear for his

deposition and sanctions. Alternatively, KEA respectfully requests that the Court order

Reed Oppenheimer to comply with the subpoena and show cause why he should not be

held in contempt. Counsel for KEA has attempted to resolve this discovery dispute in good

1

faith with Reed Oppenheimer's counsel or record prior to filing this motion, as described in the LCvR37-1 certification of counsel below.

## LCVR37-1 CERTIFICATION OF COUNSEL

Alexander K. Calaway, Esq. certifies and declares as follows:

1.      I am counsel for KEA in this above-referenced matter. Pursuant to LCvR37-1, I make this certification in support of KEA's instant motion for contempt, sanctions, or alternatively an order to show cause. I have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.

2.      On November 29, 2021, KEA served a Notice of Intent to Serve Deposition Subpoena to Reed Oppenheimer (the "Subpoena") and Reed Oppenheimer's accountant Clayton Woodrum. A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

3.      No party objected to the validity of the Subpoena, and so on December 16, 2021, Reed Oppenheimer was served with the Subpoena. A true and correct copy of the affidavit of service is attached hereto as **Exhibit 2**.

4.      On December 30, 2021, counsel for Reed Oppenheimer requested to reschedule depositions due to COVID-19 which was granted. A true and correct copy of them email chain I had with counsel regarding the Subpoena and postponing the depositions is attached hereto as **Exhibit 3**.

5.      On January 17, 2022, KEA's counsel agreed to postpone the depositions again due to the illness of Reed Oppenheimer's counsel. *Id.*

2

6.      On February 17, 2022, I notified counsel that KEA would be proceeding with the deposition of Reed Oppenheimer on March 3, 2022 at 1:00pm CST.  A true and correct copy of the email to counsel regarding the new deposition date and amended subpoena with the updated information is attached hereto as **Exhibit 4**.

7.      On February 23, 2022, I reminded counsel about the deposition and scheduled a court reporter for the March 3, 2022 deposition. A true and correct copy of the email to counsel reminding him of the deposition date and notifying him of an incoming zoom link from the court reporter is attached hereto as **Exhibit 5**.

8.      By March 1, 2022 (two days before the scheduled deposition), counsel for Reed Oppenheimer had not yet responded to my reminder email so I followed up again to ensure the depositions were moving forward. *Id.*

9.      For the first time, opposing counsel represented to me that Reed Oppenheimer would not be appearing for his deposition. *Id.* The only explanation provided by counsel was that Reed Oppenheimer had been lost and that his counsel "had not been able to get in touch with [Reed] Oppenheimer." *Id.* Counsel for KEA also discussed the Reed Oppenheimer deposition with opposing counsel on the telephone. *Id.*

10.     On March 3, 2022, KEA proceeded with the deposition of Reed Oppenheimer's personal accountant, Mr. Woodrum. A true and correct copy of excerpts from the deposition of Mr. Woodrum are attached hereto as **Exhibit 6**.

11.     Mr. Woodrum is the chief financial officer of plaintiff Armory. A true and correct copy of excerpts of Armory's Rule 30(b)(6) designee deposition is attached hereto as **Exhibit 7**.

12.     In his deposition, Mr. Woodrum testified, among other things, that Reed Oppenheimer was not only aware of the scheduled depositions, but that Mr. Woodrum had actually spoken with Reed Oppenheimer the morning of his scheduled deposition. *Id.*

13.     As detailed above, I have conferred with counsel for Reed Oppenheimer by telephone and email regarding the issues identified in this motion in a good faith attempt to resolve the differences described therein.

14.     Counsel for Reed Oppenheimer is located in Tulsa, Oklahoma and counsel for KE Arms, LLC is located in Las Vegas, Nevada. Counsels' offices are separated by greater than 1,000 miles. Thus, the distance between counsels' offices rendered a personal conference infeasible.

15.     Unfortunately, after a sincere attempt to resolve the differences identified in this motion by telephone, as well as numerous written communications relating thereto, the we were unable to reach an accord.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the <u>19th</u> of April 2022.


*/s/ Alexander K. Calaway*

Alexander K. Calaway

4

## I.   **FACTUAL BACKGROUND**

Before the Court is KEA's motion for contempt, sanctions, or an order to show cause why Reed Oppenheimer should not be held in contempt. On November 29, 2021, KEA notified all parties of its intent to serve a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") on non-party Reed Oppenheimer. **Exhibit 1.** There was no objection to the Subpoena raised, and as such, KEA proceeded to serve the Subpoena. **Exhibit 2**. On December 16 2021, Reed Oppenheimer was served with the Subpoena, and commanded to appear to testify at a deposition held on January 3, 2022. *Id.*

On December 30, 2021, counsel for Reed Oppenheimer, who is also counsel of record for plaintiff, requested the scheduled depositions be postponed because Reed Oppenheimer's accountant had been exposed to COVID-19. **Exhibit 3**. KEA granted counsel's request to postpone the depositions for a more suitable date, however, counsel never provided a suitable date for the postponed depositions, even after numerous requests and follow-up emails. *Id.* Accordingly, KEA rescheduled the deposition of Reed Oppenheimer to March 3, 2021, and provided advance notice to counsel that the deposition of Reed Oppenheimer had been reset. **Exhibit 4.**

Two days before the scheduled deposition, Reed Oppenheimer's counsel represented for the first time that Reed Oppenheimer would be refusing to appear appearing for his deposition. **Exhibit 5**. The only explanation for the non-appearance was offered by Reed Oppenheimer's counsel who represented to have unable "to get in touch with [Reed] Oppenheimer." *Id.*

5

On March 3, 2022, KEA proceeded with the deposition of Reed Oppenheimer's personal accountant, Clayton Woodrum ("Woodrum"). **Exhibit 6**, at p. 1. Mr. Woodrum is the chief financial officer ("CFO") of plaintiff Armory (**Exhibit 7** at pg. 9:13-18) and is represented by the same counsel as Reed Oppenheimer. **Exhibit 6** at pg. 10:5-8. According to Armory, Mr. Woodrum has personal knowledge of financial and accounting matters of Armory. **Exhibit 7**, at p. 30:24-31:8.

In his deposition, Mr. Woodrum testified that Reed Oppenheimer was not only aware of the scheduled depositions, but that Mr. Woodrum had actually spoken with Reed Oppenheimer the morning of his scheduled deposition. *Id.* at p. 10:4-23. Mr. Woodrum further testified that Reed Oppenheimer was paying for Armory's attorney's fees and costs for this litigation. *Id.* at pg. 52:2-13. According to Mr. Woodrum, Reed Oppenheimer makes these payments to plaintiff's counsel directly. *Id.*

Mr. Woodrum further testified that Reed Oppenheimer has "significant wealth" (*id.* at p. 67:25-68:9) and confirmed that Reed Oppenheimer is an owner and investor of plaintiff. *Id.* at p. 15:12-18; *see also* **Exhibit 7** at p. 9:11-18 (Armory testifying that Reed Oppenheimer is a 45% owner). Mr. Woodrum did not know, however, the nature of Reed Oppenheimer's investments in Armory. *Id.* And Mr. Woodrum did not know whether Armory and Reed Oppenheimer had expended any money in developing Armory's alleged trade secrets. *See id.* at pgs. 30-31.

6

## II.   **LEGAL ARGUMENT**

### A.   **LEGAL STANDARDS**

Pursuant to Rule 30, a party may depose any person, even nonparties. Fed. R. Civ. P. 30(a). While this person's "attendance may be compelled by subpoena, if necessary, under Fed. R. Civ. P. 45, 'a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party.'" *Jacobs v. Floorco Enters.*, LLC, No. 3:17-CV-90-RGJ-CHL, 2020 WL 1290607, at *14 (W.D. Ky. Mar. 18, 2020) (unpublished). If a party receives reasonable notice of such a deposition, it is responsible for ensuring that the deponent appears and may be sanctioned under Rule 37(d) if the deponent does not. *Wichita Fireman's Relief Ass'n v. Kan. City Life Ins. Co*., No. 11-1029-KGG, 2011 WL 6304129, at *3 (D. Kan. Dec. 16, 2011) (unpublished) (citing *Moore v. Pyrotech*, 137 F.R.D. 356, 357 (D. Kan. 1991)); Fed. R. Civ. P. 37(d)(1)(A)(i). The deposing party bears the "modest" burden of proving the deponent's status as an officer, director, or managing agent. *See e.g., Centurion Silver, LLC v. Silverberg Dev. Corp*., No. 07-1091 RB/ACT, 2008 WL 11415878, at *3 (D.N.M. June 26, 2008) (unpublished).

Where the deponent is neither a party nor a party's officer, director, or managing agent, a subpoena is necessary to compel the deponent to appear for a deposition or produce documents. *United States v. 2121 Celeste Road SW*, 307 F.R.D. 572, 586 (D.N.M. 2015). If the deponent disobeys the subpoena "without adequate excuse," the court that issued it may hold him in contempt. Fed. R. Civ. P. 45(g). To prevail in a civil contempt proceeding, the movant has the burden of proving, by clear and convincing evidence, that (i) the subpoena was valid; (ii) the contemnor had knowledge of it; and (iii) the contemnor

7

disobeyed it. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Disobedience, though, need not be willful. *John Zink Co. v. Zink*, 241 F.3d 1256, 1262 (10th Cir. 2001). If the movant satisfies its burden, the burden shifts to the non-movant to show that its noncompliance is excused. *See United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008).

### B.   REED OPPENHEIMER SHOULD BE HELD IN CONTEMPT FOR REFUSING TO COMPLY WITH THE SUBPOENA WITHOUT EXCUSE.

The Court is authorized to hold Reed Oppenheimer in contempt for not complying with a subpoena for his deposition without excuse pursuant to Fed. R. Civ. P. 45(g). A court is not required "to order compliance with a properly-issued subpoena before making a contempt determination under Rule 45(g)." *Luv N' Care, Ltd. v. Laurain*, 2019 WL 4696399, *2 (D. Nev. 2019). In this case, each of the elements of contempt are met with respect to the Subpoena of Reed Oppenheimer. As set forth below, (1) the Subpoena was valid, (2) Reed Oppenheimer had knowledge of the Subpoena, and (3) Reed Oppenheimer blatantly disobeyed the Subpoena without excuse. *Reliance Ins. Co.*, 159 F.3d at 1315. As such, the Court should hold Reed Oppenheimer in contempt.

### 1.   The Subpoena is Valid and Argument to the Contrary was Waived.

First, there can be no legitimate dispute as to the validity of the Subpoena. The Subpoena met all of the form and sufficiency requirements of Fed. R. Civ. P. 45(a)(1), and was properly served pursuant to Fed. R. Civ. P. 45(b). And even if, *arguendo*, the Subpoena was objectionable (which it is not), counsel for Reed Oppenheimer never objected to the

8

validity of the Subpoena, and therefore waived any argument to the contrary. *See e.g.,* *ORIX USA Corporation v. Armentrout*, 2016 WL 4095603, *2 (N.D. Tex. 2016) (Failure to serve written objections within time specified and failure to file timely motion to quash typically constitute waiver of such objections); *see e.g., In re Asia Global Crossing, Ltd.*, Bkrtcy.D.C.N.Y.2005, 322 B.R. 247 (failure to make timely objection to service acts as waiver).

Similarly, a failure to attend a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Thus, if a non-party wishes to challenge a subpoena, the correct method for doing so is by filing a motion to quash or seeking a protective order. *See e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 2980879, at *2 (D. Kan. June 13, 2018). Such a motion must be made within the time set in the subpoena for compliance; and motion made more than six (6) months later was untimely. *See e.g., Advanced Portfolio Technologies, Inc. v. Stroyny*, D.C.Wis.2006, 2006 WL 3761330.

In this case, Reed Oppenheimer's counsel did not timely object to the Subpoena after it received notice of the deposition on November 29, 2021. *See* **Exhibit(s) 1, 2, 3 and 4.** Even after the Subpoena was served, counsel made no objection after receiving this notice. *Id.* Because there was no objection to the Subpoena, KEA proceeded to serve the Subpoena on Reed Oppenheimer. *Id.* The earliest resemblance of an objection was an email

on December 14, 2021 wherein Reed Oppenheimer's counsel vaguely stated he "believes he has an objection" – but it is still anyone's guess as to what objection he intended to assert. **Exhibit 3**. The next closest thing to an objection occurred on December 21, 2021, wherein Reed Oppenheimer's counsel said he objected to the deposition as a waste of time. *Id*. On both occasions, however, counsel made no objection as to the validity of the Subpoena. *Id.*

Moreover, there was no indication that Reed Oppenheimer intended to object to the validity of the Subpoena. Conversely, Reed Oppenheimer's counsel acted as if the depositions were moving forward right up until the eve of the depositions. *See* **Exhibit(s) 3, 4, and 5.** For instance, on December 30, 2021 (approximately two (2) days before the original deposition date), Reed Oppenheimer's counsel requested to reschedule the depositions due to exposure of Reed Oppenheimer's accountant to COVID-19. **Exhibit 3**. If the Subpoena were objectionable, then why would Reed Oppenheimer's counsel request to reschedule if the depositions as he did? *See id.* It now appears that counsel was hoping to stall the depositions until discovery closed, KEA gave up, or both.

Further, it was not until March 1, 2021 (about five months after the Subpoena was noticed) that KEA learned that Reed Oppenheimer would was going to refuse to appear altogether. **Exhibit 5**. But instead of filing a motion to quash, Reed Oppenheimer simply did not show up. *Id.* In all, the Subpoena is undisputedly valid, and to the extent Reed Oppenheimer disagrees, such an argument was waived by his failure to timely object and file a motion to quash. Thus, the first element for contempt is met.

2.    **Reed Oppenheimer had Sufficient Notice of the Subpoena.**

Second, Reed Oppenheimer had reasonable notice of the Subpoena. LCvR30-1(a)(1) provides that a subpoena to compel a witness to attend a deposition as contemplated by Fed. R. Civ. P. 30(a) (1), shall be served on the witness at least seven (7) days prior to the date of the deposition. In this case, counsel for Reed Oppenheimer has been on notice of the Subpoena since November 29, 2021. **Exhibit 1**. To remove any doubt, Reed Oppenheimer himself was put on notice when he was personally served on December 16, 2021. **Exhibit 2.**

Moreover, Reed Oppenheimer was fully aware of the depositions as evidenced by the deposition testimony of Mr. Woodrum. **Exhibit 6.** Notably, Mr. Woodrum's testimony also proved counsel's representations that Reed Oppenheimer was unreachable to be blatantly false. *Id.* at pg. 10:9-23; *c.f.* **Exhibit 5.** Mr. Woodrum testified that Reed Oppenheimer was not only ***aware*** of the scheduled depositions, but that Mr. Woodrum had actually spoken with Reed Oppenheimer on the ***same morning*** of his deposition. *Id.* Mr. Woodrum further testified that Reed Oppenheimer was paying plaintiff's counsel ***directly***. *Id.* at pgs. 53:2-13.

Thus, Reed Oppenheimer's counsel can apparently locate his client when he needs to get his monthly invoices paid, but conveniently loses his client in the event of an subpoena. This blatant gamesmanship is precisely the sort that warrants contempt and (as further set forth below) sanctions. In any event, Reed Oppenheimer, Clayton Woodrum, Armory, and their mutual counsel of record was fully apprised of the Subpoena. Therefore,

the second element of contempt is met.

### 3.   Reed Oppenheimer Disobeyed the Subpoena by Failing to Appear for his Deposition.

Third, the final element of contempt is easily met here. There can be no question that Reed Oppenheimer disobeyed the Subpoena since his own counsel conceded that Reed Oppenheimer would not be appearing for his deposition on March 1, 2022. **Exhibit 5**. As such, the final element of contempt is met.

### 4.   The Court is Authorized to hold Reed Oppenheimer in Contempt Given his Fabricated Excuse for Non-Appearance.

Given the elements of contempt are met, Reed Oppenheimer disobeyed the subpoena "without adequate excuse," and as such, this Court is authorized to hold him in contempt. Fed. R. Civ. P. 45(g). To be sure, this Court is not required "to order compliance with a properly-issued subpoena before making a contempt determination under Rule 45(g)." *See e.g., Luv N' Care*, No. 2:18-cv-02224-JAD-EJY, 2019 WL 4696399, at *2 (D. Nev. Sept. 26, 2019) (unpublished) (holding that a magistrate judge did not err in sanctioning a contemnor for not complying with a subpoena without first ordering the contemnor to comply with the subpoena).

In this case, holding Reed Oppenheimer in contempt is proper because the only excuse provided by Reed Oppenheimer for disobeying the subpoena was already presented by his counsel of record on March 1, 2021. **Exhibit 5**. Notably, the excuse tendered by Reed Oppenheimer's counsel – that he could not locate his client – was evidently false per Mr. Woodrum's sworn testimony. *C.f.* **Exhibit 5 and 6**. As such, holding a separate

contempt hearing to allow Reed Oppenheimer or his counsel to manufacture additional excuses for the non-appearance provides no benefit to anyone.

In a word, the Court need not hold a contempt hearing to hear excuses. Reed Oppenheimer's counsel made his position clear on March 1, 2022. **Exhibit 5**. As such, the Court should see through Reed Oppenheimer's gamesmanship and hold him in contempt.

### C.   KEA SHOULD BE AWARDED ITS ATTORNEYS FEES AND COSTS FOR BRINGING THIS MOTION.

Federal Rule of Civil Procedure 37 governs discovery disputes between parties. *See NLRB v. Midwest Heating & Air Conditioning, Inc*., 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007). Under Rule 37(d), sanctions may be imposed against a party (or a party's officer, director, or managing agent) who fails to appear at his or her own deposition. Fed. R. Civ. P. 37(d)(3). Such sanctions may include entering default judgment against the party, holding the party in contempt of court, and/or ordering payment of attorney's fees. *Id.*; *see also* Fed. R. Civ. P. 37(b)(2)(A). Finally, Fed. R. Civ. P. 37(a)(5)(A) states that, absent an exception:

> [T]he court ***must***, after giving an opportunity to be heard, require the party or ***deponent*** whose conduct necessitated the motion, the party or ***attorney advising that conduct***, or ***both*** to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

(Emphasis added).

As set forth above, Reed Oppenheimer has provided no excuse for refusing to attend his deposition. Perhaps more concerning are Reed Oppenheimer's counsel's blatant misrepresentations regarding his unavailability of the deposition. **Exhibit 5**. There are only

three (3) logical scenarios that might explain this behavior: (1) that Reed Oppenheimer's counsel of record failed to tell him about the Subpoena after it was noticed in November 2021 and again in February 2022; (2) that Reed Oppenheimer's was instructed by his counsel to not appear on March 1, 2022 for his deposition; or (3) Reed Oppenheimer defied his counsel's advice altogether and chose to ditch the deposition.

None of these scenarios excuse Reed Oppenheimer for failing to o show up for his deposition. *See* Fed. R. Civ. P. 37(d)(2)). They might, however, assist the Court in determining who should be sanctioned. KEA believe that it would be unjust to sanction Reed Oppenheimer if he did not appear simply because he got poor advice from his counsel. Conversely, if Reed Oppenheimer's counselled him appear for his deposition, but Reed Oppenheimer refused, then sanctions against his counsel of record would likely be unjust. But regardless of who is ordered to pay, KEA should not be forced to bear its own attorney's fees and costs for bringing this motion. Accordingly, the Court should award KEA its attorneys fees and costs for having to file this motion.

### D.   ALTERNATIVELY, THE COURT SHOULD ORDER REED OPPENHEIMER TO COMPLY WITH THE SUBPOENA AND SHOW CAUSE AS TO WHY HE SHOULD NOT BE HELD IN CONTEMPT.

The Court should fashion alternative relief to the extent it is disinclined to hold Reed Oppenheimer in contempt or award sanctions without a contempt hearing. *See e.g., Daniel & Max LLC v. BAB Holding Co., LLC*, No. CV 19-173 GJF/GBW, 2021 WL 2953114, at *5 (D.N.M. July 14, 2021) (unpublished) (granting the motion for order to show cause and ordering the witness to (a) comply with the subpoena, and (b) show cause why he should

not be held in contempt). Here, if the Court is disinclined to convert KEA's procedural motion for an order for Reed Oppenheimer to show cause about why he should not be held in contempt into a substantive motion to hold in contempt, then the Court should fashion alternative relief. Specifically, the Court should alternatively grant the procedural motion and ordering Reed Oppenheimer to show cause why he should not be held in contempt for not appearing at the March 1, 2022 deposition and not complying with the Subpoena. This alternative will provide Reed Oppenheimer with additional notice that the Court is considering holding him in contempt under Rule 45 for violating the Subpoena and an opportunity to be heard on the issue.

III.   **CONCLUSION**

For the reasons set forth herein, KEA respectfully requests this Court grant its motion and enter an order (a) holding Reed Oppenheimer in contempt for refusing to comply with a subpoena and appear for his deposition; and (b) award KEA its reasonable attorneys' fees and costs. Alternatively, KEA respectfully requests that the Court order

/ / /

/ / /

/ / /

Reed Oppenheimer to comply with the subpoena and show cause why he should not be held in contempt or any further relief as the Court deems just and proper.

Dated this 19th day of April, 2022.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 */s/Robert P. Fitz-Patrick*
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

**-AND-**
 **MARQUIS AURBACH**

*/s/ Alexander K. Calaway*
 Brian R. Hardy, Esq.
 Nevada Bar No. 10068
 *Admitted Pro Hac Vice*
 Alexander K. Calaway, Esq.
 Nevada Bar No. 15188
 *Admitted Pro Hac Vice*
 10001 Park Run Drive
 Las Vegas, Nevada 89145
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 19th day of April, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Tadd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
15 East Fifth St, Suite 3800
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF AND
THIRD- PARTY DEFENDANTS

*/s/ Alexander K. Calaway*

—

17