# Exhibit 4

## Alexander K. Calaway

| | |
|---|---|
| **From:** | Alexander K. Calaway |
| **Sent:** | Thursday, February 17, 2022 5:02 PM |
| **To:** | 'Tadd Bogan'; Brian R. Hardy; Cally Hatfield |
| **Cc:** | Jim Weger; Brittany Goodman; Annie McDonald |
| **Subject:** | RE:  [External] Discovery issues [IWOV-iManage.FID1110691] |
| **Attachments:** | (Feb 2022) Clayton Woodrum - Amended Subpoena to Testify at a Deposition.pdf; (Feb 2022) Reed Oppenheimer - Amended Subpoena to Testify at a Deposition.pdf |
| **Importance:** | High |

Tadd,

As for the depositions, please see the attached amended subpoenas for Clayton Woodrum and Reed Oppenheimer. Your email continues to ignore our requests to set depositions dates for Clayton Woodrum and Reed Oppenheimer, which we have been requesting since December of last year. We provided an extension for you in January to accommodate illness, but we cannot continue to allow you to ignore these subpoenas, especially in light of the discovery cutoff approaching. These subpoenas have been outstanding for three months, your notices were issued after the subpoenas, and as such, we will be deposing Mr. Oppenheimer and Mr. Woodrum on March 3, 2022.

On a related note, your email also ignores our request that GWACS respond to KEA's amended interrogatories and requests for production. Per our February 7th meet and confer meeting, GWACS agreed to supplement the following: responses to interrogatories nos. 22-24; responses to requests nos. 60, 61, 63, 64, 70, 81, and 82; and responses to requests nos. 66, 67, and 68. We still have not received these responses. We are filing a motion to compel and we need to know (as discussed on February 7) whether GWACS will honor its commitment to supplement or not.

As to your request to extend discovery, we don't think it makes a lot of sense to extend discovery again given the facts and remaining claims in this case. We believe your client's remaining claims will likely be dismissed on summary judgment, and any disputed issues of fact that might proceed to a civil trial all pertain to KE Arms' counterclaims. Moreover, all parties have engaged in exhaustive discovery, our clients have responded to all timely discovery, and frankly, the only material depositions remaining are KEA's depos of Oppenheimer and Woodrum which we served back in December. In a word, we don't see any reason or need to allow discovery to drone on.

Finally, we discussed your offer to mediate with our clients. They're justifiably apprehensive given the generous offers they made in the past before protracted litigation ensued. We have counseled them on the benefits and finality that mediation can offer. However, if your clients are serious and feel that mediation would be fruitful, my clients would be willing to mediate in either Phoenix or Las Vegas. We're happy to split the cost of a mediator 50/50 in either location. Feel free to give Brian or I a call and we're happy to discuss.



**Alexander K. Calaway, Esq.**
10001 Park Run Drive
Las Vegas, NV 89145
t | 702.207.6069
f | 702.382.5816