IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC,             ) | |
| Plaintiff,             ) | |
| v.             ) | |
| KE ARMS, LLC, et al.,             ) | |
| Defendants,             ) | |
| and             ) | Case No. 20-cv-00341-CVE-SH |
| KE ARMS, LLC,             ) | Base File |
| Plaintiff,             ) | |
| v.             ) | |
| GWACS ARMORY, LLC, et al.,             ) | |
| Defendants.             ) | |

**OPINION AND ORDER**

Before the undersigned Magistrate Judge is the motion of Defendant KE Arms, LLC ("KEA"), asking the Court to hold non-party Reed Oppenheimer ("Oppenheimer") in contempt for failing to appear at a deposition. KEA also seeks sanctions and, alternatively, an order to show cause. Because there does not appear to be an enforceable subpoena or agreement that Oppenheimer would appear for a deposition on March 3, 2022, KEA's motion will be denied.

**Background**

From the parties' filings, it appears KEA originally scheduled the depositions of non-parties Oppenheimer and Clayton Woodrum ("Woodrum") for January 3, 2022, in Tulsa, Oklahoma. KEA provided notice to the parties and personally served Oppenheimer with a subpoena. (ECF Nos. 105-1, 105-2.) Counsel for Plaintiff GWACS Armory, LLC

("Armory"), who is also counsel for Oppenheimer, noted some potential objections to the depositions of Oppenheimer and Woodrum (ECF No. 105-3 at 5-8[1]), but they did not seek a protective order or to quash the subpoenas. However, due to the illness of Woodrum, no depositions occurred on January 3rd. (*Id.* at 3-5.) Additional delays in rescheduling Woodrum's deposition—and in discussing Oppenheimer's deposition—were caused by counsel's illness. (*Id.* at 2-3.)

On February 17, 2022, counsel for KEA e-mailed "amended subpoenas for Clayton Woodrum and Reed Oppenheimer" to counsel for Armory and Oppenheimer. (ECF No. 105-4.) The parties have not provided the amended subpoenas to the Court, but it appears the amended subpoena to Oppenheimer would have set his deposition for March 3, 2022, in Tulsa. (*Id.*) KEA has not asserted that counsel agreed to accept service of the amended subpoena on behalf of Oppenheimer, nor does it claim to have served the amended subpoena on Oppenheimer, himself. Oppenheimer's counsel denies that he was served with the amended subpoena. (ECF No. 108 at 7.)

On February 22, 2022, counsel for KEA again e-mailed about the "outstanding depositions with Oppenheimer and Woodrum, which we agreed to delay to accommodate your illness in January" and asked if it was "your clients' intent to not appear for their deposition next week . . . ." (ECF No. 108-3 at 1.) To this, Oppenheimer's counsel responded that he had "asked if 3/3/22 works for Mr. Oppenheimer and Mr. Woodrum" and was awaiting a response. (*Id.*)

On March 1, 2022, counsel for KEA again e-mailed about the depositions. (ECF No. 105-5 at 3.) At that point, counsel for the parties conferred by telephone. According

---

[1] All references to page numbers refer to the court-supplied header.

to Armory, the parties reached an agreement on a potential production of documents in lieu of the two depositions. (ECF No. 108 at 2.) Armory's counsel then e-mailed,

> If we aren't able to provide something that satisfies what you're seeking, Clayton Woodrum can be available for his deposition on Thursday morning. I have not been able to get in touch with Mr. Oppenheimer, so we'll need to come up with a new date for him if you decide you still want to take his deposition after our other attempts described above.

(ECF No. 105-5 at 3.) KEA agrees that this e-mail reflects the substance of the parties meet-and-confer. (ECF No. 109 at 3.)

After these discussions, Armory produced additional documents, which KEA found deficient. (ECF No. 105-5 at 2.) So, on March 2nd, KEA stated,

> As such we will proceed with Mr. Woodrum's deposition. Based upon the representations of counsel that Mr. Oppenheimer is unavailable and will not be appearing for his properly noticed deposition, we reserve all rights to compel him to appear in the future. In lieu of a taking non-appearance on the record, we will not go through the cost and expense of procuring a court reporter for Mr. Oppenheimer's deposition.[2]

(*Id.*) On March 3, 2022, Woodrum appeared and was deposed. (ECF No. 105-6.)

It does not appear that counsel for the parties discussed Oppenheimer's deposition between March 2nd and the filing of KEA's motion for contempt on April 19th. After the filing of KEA's motion, the parties agreed to set Oppenheimer's deposition for May 27, 2022. (ECF No. 108 at 9; ECF No. 109 at 2.)

KEA's motion seeks to hold Oppenheimer in contempt under Rule 45(g)—or, alternatively, for an order that Oppenheimer show cause as to why he should not be held in contempt. KEA also asks for sanctions under Rule 37(d). Oppenheimer argues that KEA's motion should be denied because KEA failed to comply with the local rule for discovery conferences, LCvR 37-1; KEA's subpoena to Oppenheimer violated Rule 45 by

---

[2] According to KEA, counsel for the parties had a similar discussion by telephone. (ECF No. 109 at 4.)

imposing an undue burden and requesting a deposition for an improper purpose; and Oppenheimer was not aware of the amended subpoena. Oppenheimer's counsel also asserts their belief that the issue of Oppenheimer's deposition had been resolved on March 1st with the deposition to be rescheduled, if at all, at some future date. The motion has been referred to the undersigned. (ECF No. 106.)

## Analysis

### I.   KEA Has Complied with LCvR 37-1

As a preliminary matter, the Court rejects Oppenheimer's argument that KEA has failed to comply with LCvR 37-1. This local rule requires the movant to certify that counsel have personally met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord. *See* LCvR 37-1. The parties may confer by telephone, however, if the distance between their offices renders a personal conference infeasible. *Id.* Oppenheimer argues KEA failed to comply with this rule, apparently because (1) the parties had not conferred on this specific issue since "early March"; and (2) counsel for the parties were together in Arizona in April for other depositions, but KEA's counsel did not take advantage of that opportunity for an in-person conference. (ECF No. 108 at 2.)

First, given KEA's position in its motion—that Oppenheimer was required to appear at a deposition on March 3, 2022—it is not clear what could be served by continuing to confer after his non-appearance. Prior to March 3rd, the parties engaged in two telephone conferences and multiple e-mail exchanges. At the end of those exchanges, it was clear that Oppenheimer would not be appearing for a deposition on March 3, and it is for this non-appearance that KEA seeks relief. While the Court does not find KEA entitled to such relief, an adequate pre-motion conference occurred.

Second, no in-person conference was required in these circumstances. At the times most pertinent to the dispute at issue, counsel for KEA was apparently in Las Vegas, Nevada, while counsel for Oppenheimer was in Tulsa, Oklahoma. KEA has easily shown that a personal conference was not feasible. Moreover, even if a later conference would have been helpful, the Court does not find that it had to be in-person simply because the parties happened to be in the same city for four of the 40-plus days between Oppenheimer's non-appearance and the filing of the motion.

## II.     Rule 37(d) Does Not Apply Here

KEA has not shown that it is entitled to sanctions under Rule 37(d). This rule allows the Court to award sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Oppenheimer is not a party to this lawsuit, nor is he a designated 30(b)(6) witness. KEA further does not argue that Oppenheimer is an officer, director, or managing agent for a party. (*See* ECF No. 105 at 6 (stating Oppenheimer is an investor and 45% owner of Plaintiff Armory).)  Rule 37, therefore, does not apply, as was noted by the one case cited by KEA in support of its sanctions argument.[3]  *See N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) ("the applicable rule in this instance is not Rule 37, which authorizes the court to sanction a *party*, but instead is Rule

---

[3] The Court also rejects KEA's citation to Fed. R. Civ. P. 37(a)(5)(A) as requiring the Court to award KEA its expenses due to Oppenheimer's later agreement to appear for a deposition. (ECF No. 109 at 9.) Rule 37(a)(5)(A) applies to motions filed under Rule 37(a), which include motions to compel initial disclosures, as well as motions to compel (i) a deponent to answer a question under Rule 30 or 31; (ii) an entity to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party to answer an interrogatory under Rule 33; or (iv) a party to produce documents under Rule 34. Fed. R. Civ. P. 37(a)(3). KEA, however, filed its motion under Rule 37(d), which has its own provision for awarding expenses as sanctions. *See* Fed. R. Civ. P. 37(d)(3).

45, which applies to compliance with a subpoena served on a non-party"), *objections overruled*, 251 F.R.D. 622 (D. Kan. 2008).

### III.     KEA is Not Entitled to an Order Under Rule 45(g)

Rule 45 authorizes a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). As clarified in 2013, contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as to one who fails entirely to obey the subpoena. Fed. R. Civ. P. 45, advisory comm.'s note to 2013 am., subdiv. (g). However, in civil litigation, "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Id.*

The undersigned's contempt authority is defined by 28 U.S.C. § 636(e), which applies when determining contempt under Rule 45(g). *Wallace v. Kmart Corp.*, 687 F.3d 86, 90 & n.9 (3d Cir. 2012). As it relates to civil cases, a magistrate judge's authority differs based on the judge's role. In cases where the magistrate judge is presiding with the consent of the parties, she may exercise the civil contempt authority of the district court. 28 U.S.C. § 636(e)(4). In non-consent cases, like this one, a different rule applies. If the magistrate judge finds an act "constitutes a civil contempt," the magistrate judge "shall forthwith certify the facts to a district judge and may serve . . . upon any person whose behavior is brought into question . . . an order requiring such person to appear before a district judge upon a day certain to show cause why that person would not be adjudged in contempt by reason of the facts so certified." *Id.* § 636(e)(6)(B)(iii). Such a certification shows that sufficient evidence exists to establish a prima facie case of contempt, *Daniel & Max LLC v. Bab Holding Co., LLC*, No. CV 19-173 GJF/GBW, 2022

WL 19191, at *2 (D.N.M. Jan. 3, 2022).[4]  The magistrate judge may decline to certify the facts where she is not satisfied that such contempt falls within one of the enumerated categories of § 636(e)(6)(B).  *E.E.O.C. v. Midwest Health Inc.*, No. 12-MC-240-KHV-GLR, 2013 WL 1502075, at *1 (D. Kan. Apr. 11, 2013).

    Here, the undersigned does not find a certification to be appropriate.  As noted above, Rule 45 authorizes a court to hold a person in contempt who, <u>having been served</u>, fails to comply with the subpoena and does not have an adequate excuse.  Fed. R. Civ. P. 45(g).  Based on the record before the Court, Oppenheimer was not served with the amended subpoena.  As such, the Court cannot impose sanctions for his failure to comply with it.  *Id.*; *see also Dahlberg v. MCT Transp., LLC*, No. CV 11-0203 MCA/KBM, 2015 WL 11578547, at *3 (D.N.M. Apr. 9, 2015) (finding court could not hold deponent in contempt under Rule 45(g), where service of the subpoena was not effective), *R&R adopted,* 2015 WL 12165228 (June 29, 2015).

    Instead, all of KEA's service arguments relate to the original subpoena for a deposition, set to occur on January 3, 2022.  (*See* ECF Nos. 105 at 11 & 109 at 8.)  But, KEA is not seeking sanctions for Oppenheimer's failure to appear on January 3, and the record indicates KEA believed the date was to be reset by an agreement of the parties.  The undersigned need not determine whether service of an earlier subpoena would be sufficient to find contempt if the deponent agreed to an alternative deposition date.  There is nothing in the record indicating that Oppenheimer or his counsel ever agreed to a

---

[4] Sometimes, a magistrate judge will issue a report and recommendation that includes an appropriate outcome on the contempt issue.  *See, e.g.*, *Frederick v. Panda No 1 LLC*, No. 17-CV-00420-WJM-KMT, 2018 WL 4927907, at *6-8 (D. Colo. Apr. 9, 2018), *R&R adopted in relevant part,* 2018 WL 4627105 (Sept. 26, 2018).

deposition on March 3rd. In short, KEA has provided the undersigned nothing that can be enforced against Oppenheimer.

The undersigned does not find a prima facie case of contempt and will not certify the facts to the district judge.

IT IS THEREFORE ORDERED that the Motion for Contempt, Sanctions, or Alternatively, an Order to Show Cause Why Reed Oppenheimer Should Not Be Held in Contempt (ECF No. 105) is DENIED.

ORDERED this 23rd day of June, 2022.

**SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**