# Exhibit 6

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) |
| KE ARMS, LLC; RUSSELL PHAGAN; SINISTRAL SHOOTING TECHNOLOGIES, LLC; BROWNELLS, INC.; and SHAWN NEALON, | ) |
|     Defendants, | ) |
| and | ) |
| KE ARMS, LLC, | ) Case No.: 20-cv-0341-CVE-SH |
|     Plaintiff, | ) Consolidated with: |
| | ) Case No. 21-CV-0107-CVE-JFJ |
| v. | ) |
| GWACS ARMORY, LLC; GWACS DEFENSE INCORPORATED; JUD GUDGEL; RUSSEL ANDERSON; DOES I through X, and ROE CORPORATIONS I through X, | ) |
|     Defendants. | ) |

ORAL DEPOSITION OF RUSSELL ANDERSON
TAKEN ON BEHALF OF DEFENDANTS
IN TULSA, OKLAHOMA
ON SEPTEMBER 21, 2021

REPORTED BY: MICHELE VEST, CSR

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 3 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 47

| | | |
|---|---|---|
| 1 | Q | All right. Because you had never had any real |
| 2 | | relationship? |
| 3 | A | That's correct. |
| 4 | Q | You never had any -- |
| 5 | A | No. |
| 6 | Q | -- continuation of a relationship? |
| 7 | A | No personal relationship with him at all or |
| 8 | | professional relationship. |
| 9 | Q | That email was sent on April 7, 2020.  There was a |
| 10 | | follow-up email that was sent approximately 14 days |
| 11 | | later on April 21.  Do you see that? |
| 12 | A | Yes. |
| 13 | Q | This one is a follow-up requesting a response to the |
| 14 | | prior email.  But with respect to this particular |
| 15 | | email, you actually add an additional CC to Paul Levy |
| 16 | | at Brownells? |
| 17 | A | That's correct. |
| 18 | Q | Why did you do that? |
| 19 | A | I was directed to do that by Mr. Gudgel. |
| 20 | Q | And did he indicate why he wanted you to do that? |
| 21 | A | There was -- my recollection is he asked me if I had |
| 22 | | heard back on this email to Russell, and I said I |
| 23 | | have not heard back anything yet.  And he said send |
| 24 | | it again and we probably ought to copy Brownells to |
| 25 | | let them know that we believe KE Arms is using our IP |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 4 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON    9/21/2021

Page 48

| | | |
|---|---|---|
| 1 | | in this project that they're working with Brownells. |
| 2 | | And I said okay, so. |
| 3 | Q | Given your prior legal training did it trigger |
| 4 | | anything in your mind to say this could create |
| 5 | | potentially legal complications for the company if I |
| 6 | | copy a third-party on the letter like this? |
| 7 | A | No, because I believe that they were -- I knew by |
| 8 | | this time that they were -- that we had negotiated |
| 9 | | with both of these entities regarding this project. |
| 10 | | And so I knew that they were both -- they both had |
| 11 | | basically a stake in the project. |
| 12 | Q | You say I knew all of these things.  How did you |
| 13 | | learn them? |
| 14 | A | Just from the discussions that were going on in the |
| 15 | | office at this time about what was going on. |
| 16 | Q | Who was discussing it? |
| 17 | A | Paul -- I'm sorry.  Jud and Shel.  And Scott may have |
| 18 | | been involved in a few of those discussions as well. |
| 19 | Q | What were those discussions specifically regarding? |
| 20 | A | The fact that KE Arms was -- had utilized our design |
| 21 | | in developing a lower that they had now gone to |
| 22 | | Brownells to complete this project, the WWSD project. |
| 23 | | And that was basically the source of it based on all |
| 24 | | the -- and with regards to all the discussions that |
| 25 | | were had yesterday with our belief that they had used |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 5 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 49

|   |   |   |
|---|---|---|
| 1 |   | our design to build and develop a lower receiver, |
| 2 |   | that they had now gone to Brownells to complete this |
| 3 |   | project. |
| 4 | Q | Did you do any due diligence at that point in time |
| 5 |   | prior to sending this email to look at the contracts |
| 6 |   | or the agreements with anybody to see whether you -- |
| 7 |   | whether the statements that you were making in here |
| 8 |   | were true and correct? |
| 9 | A | I'm sorry, I don't quite understand the question. |
| 10 | Q | Did you do any due diligence -- normally as an |
| 11 |   | attorney when we send a demand letter we ask our |
| 12 |   | clients for information so we can make sure that we |
| 13 |   | don't misrepresent anything to any party. |
| 14 |   | Did you go back and look at contracts?  Did you |
| 15 |   | go back and look at things to make sure that you were |
| 16 |   | informed of the totality of the situation before you |
| 17 |   | sent the demand letter or did you do it solely just |
| 18 |   | based upon the fact that they told you to send an |
| 19 |   | email so you sent it? |
| 20 | A | Well, I -- having been with the company during the |
| 21 |   | original purchase of the property and the IP from |
| 22 |   | Russell back in 2011, I was aware of what we believed |
| 23 |   | we owned.  And so I had no reason to -- and by that |
| 24 |   | time I had at least -- I had reviewed the asset |
| 25 |   | purchase agreement to see that it said yeah, we |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 6 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 50

| | | |
|---|---|---|
| 1 | | bought the IP.  So other than that, I didn't do any |
| 2 | | further investigation. |
| 3 | Q | So at least by this point in time you had undertaken |
| 4 | | at least to look at the asset purchase agreement? |
| 5 | A | That's correct. |
| 6 | Q | Did you also look at any other documents to inform |
| 7 | | yourself prior to sending this demand letter? |
| 8 | A | Not that I recall. |
| 9 | Q | Did you look at any of the communications with |
| 10 | | Brownells or with KE Arms prior to sending this |
| 11 | | demand letter? |
| 12 | A | I have looked at some emails, but I don't recall if |
| 13 | | it was before this letter was sent or after.  I don't |
| 14 | | recall. |
| 15 | Q | Had you ever had any correspondence prior to this |
| 16 | | email on April 21 with Paul Levy at Brownells? |
| 17 | A | I have not. |
| 18 | Q | Was this the only one you've ever had particularly |
| 19 | | email with Paul Levy? |
| 20 | A | As far as I can recall, that's the only email I've |
| 21 | | ever sent to Paul Levy. |
| 22 | Q | When you state in here that the -- you use the phrase |
| 23 | | "is providing you official" -- that's in the third |
| 24 | | paragraph here.  Well, let's start with the first |
| 25 | | paragraph and work our way down. |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 7 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 51

| | | |
|---|---|---|
| 1 | | The second sentence says "Today it has come to |
| 2 | | our attention that you (more specifically, your |
| 3 | | employer, KE Arms) are attempting to develop a GWACS |
| 4 | | CAV-15 M II [sic] in direct conflict with our |
| 5 | | intellectual property rights."  Do you see that? |
| 6 | A | Yes. |
| 7 | Q | What did you understand at the time you sent this |
| 8 | | letter were the intellectual property rights that |
| 9 | | were in conflict with what KE Arms was doing? |
| 10 | A | It was my understanding that when we purchased the |
| 11 | | equipment and the design from Mr. Phagan in 2011, |
| 12 | | that we had purchased the rights -- all of the |
| 13 | | intellectual property rights to that design.  And I'm |
| 14 | | not an intellectual property attorney, but to my |
| 15 | | understanding we had purchased everything that |
| 16 | | Mr. Gudgel discussed yesterday in the -- in his |
| 17 | | responses to the questions. |
| 18 | Q | And that was based upon just a layman's |
| 19 | | understanding.  You haven't done any intellectual |
| 20 | | property prosecution in any of your history as an |
| 21 | | attorney? |
| 22 | A | That is correct. |
| 23 | Q | You -- I say you, let me go back.  Armory as a |
| 24 | | company had retained counsel at this point -- had |
| 25 | | counsel that it worked with as a part of preparing |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 8 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON    9/21/2021

Page 52

```
 1            the contracts and such as that.  Did you recall
 2            reaching out to counsel to get any advice before
 3            putting together or sending out this demand letter?
 4    A       I did not.
 5    Q       And again, I wouldn't want -- if you did -- whether
 6            you did or not I don't want to know what you said.
 7    A       Well, I did not.
 8    Q       Did you discuss -- the language here that you use is
 9            you're sending an official -- in the third paragraph,
10            you're providing official notice to cease and desist
11            the use, manufacture and marketing of any designs,
12            IP, and other likeness to the GWACS Armory CAV-15 MK
13            II and MK III immediately.
14                  That's language that would commonly be found in
15            intellectual property demand letters.  What type of
16            research did you do relative to intellectual property
17            demands letters before putting this together?
18    A       I did not do any specific research.  That paragraph
19            was drafted just based on my general understanding of
20            legal language but not based on any specific research
21            with regard to that issue.
22    Q       At this point in time had Armory retained counsel
23            relative to this particular issue?
24    A       I do not recall when exactly Mr. Gudgel may have
25            spoken to attorneys about this.  I know that there
```

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 9 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON    9/21/2021

Page 53

1        was a couple of attorneys that were being spoken
2        with, but I don't recall if it was before this letter
3        or after.  I don't recall.
4    Q   Were you a part of those discussions?
5    A   Some of them, yes.
6    Q   When you sent this letter to Brownells, the
7        subsequent resend here, were you aware that KE Arms
8        was an existing customer of Brownells?
9    A   Yes.
10   Q   Were you aware that Brownells was a distributor for
11       KE Arms products?
12   A   Yes.
13   Q   Were you aware that Brownells -- and were you aware
14       of any amounts that KE Arms did with Brownells?
15       Quantities?
16           MR. BOGAN:  Object to form.
17   Q   (By Mr. Hardy) Dollars?
18   A   No.  I have no idea.
19   Q   Was it your intent to interfere with that
20       relationship between Brownells and KE Arms?
21   A   No.
22   Q   What was the intent behind this letter?
23   A   To advise Brownells that we believed that KE Arms was
24       using a design that belonged to us with the -- with
25       regards to whatever business dealings they had going

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 10 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 54

```
 1              on with this WWSD project.
 2      Q       What was your expectation that Brownells would do as
 3              a result of receiving this letter?
 4      A       I didn't have any expectation that Brownells would do
 5              anything other than be informed that we had
 6              communicated with KE Arms to ask them to either stop
 7              using our product or license it with us.
 8      Q       Have you ever been involved in any business tort
 9              litigation?
10      A       I have not.
11      Q       Have you ever taken any CLE's or otherwise been
12              educated other than in law school relative to what
13              business torts are and how they interfere with
14              respect to business advantage of contract works?
15      A       There may have been some time in the past when I had
16              to have the hours and I took it, but I don't
17              specifically recall any business.  I normally tried
18              to avoid that and stick with criminal.
19      Q       As a part of this particular demand letter, I notice
20              that you did not request that Brownells cease and
21              desist any of their activity; is that correct?
22      A       We did not.
23      Q       Did you ask them to stop selling any product?
24      A       We did not.
25      Q       Did you mention whether Brownells was in violation of
```

Case 4:20-cv-00341-CVE-SH  Document 142-6 Filed in USDC ND/OK on 08/08/22  Page 11 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 55

| | | |
|---|---|---|
| 1 | | any intellectual property rights? |
| 2 | A | I did not. |
| 3 | Q | You'll agree with me that the response doesn't even |
| 4 | | mention Brownells other than the fact that they were |
| 5 | | simply copied on an email to KE Arms? |
| 6 | A | That is correct. |
| 7 | | MR. HARDY: We've been going for about an |
| 8 | | hour. Why don't we take a break quick break and |
| 9 | | switch over to some of the next exhibits. |
| 10 | | (A recess was taken.) |
| 11 | Q | (By Mr. Hardy) Rus, we're back on the record. You |
| 12 | | understand that you took an oath at the beginning of |
| 13 | | this deposition and you're still under oath at this |
| 14 | | time? |
| 15 | A | Yes. |
| 16 | Q | I want to just clean up a couple of things from |
| 17 | | before, and then we'll kind of move on. I just want |
| 18 | | to confirm, you don't act as legal counsel for the |
| 19 | | company, do you? |
| 20 | A | I do on occasion when I'm asked to. |
| 21 | Q | With respect to the matters that are at issue in this |
| 22 | | litigation, did you serve or act as legal counsel? |
| 23 | A | I did with regard to this letter, this cease and |
| 24 | | desist letter. |
| 25 | Q | Beyond that letter, was there anything else that you |

Case 4:20-cv-00341-CVE-SH   Document 142-6 Filed in USDC ND/OK on 08/08/22   Page 12 of 12

GWACS ARMORY, LLC v. KE ARMS, LLC, et. al. and KE ARMS, LLC v GWACS ARMORY, LLC, et. al.
RUSSELL ANDERSON   9/21/2021

Page 79

```
 1                      CERTIFICATE
 2   STATE OF OKLAHOMA    )
                          ) SS
 3   COUNTY OF TULSA      )
 4
 5          I, Michele Vest, Certified Shorthand Reporter in
 6   and for the State of Oklahoma, do hereby certify that on the
 7   21st day of September, 2021, at the offices of Jones Gotcher
 8   & Bogan, P.C., 3800 First Place Tower, 15 East Fifth Street,
 9   Tulsa, Oklahoma, appeared the above witness, RUSSELL
10   ANDERSON, who was by me duly sworn to testify the truth, the
11   whole truth and nothing but the truth in the case aforesaid
12   and that the deposition by him was reduced by me in
13   stenograph and thereafter transcribed under my supervision,
14   and is fully and accurately set forth in the preceding 79
15   pages.
16          I do further certify that I am not related to nor
17   attorney for any of the parties hereto or otherwise
18   interested in the event of said action.
19          WITNESS my hand this 1st day of October,
20   2021.
21
22
23          _____
             Michele Vest, C.S.R.
24           Oklahoma Certification No. 1739
25
```