# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GWACS ARMORY, LLC**, an Oklahoma limited liability company, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   Case No. 20-CV-0341-CVE-SH<br>)   <u>**BASE FILE**</u> |
| **KE ARMS, LLC**<br>**RUSSEL PHAGAN, SINISTRAL SHOOTING**<br>**TECHNOLOGIES, LLC**<br>**BROWNELLS, INC.** and<br>**SHAWN NEALON,** | )   Consolidated with:<br>)   Case No. 21-CV-0107-CVE-SH<br>)<br>)<br>)<br>) |
| **Defendants,** | )<br>) |
| and | )<br>) |
| **KE ARMS, LLC,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **GWACS ARMORY, LLC, GWACS**<br>**DEFENSE INCORPORATED,**<br>**JUD GUDGEL, RUSSEL ANDERSON,**<br>**DOES I through X, and ROE**<br>**CORPORATIONS I through X,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

### PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANTS' OPPOSED MOTION TO CONTINUE TRIAL AND AMENDED SCHEDULING ORDER

**COMES NOW**, Plaintiff and counter-defendant, GWACS Armory, LLC ("Armory") by and through its attorneys of record, and for its objection to Defendants' Opposed Motion to Continue Trial and Amend Scheduling Order [Dkt. #165] ("Defendants' Motion'), states as follows:

## INTRODUCTION

On August 9, 2022, the parties filed a Joint Request for Settlement Conference and to Amend Scheduling Order [Dkt. #148] in order to allow the parties to participate in a settlement conference. On August 16, 2022, the Court entered an Amended Scheduling Order [Dkt. #153]. The parties attended a settlement conference on August 31, 2022, but were unable to settle this case. (*See* Settlement Conference Report [Dkt. #164]) On August 31, 2022, the Court rescheduled the trial in this matter from October 17, 2022 to November 21, 2022. (*See* Dkt. #163) Counsel for Defendants KE Arms, LLC ("KEA"), Sinistral Shooting Technologies, LLC ("SST"), Russell Phagan ("Phagan') and Shawn Nealon ("Nealon") (hereinafter collectively "Defendants") thereafter requested a meet and confer with counsel for Armory and requested Armory's consent to request the Court extend the trial date. For the reasons set forth herein, Armory objects to Defendants' request.

## ARGUMENTS & AUTHORITIES

Armory does not dispute that Defendants were diligent in their request to reschedule the trial in this matter. Similarly, Armory does not dispute that such a continuance would accomplish the purpose for which it is requested. However, as set forth in Defendants' Motion, the requirement of the United States District Court for the Northern District of Oklahoma is that an attorney must be lead counsel in <u>two or more matters</u> in order for it to be deemed a conflict. (*See* Defendants' Motion, Dkt. #165, at p. 4) Neither Defendants' Motion nor the Declaration of Brian Hardy in support thereof [Dkt. #166] state that there is existing litigation with which this case conflicts. Rather, Defendants' Motion is based upon <u>potential</u> conflicts and <u>potential</u> litigation arising out of the upcoming mid-term elections. Because such actions are not currently pending, no conflict exists under this Court's guidelines.

Further, the final two factors set forth in *United States of America v. Rivera*, 900 F.2d 1462 (10th Cir. 2003), citing *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610 (1983), are "the inconvenience to the opposing party, its witnesses, and the court, if any, that would result from the continuance" and "the need asserted for the continuance and the harm that the movant might suffer as a result of a denial of the continuance." *United States of America v. Rivera*, 900 F.2d at 1475. As described herein below, a continuation of the current trial setting will be an inconvenience to Armory and Armory will suffer harm if the continuance is granted.

Armory objects to Defendants' Motion in part because the next available jury trial setting is the week of Christmas. Further, lead counsel for Plaintiff will be out of state the last week of December and the first two weeks of January. Therefore, there is an inconvenience to Armory unless the trial is not scheduled until February of 2023. However, requiring Armory to wait until February to go to trial on this matter will cause Armory additional harm.

As expressed to Defendants' counsel, Armory would like to get this case to trial as soon as possible due to the recent smear campaign launched by Defendants. On August 1, 2022, Armory filed a request for a protective order and order prohibiting public communication and dissemination of information. (*See* Dkt. #134) The basis for this request was Defendants sharing information with non-parties represented by the same counsel, including a video titled "WWSD – GWACS Armory Sucks" posted to YouTube and various websites. Defendant's response to Armory's aforementioned motion states in pertinent part, "… there is simply no evidence to support Armory's claim that Defendants have engaged in extrajudicial statements regarding this case." (*See* Dkt. #155 at p. 9) However, Defendants have clearly made extrajudicial statements regarding this case. This includes, but is not limited to, statements by Phagan and KEA posted to Phagan's/SST's reddit.com page. (*See* Reddit posts attached hereto as Exhibits "1" and "2")

Phagan also reached out to The Firearms Blog to discuss the case and the parties' settlement conference. (*See* TFB article, attached as Exhibit "3") Further, in the past week Armory has received three threatening voicemails from individuals who have been angered by Defendants' false public information, and even had an individual show up to their offices unannounced asking for information about this case. (*See* example voice mail transcripts attached as Exhibits '4" and "5") Notably, Defendants have failed to state in any of their publications that KEA initially sued Armory in Arizona over the issues in this case, and have knowingly mischaracterized Armory's claims as being anti-gun/Second Amendment. (*See* 2A KP-15 patch being sold by KEA, attached as Exhibit "6" and Ex. 4) In fact, as recently as September 12, 2022, someone associated with Defendants and/or InRangeTV (who posted the original video for Defendants) posted a YouTube video that has been viewed nearly 50,000 times titled "KE Arms Sued: What GWACS Armory Doesn't Want You to Know – A Lawyer Explains". (*See* video screenshot attached as Exhibit "7") This video pushes Defendants' false narrative that Armory's case against Defendants is an anti-gun or anti-Second Amendment offensive. Due to Defendants' public smear campaign spreading false information against Armory, Armory desires to have a trial as soon as possible.

      Finally, the statements made by Defendants demonstrate that KEA's recent extension requests (Dkt. #148 & 165) may have been made so that Defendants can raise funds for trial. According to the recent reddit.com post by Phagan and KEA, Defendants have publicly stated that they have spent over $400,000 in attorney fees, that the trial will cost $100,000, and they are at risk of running out of funding for the lawsuit. (*See* Ex. 1) KEA previously requested an earlier trial date be rescheduled so the parties could attend a settlement conference and now request for the trial to be reset in case litigation arises out of the upcoming elections. Therefore, Defendants' request could also be for an improper purpose.

**WHEREFORE**, premises considered, GWACS Armory, LLC, prays the Court deny Defendants' Opposed Motion to Continue Trial and Amend Scheduling Order [Dkt. #165].

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

s/Tadd J.P. Bogan
Tadd J.P.Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
          jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the record currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/Tadd J.P. Bogan
Tadd J. P. Bogan