IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC<br><br>Plaintiff,<br><br>v.<br><br>KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON,<br><br>Defendants.<br>and<br><br>KE ARMS, LLC,<br>Plaintiff,<br>v.<br>GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X,<br>Defendants. | Case No.:4:20-cv-0341-CVE-SH<br>BASE FILE<br><br>Consolidated with:<br>Case No. 21-CV-0107-CVE-JFJ |

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR DISPOSITIVE MOTION BRIEFING (DKT. 117, 118, 119, 120, 159, 160, 161, 162) WITH EVIDENCE WITHHELD BY PLAINTIFF IN DISCOVERY**

Pursuant to LCvR7.1(f), defendants, by and through their attorneys of record, hereby request leave to supplement their pending motion for summary judgment briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) with evidence withheld by plaintiff GWACS Armory, LLC ("Armory") in discovery. Specifically, Defendants seek to supplement their dispositive motion briefing with: (1) the Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with accompanying exhibits; and (2) the Declaration of

1

Timothy McBride in Support of Defendants' Motions for Summary Judgment with accompanying exhibit. This Motion is made and based upon the attached memorandum of points and authorities, any oral argument permitted by the Court at hearing on this matter.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

**I.     INTRODUCTION**

Defendants file this Motion pursuant to LCvR7.1(f), which provides that supplemental briefs may be filed only upon motion and leave of Court. Armory's claims in this case all arise out of its alleged trade secrets and proprietary information related to a firearm known as the CAV-15. After dispositive motions were filed, defendants were apprised of material communications that have been withheld by Armory in discovery.[1] These communications withheld by Armory evidence, among other things, Armory's self-disclosure of alleged trade secrets and proprietary information. Because the evidence was withheld by Armory during discovery, the defendants were unable to use this evidence in their pending summary judgment briefing.[2]

Defendants should not be prejudiced by Armory's discovery abuses – nor should Armory benefit from concealing evidence in discovery. As such, the Court should grant Defendants leave to supplement their briefing with this undisclosed evidence, especially since the evidence withheld by Armory only further disproves its allegation that its information was "not publicly known."[3] Therefore, defendants respectfully request to supplement their pending motions with: (1) the

---

[1] Defendants intend to a separate motion for sanctions under Fed. R. Civ. P. 37 to address Armory's discovery abuses and spoliation of evidence.

[2] *See* Dkt. 117, 118, 119, 120, 159, 160, 161, 162.

[3] Dkt. 143, at pg. 2; *see also* Dkt. 2, at ¶¶ 53-57, 59-67.

Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with the accompanying exhibits;[4] and (2) the Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment with its accompanying exhibit.[5]

## II.   BACKGROUND

1. Armory's claims in this action arise out of its alleged "trade secrets" and "proprietary information" related to a firearm known as the CAV-15.[6] Armory has further alleged that it took "reasonable measures" to keep this information secret.[7] Accordingly, in discovery, defendant KE Arms, LLC ("KEA") requested that Armory produce its internal communications concerning the CAV-15 (the "Discovery Requests").[8]

2. On December 27, 2021, Armory lodged a boilerplate objection that the Discovery Requests were somehow "overly broad" and "unduly burdensome[.]"[9]

---

[4] This Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with accompanying exhibits (hereinafter the "**Phagan Decl**.") has been filed contemporaneously with this motion.

[5] This Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment with accompanying exhibit (hereinafter the "**McBride Decl**.") has been filed contemporaneously with this motion.

[6] Dkt. 2, at ¶¶ 53-57, 59-67.

[7] *Id.* at ¶61.

[8] Declaration of Alexander K. Calaway, Esq. in Support of Defendants' Motions for: (A) Leave to Supplement Their Pending Motion for Summary Judgment Briefing; and (B) Spoliation Sanctions (hereinafter "**Calaway Decl**.") at **Exhibit 1** (KEA's Second Request for Production of Documents at Response Nos. 60-63, 65-68, 70, 74, 81-85).

[9] Calaway Decl. at **Exhibit 2** (Responses the KEA's Discovery Requests, at Response Nos. 60-63, 65-68, 70, 74, 81-85).

3. On January 3, 2022, KEA counsel requested Armory withdraw its objections and Armory substantively respond to the Discovery Requests.[10] After several discovery conferences, Armory finally agreed to substantively respond to amended Discovery Requests that narrowed the scope of to only those communications specifically concerning Armory's alleged "trade secrets" and "proprietary information."[11]

4. On February 20, 2022, KEA served the amended Discovery Requests.[12] Armory responded, without objection, to the Amended Discovery Requests on March 1, 2022 (hereinafter the "Discovery Responses").[13] While Armory's Discovery Responses did include communications between Armory's vice president, Michel "Shel" Jones ("Jones"),[14] Armory had only cherry-picked Mr. Jones' communications while concealing others.[15] For example, as set forth below, Armory withheld communications with at least nine (9) individuals,[16] wherein Mr. Jones freely shared information that Armory now claims to be "trade secret" and "proprietary information" in this case.[17]

---

[10] Calaway Decl. at **Exhibit 3** (Letter dated January 3, 2022).

[11] Calaway Decl. at **Exhibit 4** (KEA's Amended Second Request for Production of Documents, at Request Nos. 60-63, 65-68, 70, 74, 81-85).

[12] *Id.*

[13] *Id.* at **Exhibit 5** (Armory's Responses to KEA's Discovery Requests, at Response Nos. 60-63, 65-68, 70, 74, 81-85).

[14] Phagan Decl. at **Exhibits 1-9**; *see also* McBride Decl. at **Exhibit 1.**

[15] *Id.*

[16] *Id.*

[17] *See id.*; *c.f.,* Dkt. 2, at ¶¶ 53-57, 59-67.

4

5.   On June 6, 2022, discovery closed in this matter,[18] and on July 18, 2022, defendants filed their dispositive motions and motions in limine.[19] Armory opposed the dispositive motions[20] and defendants filed replies in support of their motions.[21]

6.   On July 19, 2022, Defendants were first apprised that Armory had withheld evidence of communications in discovery pertaining to the CAV-15.[22] Defendants obtained this information through Armory's former customer, Kenneth King ("King"), who reached out to KEA online. *See id.*

7.   The next day, on July 20, 2022, the undersigned contacted Armory's counsel, notifying them of the withheld information, and requesting to meet and confer as to (1) why Armory had failed to disclose the communications in discovery, and (2) whether there were additional communications that had been concealed in discovery.[23] Unfortunately, Armory's counsel never responded to the undersigned's requests.[24]

8.   In early October 2022, after dispositive motions had already been fully briefed, defendants were apprised of *additional* communications withheld by Armory in discovery.[25] Once

---

[18] *See* Dkt. 101.

[19] Dkt. 117, 118, 119, and 120. The Court extended the deadlines for filing dispositive motions and motions in limine to July 18, 2022. Dkt. 115.

[20] Dkt. 141, 142, and 143.

[21] Dkt. 159, 160, 161, and 162.

[22] Phagan Decl. at **Exhibit 1**.

[23] Calaway Decl. at **Exhibit 6**.

[24] *Id.* at ¶8.

[25] Phagan Decl. at **Exhibits 1-9**; *see also* McBride Decl. at **Exhibit 1.**

again, instead of receiving this evidence from Armory in discovery, Defendants received it from nine (9) third-parties who had direct communications with Armory.[26]

9. Accordingly, on October 18, 2022, the undersigned wrote to Armory's counsel, notifying them again that Armory had withheld information in discovery and requested to meet and confer regarding the undisclosed evidence withheld by Armory.[27] As of the date of this filing, however, Armory's counsel has still not responded to requests to meet and confer.[28]

10. Since Armory has rebuffed all attempts to confer on the issue, it is still unclear why Armory chose to conceal the evidence as Armory's counsel.[29] Regardless of Armory's intent, the withheld communications are material to the pending dispositive motions as they evidence Armory's own disclosure of information it alleges to be "proprietary and not publicly known."[30]

11. As set forth below, this evidence withheld by Armory was not available to Defendants when they filed their dispositive motions:

    a. Armory's emails with its former customer, Kenneth King ("King"), were received by defendants on July 18, 2022 (KEA003042-3046);[31]

---

[26] Calaway Decl. at **Exhibit 7.**

[27] *Id.*

[28] *Id.*

[29] Calaway Decl. at ¶¶8-9.

[30] Dkt. 143, at pg. 2.

[31] Phagan Decl. at **Exhibit 1**.

   b. Armory's emails with its former customer, Timothy McBride ("McBride"), were forwarded to defendants on October 8, 2022 (KEA003098-3114);[32]

   c. Armory's emails with its former customer, Angus Anderson, were forwarded to defendants on October 2, 2022 (KEA003118-3126 and 3136-3129);[33]

   d. Armory's emails with its former customer, MKO Firearms, were forwarded to defendants on October 2, 2022 (KEA003127-3129) and October 3, 2022 (KEA003159-3160);[34]

   e. Armory's emails with its former customer, Mark Blankenau, were forwarded to defendants on October 2, 2022 (KEA003130-3131);[35]

   f. Armory's emails with its former customer, Greg Bowling, were forwarded to defendants on October 2, 2022 (KEA003132-3133);[36]

   g. Armory's emails with its former customer, Mike F. Di, were forwarded to defendants on October 2, 2022 (KEA003134-3135);[37]

   h. Armory's emails with its former customer, Nathaniel Hall, were forwarded to defendants on October 2, 2022 (KEA003140-3144);[38]

---

[32] *Id.* at **Exhibit 2.**

[33] *Id.* at **Exhibit 3.**

[34] *Id.* at **Exhibit 4.**

[35] *Id.* at **Exhibit 5.**

[36] *Id.* at **Exhibit 6.**

[37] *Id.* at **Exhibit 7.**

[38] *Id.* at **Exhibit 8.**

    i. Armory's emails with its former customer, Nate Henry, were forwarded to defendants on October 2, 2022 (KEA003145-3147);[39] and

    j. Declaration of Timothy McBride regarding his communications with Armory (executed on November 1, 2022).[40]

  12. Accordingly, Defendants seek to supplement their dispositive motion briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) with: the Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with the accompanying exhibits;[41] and the Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment with its accompanying exhibit.[42]

### III. LAW AND ARGUMENT

  Whether to allow supplemental briefing is a "supervision of litigation" question that the Tenth Circuit reviews for abuse of discretion. *Geddes v. United Staffing All. Emple. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006) (articulating this standard in the summary judgment context) (quoting *Pippin v. Burlington Res. Oil & Gas*, 440 F.3d 1186, 1192 (10th Cir. 2006)) (internal quotations omitted). LCvR7.1(f) provides that supplemental briefs may be filed only upon motion and leave of Court.

  In this case, supplementation with the Phagan Declaration, McBride Declaration, and exhibits respectively attached thereto, is warranted because defendants were not apprised of this

---

[39] *Id.* at **Exhibit 9.**

[40] McBride Decl.

[41] Phagan Decl. at **Exhibits 1-9**.

[42] McBride Decl. at **Exhibit 1.**

8

supplementary evidence until after they filed their summary judgment briefs on July 18, 2022.[43] Further, the supplementary exhibits are necessary because they further evidence Armory's own disclosures of information it claims to be "not publicly known."[44] Therefore, Defendants' motion should be granted.

## IV. CONCLUSION

For the reasons set forth herein, defendants respectfully request that their motion for leave to supplement their summary judgment briefing be granted.

Dated this 23rd day of November 2022.

                                                Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 /s/Robert P. Fitz-Patrick
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

**-AND-**
/ / /

---

[43] Dkt. 117, 118, 119, and 120.

[44] Dkt. 143, at pg. 2; *see also* Dkt. 2, at ¶¶ 53-57, 59-67.

**MARQUIS AURBACH**

*/s/ Alexander K. Calaway*
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
Tel: 702-382-0711
bhardy@maclaw.com
acalaway@maclaw.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 23rd day of November, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Tadd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
15 East Fifth St, Suite 3800
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF AND
THIRD- PARTY DEFENDANTS

                                                                                 */s/ Cally Hatfield*