# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC | ) |
|                 Plaintiff, | ) |
| v. | ) |
| | ) Case No.:20-cv-0341-CVE-SH |
| KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON, | ) BASE FILE<br>)<br>) Consolidated with:<br>) Case No. 21-CV-0107-CVE-JFJ |
|                 Defendants. | ) |
| and | ) |
| KE ARMS, LLC, | ) |
|                 Plaintiff, | ) |
| v. | ) |
| GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X, | ) |
|                 Defendants. | ) |

## DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S SECOND REQUEST FOR PRODUCTION TO GWACS ARMORY, LLC

Defendant/Counter-Plaintiff, KE Arms, LLC (hereinafter "KEA"), hereby requests that GWACS ARMORY, LLC (hereinafter "Plaintiff") respond in writing and under oath, and serve upon the undersigned counsel for KEA, within thirty (30) days of the date of service thereof, its responses to the Second Request for Production of Documents set forth below.

1

**INSTRUCTIONS**

The following instructions shall apply to each request:

1.  **Responses**. The answer to each request for production shall include all knowledge as is within your possession, custody or control and/or in the possession, custody or control of your attorneys, agents, employees, investigators, and others acting on your behalf or under your direction or control and others associated with you.

2.  **Disclosure**. You are required to disclose any matter or information, not privileged, which is relevant to the subject matters involved in this pending litigation, whether it relates to the claim or defenses of the parties seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial to be required for disclosure.

3.  **Identification**. When you are asked to identify a person, you must state that person's full name, present or last known address, present or last known position and business affiliation, and relationship of this person to you. If this person is a corporation, you shall set forth the State of its incorporation.

4.  **Privilege**. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document: a) the ground of privilege or protection claimed; b) every basis for the privilege or protection claimed; c) the type of document; d) its general subject matter; e) the document's date; and f) other information sufficient to enable a full assessment of the applicability

of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

5. **Objections**. If you object to any document request on any ground other than privilege, you must specify: (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and (b) whether any responsive materials are being withheld on the basis of an objection.

6. **Asserting Privilege.** To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

7. **No Document**. If there are no documents in response to any particular request, you shall state so in writing.

8. **Relevant Period.** Unless otherwise stated herein, all documents requested cover the period from January 2016 through present.

9. **Scope of Request.** Requests for production should be read to encompass any and all items responsive to the request.

10. **Duty to Supplement**. These requests are continuing, and your response to these requests must be promptly supplemented when appropriate or necessary in accordance with FRCP 26(e).

11. **Form**.  Unless other stated in the request, documents are to be produced as they are kept in the usual course of business or must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms.  *See* FRCP 34(b)(2)(E)(1).

12. **ESI**.  When a request specifies the production of documents in "Native Format," then the responding party shall produce the document in Native Format as specifically defined herein.

13. **Native Format**.  "Native Format" shall mean the original file format in which the requested electronically stored information is maintained, including corresponding metadata and other original source information.

## DEFINITIONS

The following Definitions shall apply to each request:

1. "Person" as used herein, or its plural or any synonym thereof, is intended to and shall mean any natural person or legal entity, including but not limited to any corporation, partnership, business trust, agency, joint venture, association, estate, trust, receiver, syndicate or any other group or combination acting as a unit or acting as a form of a legal entity, governmental agency (whether Federal, State, local, or any agency of the government of a foreign country), or any other entity.

2. "Plaintiff," "Armory," "you" or "your" means GWACS ARMORY, LLC the plaintiff in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. "Document" and "writing," as used herein, shall refer to any information recorded on any tangible medium of expression, including all written, recorded or graphic records of every kind or description however produced or reproduced whether in the form of a draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, telegrams, correspondence, memoranda, notes, facsimiles, records, business records, video recordings, photographs or films, microfiche or microfilms, tape or sound recordings, transcripts or recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, calendars, desk calendars, reports, work sheets, computer records, summaries, schedules, drawings, charts, graphs, blueprints, mylars, ozalids, minutes, forecasts, appraisals, studies, computer programs or data, data compilations of any type or kind or material similar to any of the foregoing however dominated and to whomever addressed. "Document" shall not exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, charters, impressions or any marks thereon, or other graphic, symbolic, recorded or written material of any nature whatsoever, along with all other data compilations from which information can be obtained and all drafts and preliminary drafts thereof.

4. "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

5. "Relate" or "relating"/"Concern" or "concerning" means consisting of, referring to, reflecting, concerning/relating to, or being in any way logically or factually connected with the matter discussed.

6. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

7. The terms "all," "any," or "each" encompass any and all of the matter discussed.

8. The use of singular form includes plural, and vice versa.

9. The use of present tense includes past tense, and vice versa.

10. The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

11. "Complaint" as used herein, or its plural or any synonym thereof, is intended to and shall mean the GWACS ARMORY, LLC's Complaint [ECF No. 2] on file in the Northern District of Oklahoma Case No. 20-cv-0341-CVE-SH.

12. "The Asserted Mark" as used herein, or its plural or any synonym thereof, is intended to and shall mean the mark(s) identified in Paragraph 75 of the Complaint as well as any related trade dress rights identified in Paragraph 80 of the Complaint.

13. "Plaintiff's Work" as used herein, or its plural or any synonym thereof, is intended to and shall mean the work that Plaintiff alleges is protected by "federal copyright laws" and referenced in Paragraphs 85-86 of the Complaint.

14. "KEA Polymer Lower" as used herein, or its plural or any synonym thereof, is intended to and shall mean the "KEA Polymer Lower" identified in Paragraph 47 of the Complaint.

15. "ATF" as used herein, or its plural or any synonym thereof, is intended to and shall mean the Bureau of Alcohol, Tobacco, Firearms and Explosives federal agency including but not limited to the Tulsa Satellite Office; Oklahoma City IO Field Office; and any agent, inspector,

employee, director, examiner, and/or Industry Operations Investigators (IOIs) associated with the same.

16. "Relevant Period" as used herein, or its plural or any synonym thereof, is intended to and shall mean the period from January 2016 through present.

17. "NDA," as used herein, is intended to and shall mean the Mutual Nondisclosure Agreement between KEA and Armory dated June 2, 2015 (and also identified in this matter as Bates Nos. KEA000041-43).

18. "CAV-15," as used herein, is intended to and shall mean the same "CAV-15" referenced in Plaintiff's Complaint (Doc. 2 at ¶17) and any derivatives of the same.

19. "Capitalization," as used herein, is intended to and shall mean the provision of capital for a company, or the conversion of income or assets into capital.

## REQUESTS

**REQUEST NO. 59:**

Produce all documents evidencing your disclosure of proprietary information, as defined in the NDA, to Russell Phagan, SST, KEA, Brownells, and InRangeTV.

**REQUEST NO. 60:**

Produce all of your communications in Native Format with Shel Jones concerning the Cav-15 during the relevant period.

**REQUEST NO. 61:**

Produce all of your communications in Native Format with Jud Gudgel concerning the Cav-15 during the relevant period.

**REQUEST NO. 62:**

Produce all of your communications in Native Format with Russell Anderson concerning the Cav-15 during the relevant period.

**REQUEST NO. 63:**

Produce all of your communications in Native Format concerning your Investment Executive Summary dated April 2015 (Bates Nos. Armory-0235-0242).

**REQUEST NO. 64:**

Produce all communications in Native Format concerning your Financing Executive Summary dated April 2018 (Bates Nos. Armory-0144-0160).

**REQUEST NO. 65:**

Produce all communications in Native Format with Chris Collins during the relevant period.

**REQUEST NO. 66:**

Produce all bank statements from GWACS Defense, Inc. during the relevant period.

**REQUEST NO. 67:**

Produce all bank statements from Armory during the relevant period.

**REQUEST NO. 68:**

Produce all bank statements for each of the owners of Armory, including Jud Gudgel, Reed Oppenheimer and Shel Jones during the relevant period.

**REQUEST NO.69:**

Produce all documents evidencing the capitalization of Armory during the relevant period.

**REQUEST NO.70**

Produce all of your communications in Native Format with the ATF during the relevant period.

**REQUEST NO. 71:**

Produce copies of all non-disclosure agreements you entered into during the relevant period.

**REQUEST NO. 72:**

Produce all documents evidencing any investors in the Cav-15 during the relevant period.

**REQUEST NO. 73:**

Produce all documents evidencing efforts, if any, you made to maintain your corporate form.

**REQUEST NO. 74:**

Produce all documents evidencing efforts, if any, you made to maintain your Federal Firearms Licensure.

**REQUEST NO. 75:**

Produce all variances you obtained for the CAV-15.

**REQUEST NO. 76:**

Produce all of your communications in Native Format with InRangeTV, Ian McCollum, and Karl Kasarda.

**REQUEST NO. 77:**

Produce all documents evidencing your efforts, if any, to protect your alleged trade secrets concerning the CAV-15.

**REQUEST NO. 78:**

Produce all documents evidencing your alleged trade dress in the CAV-15.

**REQUEST NO. 79**

Produce all documents evidencing your alleged copyrights in the CAV-15.

**REQUEST NO. 80:**

Produce all documents evidencing your alleged protectable IP in the CAV-15.

**REQUEST NO. 81:**

Produce all your communications in Native Format with Reed Oppenheimer during the relevant period.

**REQUEST NO. 82:**

Produce all your communications in Native Format with Clayton Woodruff during the relevant period.

**REQUEST NO. 83:**

Produce all your communications in Native Format with Shel Jones during the relevant period.

**REQUEST NO. 84:**

Produce all documents evidencing your product liability insurance.

**REQUEST NO. 85:**

Produce all documents evidencing your business asset insurance.

**REQUEST No. 86:**

Produce all of your CAD/CAM files related to the CAV-15 in Native Format.

**REQUEST No. 87:**

Produce all of your design prints related to the CAV-15 in Native Format.

**REQUEST No. 88:**

Produce all documents evidencing the "information and renderings" you reference in your Response to Interrogatory No. 3 of Brownells, Inc.'s First Set of Interrogatories to Armory.

**REQUEST No. 89:**

Produce all documents evidencing the disclosures you made to Brownells and KEA that you reference in your Response to Interrogatory No. 3 of Brownells, Inc.'s First Set of Interrogatories to Armory.

Dated this 24th day of November, 2021.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

  */s/ Robert Fitz-Patrick*
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

**-AND-**

        **MARQUIS AURBACH COFFING**

        */s/ Alexander Calaway*
        Brian R. Hardy, Esq.
        Nevada Bar No. 10068
        *Admitted Pro Hac Vice*
        Alexander K. Calaway, Esq.
        Nevada Bar No. 15188
        *Admitted Pro Hac Vice*
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically served the foregoing via Email and U.S. Mail, Postage Pre-paid for on the 24th day of November, 2021 to the following individuals:

James E. Weger, Esq.
Todd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
3800 First Place Tower
15 East Fifth St.
Tulsa, OK 74103
*ATTORNEYS FOR THE PLAINTIFF,*
*GWACS ARMORY, LLC AND COUNTERCLAIM*
*DEFENDANTS GWACS ARMORY LLC, GWACS*
*DEFENSE, INC., JUD GUDGEL AND RUSSELL ANDERSON*

                                            /s/Cally Hatfield