# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GWACS ARMORY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:20-cv-0341-CVE-SH |
| KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON, | ) | BASE FILE |
| | ) | |
| | ) | Consolidated with: |
| | ) | Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| KE ARMS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X, | ) | |
| Defendants. | ) | |

**GWACS ARMORY, LLC'S RESPONSE TO DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S SECOND REQUEST FOR PRODUCTION TO GWACS ARMORY, LLC**

**COMES NOW** Plaintiff GWACS ARMORY, LLC ("Plaintiff' or "Armory"), by and through its attorney of record, and for its Responses and Objections to Defendant KE ARMS, LLC's Second Requests for Production to GWACS ARMORY, LLC, alleges and states as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS**

1. Each of the following responses is made without waiving any objections Plaintiff may have with respect to the subsequent use of these responses, answers or the documents referred to herein, and Plaintiff specially reserves ( a) all questions as to the privilege, relevancy,

1

materiality, and admissibility of said responses, answers or documents; (b) the right to object to the uses of said responses, answers or documents in any manner; (c) the right to object to the uses of said responses, answers or documents in any lawsuit or proceeding on any or all of the foregoing grounds or on any other proper ground; (d) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to responses, answers or documents; and (e) the right, at any time, upon proper showing, to revise, correct or clarify any of the following responses and answers.

2. Plaintiff objects to Defendant's requests to the extent that they may misstate or seek to impose obligations or requirements greater than those imposed by Oklahoma law.

3. Plaintiff objects to Defendant's requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the "work product" doctrine, (c) the "trial preparation" doctrine, or (d) any other applicable discovery rule or privilege. Further, Plaintiff does not waive privilege to any privileged document or information, or portion thereof, which may be inadvertently furnished or provided, it being the intent of Plaintiff not to waive any privilege which might exist.

4. Plaintiff objects to any request by Defendant which purports to require the creation of documents which do not exist.

5. In such instances where Plaintiff's responses below indicate that production of documents will be made, such indication is not a waiver of Plaintiffs right to withhold from production such documents which are subject to claims of proprietary or trade-secret information, attorney work-product, or attorney-client privilege. Plaintiff objects to production of any document subject to such claims, and they will not be produced. Upon production by Plaintiff of documents responsive to Defendant's requests and not withheld on the basis of an objection outlined below,

Plaintiff will furnish Defendant with an index of documents withheld on the basis of attorney-client privilege, or any other applicable legal basis.

6.  Where several document requests call or arguably call for production of the same document or category of documents, an objection made to one request is deemed to be made to all requests which seek production of the same document or category of documents.

7.  The indication that production will be made does not mean that any of the documents called for exist, or that such documents are in the possession or control of, or that such documents are reasonably available to Plaintiff. It means only that, subject to the foregoing conditions, they will be produced to the extent that Plaintiff has been able to locate responsive documents.

8.  Plaintiff specifically reserves the right to supplement its Response should additional information or documents become available during the discovery process.

## REQUESTS

**REQUEST NO. 59:**

Produce all documents evidencing your disclosure of proprietary information, as defined in the NDA, to Russell Phagan, SST, KEA, Brownells, and InRangeTV.

**RESPONSE TO REQUEST NO. 59:** See documents previously produced, including electronic communications, investment packets, and text messages. Further, please see documents bates-numbered Armory-0417 through Armory-0431; Armory-0488 through Armory-0559; Armory-0432 through Armory-0442.

**REQUEST NO. 60:**

Produce all of your communications in Native Format with Shel Jones concerning the Cav-15 during the relevant period.

**RESPONSE TO REQUEST NO. 60:** Objection, Request No. 60 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request appears to seek every communication Shel Jones had regarding Armory's CAV-15 product for five years.

**REQUEST NO. 61:**

Produce all of your communications in Native Format with Jud Gudgel concerning the Cav-15 during the relevant period.

**RESPONSE TO REQUEST NO. 61:** Objection, Request No. 61 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request appears to seek every communication Shel Jones had regarding Armory's CAV-15 product for five years.

**REQUEST NO. 62:**

Produce all of your communications in Native Format with Russell Anderson concerning the Cav-15 during the relevant period.

**RESPONSE TO REQUEST NO. 62:** Objection, Request No. 62 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. This request appears to seek every communication Shel Jones had regarding Armory's CAV-15 product for five years.

**REQUEST NO. 63:**

Produce all of your communications in Native Format concerning your Investment

Executive Summary dated April 2015.

**RESPONSE TO REQUEST NO. 63:** Please see attached documents previously produced and documents bates-numbered Armory-0235 through Armory-0242; Armory-0406 through Armory-0411; Armory-0443 through Armory-0487; Armory-0432 through Armory-0442.

**REQUEST NO. 14:**

Produce all communications in Native Format concerning your Financing Executive Summary dated April 2018 (Bates Nos. Armory-0144-0160).

**RESPONSE TO REQUEST NO. 64:** Please see documents previously produced and documents bates-numbered Armory-0144 through Armory-0160; Armory-0432 through Armory-0442; Armory-0412 through Armory-0416.

**REQUEST NO. 65:**

Produce all communications in Native Format with Chris Collins during the relevant period.

**RESPONSE TO REQUEST NO. 65:** Objection, Request No. 65 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 66:**

Produce all bank statements from GWACS Defense, Inc. during the relevant period.

**RESPONSE TO REQUEST NO. 66:** Objection, Request No. 66 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and improperly seeks to conduct a pre-judgment asset hearing.

**REQUEST NO. 67:**

Produce all bank statements from Armory during the relevant period.

**RESPONSE TO REQUEST NO. 67:** Objection, Request No. 67 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and improperly seeks to conduct a pre-judgment asset hearing.

**REQUEST NO. 68:**

Produce all bank statements for each of the owners of Armory, including Jud Gudgel, Reed Oppenheimer and Shel Jones during the relevant period.

**RESPONSE TO REQUEST NO. 68:** Objection, Request No. 68 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and improperly seeks to conduct a pre-judgment asset hearing.

**REQUEST NO. 69:**

Produce all documents evidencing the capitalization of Armory during the relevant period.

**RESPONSE TO REQUEST NO. 69:** Objection, Request No. 69 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Okla. Stat. tit. 12, § 682.

**REQUEST NO. 70:**

Produce all of your communications in Native Format with the ATF during the relevant period.

**RESPONSE TO REQUEST NO. 70:** Objection, Request No. 70 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

**REQUEST NO. 71:**

Produce copies of all non-disclosure agreements you entered into during the relevant period.

**RESPONSE TO REQUEST NO. 71:** See documents previously produced, Further, please see documents bates-numbered Armory-0406 through Armory-0559.

**REQUEST NO. 72:**

Produce all documents evidencing any investors in the Cav-15 during the relevant period.

**RESPONSE TO REQUEST NO. 72:** See Asset Purchase and Sale Agreement previously produced, and communications produced with Russell Phagan/SST regarding the purchase and sale of assets, including the CAV-15, all IP, and all production equipment.

**REQUEST NO. 73:**

Produce all documents evidencing any investors in the Cav-15 during the relevant period.

**RESPONSE TO REQUEST NO. 73:** See response to Request No. 72.

**REQUEST NO. 74:**

Produce all documents evidencing efforts, if any, you made to maintain your Federal Firearms Licensure.

**RESPONSE TO REQUEST NO. 74:** Objection, Request No. 74 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 75:**

Produce all variances you obtained for the CAV-15.

**RESPONSE TO REQUEST NO. 75:** See documents previously produced.

**REQUEST NO. 76:**

Produce all of your communications in Native Format with InRangeTV, Ian McCollum, and Karl Kasarda.

**RESPONSE TO REQUEST NO. 76:** See Plaintiff's response to Request No. 59.

**REQUEST NO. 77:**

Produce all documents evidencing your efforts, if any, to protect your alleged trade secrets concerning the CAV-15.

**RESPONSE TO REQUEST NO. 77:** See documents produced.

**REQUEST NO. 78:**

Produce all documents evidencing your alleged trade dress in the CAV-15.

**RESPONSE TO REQUEST NO. 78:** Request No. 78 requests information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as those claims have been dismissed.

**REQUEST NO. 79:**

Produce all documents evidencing your alleged copyrights in the CAV-15.

**RESPONSE TO REQUEST NO. 79:** Request No. 79 requests information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, as those claims have been dismissed.

**REQUEST NO. 80:**

Produce all documents evidencing your alleged protectable IP in the CAV-15.

**RESPONSE TO REQUEST NO. 80:** See documents previously produced and/or

exchanged between the parties.

**REQUEST NO. 2:**

Produce all your communications in Native Format with Reed Oppenheimer during the relevant period.

**RESPONSE TO REQUEST NO. 81:** Objection, Request No. 81 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 82:**

Produce all your communications in Native Format with Clayton Woodruff during the relevant period.

**RESPONSE TO REQUEST NO. 82:** Objection, Request No. 82 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 83:**

Produce all your communications in Native Format with Shel Jones during the relevant period.

**RESPONSE TO REQUEST NO. 83:** Objection, Request No. 83 is overly broad, unduly burdensome, and seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 84:**

Produce all documents evidencing your product liability insurance.

**RESPONSE TO REQUEST NO. 84:** Objection, Request No. 84 is overly broad, unduly burdensome as it is neither limited in scope or time, and further seeks documents which

are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 85:**

Produce all documents evidencing your business asset insurance.

**RESPONSE TO REQUEST NO. 85:** Objection, Request No. 85 is overly broad, unduly burdensome as it is neither limited in scope or time, and further seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 86:**

Produce all of your CAD/CAM files related to the CAV-15 in Native Format.

**RESPONSE TO REQUEST NO. 86:** Armory objects to Request No. 86 insofar as it seeks product upgrades and developments as the request is overly broad, unduly burdensome and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing, see documents bates-numbered Armory-0600 for Armory's production of CAD files it purchased related to the CAV-15.

**REQUEST NO. 87:**

Produce all of your design prints related to the CAV-15 in Native Format.

**RESPONSE TO REQUEST NO. 87:** See documents previously produced, bates numbered Armory 0393 - 0405.

**REQUEST NO. 88:**

Produce all documents evidencing the "information and renderings" you reference in your Response to Interrogatory No. 3 of Brownells, Inc.'s First Set of Interrogatories to Armory.

**RESPONSE TO REQUEST NO. 88:** See 2015 and 2018 investment packets

10

previously produced and exchanged.

**REQUEST NO. 89:**

Produce all documents evidencing the disclosures you made to Brownells and KEA that you reference in your Response to Interrogatory No. 3 of Brownells, Inc.'s First Set of Interrogatories to Armory.

**RESPONSE TO REQUEST NO. 89:** See response to Request No. 88, and documents previously produced and exchanged.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

s/Tadd J.P. Bogan
James E. Weger, OBA# 9437
Tadd J.P. Bogan, OBA# 20962
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail: jweger@jonesgotcher.com
       tbogan@jonesgotcher.com
***Attorneys for Plaintiff, GWACS Armory, LLC, and Counterclaim Defendants GWACS Armory, LLC; GWACS Defense, Inc.; Jud Gudgel; and Russell Anderson***

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2021, I caused a true and correct copy of the above and foregoing to be sent via e-mail and U.S. Mail, with postage fully prepaid thereon, to:

Robert P. Fitz-Patrick
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Email:  rfitzpatrick@hallestill.com

-AND-

Brian R. Hardy, Esq.
Alexander K. Calaway, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, Nevada  89145
E-Mail: bhardy@maclaw.com
          acalaway@maclaw.com
*ATTORNEYS FOR DEFENDANTS*

                    s/ Tadd J.P. Bogan
                    **Tadd J.P. Bogan**