Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GWACS ARMORY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.:20-cv-0341-CVE-SH |
| KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON, | ) ) ) ) ) | BASE FILE<br><br>Consolidated with:<br>Case No. 21-CV-0107-CVE-JFJ |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| KE ARMS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X, | ) ) ) ) ) | |
| Defendants. | ) | |

**GWACS ARMORY, LLC'S RESPONSE TO DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S AMENDED SECOND REQUEST FOR PRODUCTION**

**COMES NOW** Plaintiff GWACS ARMORY, LLC ("Plaintiff' or "Armory"), by and through its attorney of record, and for its Responses and Objections to Defendant KE ARMS, LLC's Amended Second Requests for Production to GWACS ARMORY, LLC, states as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS**

1. Each of the following responses is made without waiving any objections Plaintiff may have with respect to the subsequent use of these responses, answers or the documents referred to herein, and Plaintiff specially reserves ( a) all questions as to the privilege, relevancy,

materiality, and admissibility of said responses, answers or documents; (b) the right to object to the uses of said responses, answers or documents in any manner; (c) the right to object to the uses of said responses, answers or documents in any lawsuit or proceeding on any or all of the foregoing grounds or on any other proper ground; (d) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to responses, answers or documents; and (e) the right, at any time, upon proper showing, to revise, correct or clarify any of the following responses and answers.

2. Plaintiff objects to Defendant's requests to the extent that they may misstate or seek to impose obligations or requirements greater than those imposed by Oklahoma law.

3. Plaintiff objects to Defendant's requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the "work product" doctrine, (c) the "trial preparation" doctrine, or (d) any other applicable discovery rule or privilege. Further, Plaintiff does not waive privilege to any privileged document or information, or portion thereof, which may be inadvertently furnished or provided, it being the intent of Plaintiff not to waive any privilege which might exist.

4. Plaintiff objects to any request by Defendant which purports to require the creation of documents which do not exist.

5. In such instances where Plaintiff's responses below indicate that production of documents will be made, such indication is not a waiver of Plaintiffs right to withhold from production such documents which are subject to claims of proprietary or trade-secret information, attorney work-product, or attorney-client privilege. Plaintiff objects to production of any document subject to such claims, and they will not be produced. Upon production by Plaintiff of documents responsive to Defendant's requests and not withheld on the basis of an objection outlined below,

Plaintiff will furnish Defendant with an index of documents withheld on the basis of attorney-client privilege, or any other applicable legal basis.

6. Where several document requests call or arguably call for production of the same document or category of documents, an objection made to one request is deemed to be made to all requests which seek production of the same document or category of documents.

7. The indication that production will be made does not mean that any of the documents called for exist, or that such documents are in the possession or control of, or that such documents are reasonably available to Plaintiff. It means only that, subject to the foregoing conditions, they will be produced to the extent that Plaintiff has been able to locate responsive documents.

8. Plaintiff specifically reserves the right to supplement its Response should additional information or documents become available during the discovery process.

## AMENDED REQUESTS

**REQUEST NO. 60:**

Produce all of your communications in Native Format of Shel Jones concerning your "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in your Response to Interrogatory No. 8 during the relevant period.

**RESPONSE TO REQUEST NO. 60:** See documents previously produced, Bates Numbered Armory 6-11, 144-160, 196-200, 234-242, 243, 247-249, and 311-333; and KEA 204-205, 206-208, 210, 215, 2072-2071, 2078, 2079, 2081, 2082, 2083, 2084, 2085, 2088-2089, 2099-2100, and 2101-2106, plus documents previously produced with Armory's responses to KEA's second requests from production, which are now produced in native format, Bates Numbered Armory 406 -559.

**REQUEST NO. 61:**

Produce all of your communications in Native Format with Jud Gudgel concerning your "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in your Response to Interrogatory No. 8 during the relevant period.

**RESPONSE TO REQUEST NO. 61:**   See documents previously produced with Armory's responses to KEA's second requests from production, which are now produced in native format, Bates Numbered Armory 406 -559.

**REQUEST NO. 63:**

Produce all of your communications, both internal and external, in Native Format concerning your Investment Executive Summary dated April 2015 (Bates Nos. Armory-0235-0242).

**RESPONSE TO REQUEST NO. 63:** Armory objects to Request No. 63 as the request for internal communications concerning the Investment Executive Summary dated April 2015 is overly broad, unduly burdensome and requests documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, see documents previously produced with Armory's responses to KEA's second requests from production, which are now produced in native format, Bates Numbered Armory 406 -559.

**REQUEST NO. 64:**

Produce all communications, both internal and external, in Native Format concerning your Financing Executive Summary dated April 2018 (Bates Nos. Armory-0144-0160).

**RESPONSE TO REQUEST NO. 64:** Armory objects to Request No. 64 as the

request for internal communications concerning the Financing Executive Summary dated April 2018 is overly broad, unduly burdensome and requests documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, see documents previously produced with Armory's responses to KEA's second requests from production, which are now produced in native format, Bates Numbered Armory 406 -559.

**REQUEST NO. 66:**

Produce documents concerning any money expended or invested by GWACS Defense, Inc. for developing, maintaining, and/or protecting your alleged trade secrets during the relevant period.

**RESPONSE TO REQUEST NO 66:** Armory is not in possession, custody or control of any documents which relate to money expended or invested by GWACS Defense, Inc. for developing, maintaining, and/or protecting Armory's trade secrets during the relevant period.

**REQUEST NO. 67:**

Produce documents concerning money expended or invested by Armory for developing, maintaining, and/or protecting your alleged trade secrets during the relevant period.

**RESPONSE TO REQUEST NO 67:** Objection, Request No. 67 is overly broad and unduly burdensome. Without waiving any objections, see the documents previously produced and in KEA's possession Bates Numbered KEA 178-186, KEA 39-40, Armory 130 – 131, Armory 120-129, Armory 140, Armory 144-160, Armory 161-162, Armory 235-242, Armory 202-204. Armory will supplement this response should it be able to

discover documents supporting the time and money spent developing trade secrets during the relevant period.

**REQUEST NO. 68:**

Produce documents concerning money expended or invested by each of Armory's owners for developing, maintaining, and/or protecting your alleged trade secrets during the relevant period.

**RESPONSE TO REQUEST NO. 68:** See response to Request No. 67. Armory's owners did not expend or invest money for developing, maintaining, and/or protecting its trade secrets separate from Armory during the relevant period.

**REQUEST NO.70**

Produce all of your communications in Native Format with the ATF concerning your "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in your Response to Interrogatory No. 8 during the relevant period.

**RESPONSE TO REQUEST NO. 70:** Armory does not have documents responsive to Request No. 70 in its possession, custody or control.

**REQUEST NO. 81:**

Produce all your communications in Native Format with Reed Oppenheimer concerning your "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2); "proprietary information" identified in your Response to Interrogatory No. 8 the relevant period.

**RESPONSE TO REQUEST NO. 81:** Armory does not have communications in its possession, custody or control with Reed Oppenheimer concerning its "trade secrets"

referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in its Response to Interrogatory No. 8 during the relevant period.

**REQUEST NO. 82:**

Produce all your communications in Native Format with Clayton Woodruff concerning your "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in your Response to Interrogatory No. 8 during the relevant period.

<u>**RESPONSE TO REQUEST NO. 82**</u>: Armory does not have communications in its possession, custody or control with Clayton Woodrum concerning its "trade secrets" referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or "proprietary information" identified in its Response to Interrogatory No. 8 during the relevant period.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

s/Tadd J.P. Bogan
James E. Weger, OBA# 9437
Tadd J.P. Bogan, OBA# 20962
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail: jweger@jonesgotcher.com
tbogan@jonesgotcher.com
***Attorneys for Plaintiff, GWACS Armory, LLC, and Counterclaim Defendants GWACS Armory, LLC; GWACS Defense, Inc.; Jud Gudgel; and Russell Anderson***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2022, I caused a true and correct copy of the above and foregoing discovery responses to be sent by US Postal Service and/or electronic mail to:

Robert P. Fitz-Patrick
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Email:  rfitzpatrick@hallestill.com

-AND-

Brian R. Hardy, Esq.
Alexander K. Calaway, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, Nevada  89145
E-Mail: bhardy@maclaw.com
        acalaway@maclaw.com
*ATTORNEYS FOR DEFENDANTS*

                                            s/ Tadd J.P. Bogan
                                            Tadd J.P. Bogan