IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC<br><br>    Plaintiff,<br><br>v.<br><br>KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON,<br><br>    Defendants.<br>and<br><br>KE ARMS, LLC,<br>    Plaintiff,<br>v.<br>GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X,<br>    Defendants. | Case No.:20-cv-0341-CVE-SH<br>BASE FILE<br><br>Consolidated with:<br>Case No. 21-CV-0107-CVE-JFJ |

**GWACS ARMORY, LLC'S AMENDED RESPONSES TO DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S SECOND SET OF INTERROGATORIES**

**COMES NOW** Plaintiff GWACS ARMORY, LLC ("Plaintiff' or "Armory"), by and through its attorney of record, and for its Responses and Objections to Defendant KE ARMS, LLC's Second Set of Interrogatories to GWACS ARMORY, LLC, alleges and states as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS**

1. Each of the following responses is made without waiving any objections Plaintiff may have with respect to the subsequent use of these responses, answers or the documents referred to herein, and Plaintiff specially reserves ( a) all questions as to the privilege, relevancy, materiality, and admissibility of said responses, answers or documents; (b) the right to object to

EXHIBIT 2

the uses of said responses, answers or documents in any manner; (c) the right to object to the uses of said responses, answers or documents in any lawsuit or proceeding on any or all of the foregoing grounds or on any other proper ground; (d) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to responses, answers or documents; and (e) the right, at any time, upon proper showing, to revise, correct or clarify any of the following responses and answers.

2. Plaintiff objects to Defendant's requests to the extent that they may misstate or seek to impose obligations or requirements greater than those imposed by Oklahoma law.

3. Plaintiff objects to Defendant's requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the "work product" doctrine, (c) the "trial preparation" doctrine, or (d) any other applicable discovery rule or privilege. Further, Plaintiff does not waive privilege to any privileged document or information, or portion thereof, which may be inadvertently furnished or provided, it being the intent of Plaintiff not to waive any privilege which might exist.

4. Plaintiff objects to any request by Defendant which purports to require the creation of documents which do not exist.

5. In such instances where Plaintiffs responses below indicate that production of documents will be made, such indication is not a waiver of Plaintiffs right to withhold from production such documents which are subject to claims of proprietary or trade-secret information, attorney work-product, or attorney-client privilege. Plaintiff objects to production of any document subject to such claims, and they will not be produced. Upon production by Plaintiff of documents responsive to Defendant's requests and not withheld on the basis of an objection outlined below,

Plaintiff will furnish Defendant with an index of documents withheld on the basis of attorney-client privilege, or any other applicable legal basis.

6. Where several document requests call or arguably call for production of the same document or category of documents, an objection made to one request is deemed to be made to all requests which seek production of the same document or category of documents.

7. The indication that production will be made does not mean that any of the documents called for exist, or that such documents are in the possession or control of, or that such documents are reasonably available to Plaintiff. It means only that, subject to the foregoing conditions, they will be produced to the extent that Plaintiff has been able to locate responsive documents.

8. Plaintiff specifically reserves the right to supplement its Response should additional information or documents become available during the discovery process.

**INTERROGATORY NO. 22:**

Identify all persons who created your Investment Executive Summary dated April 2015 (Bates Nos. Armory-0235-0242) and Financing Executive Summary dated April 2018 (Bates Nos. Armory-0144-0160).

**RESPONSE TO INTERROGATORY NO. 22:**   Jud Gudgel and Shel Jones.

**INTERROGATORY NO. 13:**

Identify each person you disclosed the investor packets (Bates Nos. Armory-0235-0242 and Bates Nos. Armory-0144-0160) and "proprietary information" described in your response to Interrogatory No. 3 to during the relevant period.

**RESPONSE TO INTERROGATORY NO. 23:**   Armory disclosed investment packets to the following people outside of Armory: Mike Kenney, Russell Phagan, Paul Levy, Oleg Volk,

3

Gabe Suarez, and Jeff Petty. See documents produced herewith Bates Numbered Armory 406 - 559

**INTERROGATORY NO. 24:**

Describe all efforts you made to maintain your corporate form.

**RESPONSE TO INTERROGATORY NO. 24:** Objection, Interrogatory No. 24 is overly broad, vague and ambiguous, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence pursuant to Okla. Stat. tit. 12, § 682. Without waiving any objections, Armory states as follows: Armory is an Oklahoma limited liability company, not a corporation. Armory was formed under the laws of the State of Oklahoma. Armory is an active limited liability company in good standing in the State of Oklahoma. Armory has taken many steps to maintain its "corporate form" since its inception, including filing and paying the State of Oklahoma annual fees, but cannot possibly list each and every action that has been taken or not taken to do so.

Respectfully submitted,

JONES, GOTCHER & BOGAN, P.C.

s/Tadd J.P. Bogan
James E. Weger, OBA# 9437
Tadd J.P. Bogan, OBA# 20962
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail: jweger@jonesgotcher.com
tbogan@jonesgotcher.com
*Attorneys for Plaintiff, GWACS Armory, LLC, and Counterclaim Defendants GWACS Armory, LLC; GWACS Defense, Inc.; Jud Gudgel; and Russell Anderson*

4

## VERIFICATION

STATE OF OKLAHOMA )
                                ) ss.
COUNTY OF TULSA )

Comes now, the undersigned, JUD GUDGEL, being under oath and after being first duly sworn, states that he is the President and CEO of the Plaintiff, GWACS Armory, LLC, has read the contents within the foregoing Interrogatory responses, knows the contents thereof, and states that the facts and matters therein are true and correct to the best of his knowledge and belief.

_____
JUD GUDGEL

Subscribed and sworn to before me this 28th day of February, 2022, by Jud Gudgel.

_____
Notary Public

My Commission No.: 12 00 7187
Expires: 8-1-24

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2022, I caused a true and correct copy of the above and foregoing discovery responses to be sent by US Postal Service and/or electronic mail to:

Robert P. Fitz-Patrick
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Email: rfitzpatrick@hallestill.com

-AND-

Brian R. Hardy, Esq.
Alexander K. Calaway, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, Nevada 89145
E-Mail: bhardy@maclaw.com
       acalaway@maclaw.com
*ATTORNEYS FOR DEFENDANTS*

s/ Tadd J.P. Bogan
Tadd J.P. Bogan