

# JONES GOTCHER
### Attorneys and Counselors

February 21, 2022

TADD J.P. BOGAN
DIRECT DIAL: (918)581-8251
E-MAIL: TBOGAN@JONESGOTCHER.COM

*Via U.S. Mail & E-Mail*
Alexander K. Calaway, Esq.
Brian Hardy, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, NV 89145

RE:   GWACS Armory, LLC v. KE Arms, LLC *et al.* – Discovery

Dear Mr. Calaway:

    I am writing in response to your letter of February 16, 2022. It is unfortunate we have to repeatedly come back to your clients asking for their cooperation in discovery. It is unfortunate that we continue to obtain evidence your clients failed to disclose through the course of discovery. However, KE Arms, LLC ("KEA") continues to withhold the identify of the individuals who actually designed the KP-15, choosing instead to call them KEA's "internal design team". KEA is yet to identify a single individual from KEA (or its sister companies) who did any actual CAM/CAD work for the KP-15 design.

    It is concerning that you fail to see any issue with your client's failure to identify the actual developers of the KP-15, including but not limited to Jovan Beltran and M&B Mfg. Further, it is interesting that you now say your firm does not represent M&B Mfg., and that Jovan Beltran is an employee of M&B not KEA, after you called Mr. Beltran an employee of KEA at the hearing on our Motion to Compel. Further, in your written response to our Motion to Compel you stated that the rough part design shown in the Mastercam File was saved and exported to a mold designer named Randy Sperry. That was the file Mr. Beltran sent to Mr. Sperry. Your response further states that KEA and Moldworx collaborated for several months without once identifying M&B or Mr. Beltran as a separate entity.[1] And, perhaps most notably, the files KEA produced include the name Jovan and CAV-15 in the source code and not once has KEA alleged the initial design of the KP-15 was done by anyone other than KEA's internal design team.

    You continue to feign ignorance of the basis for Armory's claims; however, we believe you know exactly what the allegations are by this point. I will nonetheless explain it again. Armory believes, and has evidence supporting, that KEA imported CAV-15 CAD/CAM files into the Mastercam (and ultimately Solidworks) file for the KP-15. This is supported by, among other

---

[1] Let us also not forget that M&B Mfg. is owned by the same people as KEA and has the same address and principal place of business as KEA.

JONES, GOTCHER & BOGAN
*A Professional Corporation*

3800 First Place Tower   15 East Fifth Street   Tulsa, Oklahoma 74103-4309
Telephone 918.581.8200   Facsimile 918.583.1189
www.jonesgotcher.com

EXHIBIT 6

Alexander K. Calaway, Esq.
February 21, 2022
Page 2

---

things, the reference to Jovan and CAV-15 in the KP-15 design files. Further, as pointed out by our expert, the internal ribbing in the attached buttstock has virtually identical design and spacing as that of a prior CAV-15 MKII design that was never produced. Although Mr. Phagan may have led the KP-15 design team, he did not do the actual design work in CAD or CAM. Further, we are not limited to discovering information from the defendants in the lawsuit. The documents we received from third parties all begin with a "rough" design of the KP-15. That design already included the attached buttstock with the internal ribbing contained therein, design components which are not part of KEA's aluminum billet receiver. Surely you understand that KEA's billet receiver did not include a buttstock, and therefore, could not have been designed the KP-15 from KEA's billet receiver. Furthermore, we spoke with Randy Sperry and he confirmed that the ribbing in the buffer tube area of the buttstock was already in the design files when he received them from Mr. Beltran/KEA. We want to know who designed the ribbing and how it got into the KP-15 design. We have made this clear since the outset of this case. Now you claim Mr. Beltran's involvement was extremely limited, despite the fact he is the one who sent the initial KP-15 design to Randy Sperry to make it moldable, and the only person we are aware of who exchanged actual design files with Mr. Sperry. Perhaps if KEA had produced its documents and communications related to the design and development of the KP-15 we would have more information on who was on KEA's internal design team. Unfortunately, that information has been withheld.

Your letter further states, "… we object to your opaque 'demands' for documents via letter." The demand was sent *via* letter because these documents and this information have already been requested in discovery. We are not required to send subsequent requests for information your clients already have a duty to produce pursuant to Rule 26 and/or our discovery requests. Nonetheless, we did send written discovery regarding these matters no February 8, 2022, over a week before your letter demanding the same be sent. Your letter rhetorically states if we feel your clients have failed to properly respond to discovery then we should advise you of the same and have a meet and confer. Yes, we feel your clients have not properly responded to our discovery requests (the "tired" allegation you referenced earlier in the same letter) and we have already conferred regarding these issues. These issues were even addressed at the hearing on our opposed motion to extend the deadlines. During the hearing the Magistrate made it clear that all of this information was to be provide pursuant to Rule 26.

Finally, with regard to Ms. Swindle, Mr. Pace, and Mr. McBride, what information do you believe these witnesses possess? Were they part of KEA's internal design team? Yet again, your response fails to provide the required information. Are you stating that these individuals all worked for both Cavalry Arms Corp. and KEA, or are you stating that they all worked for one or the other of those companies? We fail to see how these individuals would all have information relating to both Armory's claims and KEA's counterclaims (which are based on the cease and desist e-mail) based on working for Cavalry Arms Corp., and the descriptions provided heretofore do not make the knowledge they possess any more clear.

We will proceed with filing a Motion to Compel regarding all of these issues. We will also be filing an Opposed Motion to Amend the Scheduling Order and will explain how your clients'

Alexander K. Calaway, Esq.
February 21, 2022
Page 3

---

failure to cooperate in discovery has caused extensive delays in this case. Should you wish to supplement any of the foregoing information please do so.

Respectfully,

JONES, GOTCHER & BOGAN, P.C.

Tadd J.P. Bogan