IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC, an Oklahoma limited liability company, | |
| Plaintiff, | |
| v. | Case No. 20-CV-0341-CVE-SH <br> **BASE FILE** |
| KE ARMS, LLC <br> RUSSEL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC <br> BROWNELLS, INC. and <br> SHAWN NEALON, | Consolidated with: <br> Case No. 21-CV-0107-CVE-SH |
| Defendants, | |
| and | |
| KE ARMS, LLC, | |
| Plaintiff, | |
| v. | |
| GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X, | |
| Defendants. | |

**PLAINTIFF GWACS ARMORY, LLC'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR DISPOSITIVE MOTIONS**

**COMES NOW**, Plaintiff, GWACS Armory, LLC ("Armory"), by and through its attorneys of record, and for its response and objection to Defendants' Motion for Leave to Supplement Their Dispositive Motion Briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) With Evidence Withheld by Plaintiff in Discovery [Dkt. # 176] ("Defendants' Motion"), states as follows:

## INTRODUCTION

Defendants' Motion falsely claims Armory withheld evidence requested in discovery. KE Arms, LLC ("KEA") requested Armory produce <u>internal</u> communications between Armory and Shel Jones ("Jones") from 2016 to present concerning the trade secrets and proprietary information at issue in this case.[1] The emails at issue, attached to the Supplemental Declaration of Russell Phagan [Dkt. # 179] ("Phagan's Declaration"), were not responsive to the document requests served by KEA. The emails attached to the Phagan's Declaration are between Jones and third parties, not Jones and Armory. Further, the emails do not contain the trade secrets or proprietary information at issue in this case.

Furthermore, one complaint lodged in Defendants' Motion is that Armory failed to disclose e-mails with Timothy McBride ("McBride"). Defendants claim the McBride emails were forwarded to Defendants on October 8, 2022. However, Defendants knew of and had contact with McBride well before filing Defendants' Motion. According to McBride, he worked for KEA from July through October of 2020, worked on the KP-15 project, and even took part in InRange's videos.[2] Notably, it was Defendants who failed to disclose McBride's knowledge and information in discovery. In fact, Defendants have known about McBride since at least November 9, 2021, when Defendants provided Defendants'/Counter-Plaintiff's 6th Supplemental Disclosures. (*See* Dkt. # 182-4). Further, the McBride emails were exchanged in 2013, which is three (3) years before the "relevant period" as defined in the discovery requests of KE Arms, LLC ("KEA"). (*See* Dkt. #178-1 at p. 4 & 178-4 at p. 5)

---

[1] *See* Dkt. #176 at pp. 3-4, ¶¶ 1 & 3; Dkt. #178-1 at pp. 4 (¶2), p.8 (¶ 16 & Request No. 60); and Dkt. #178-4 at p. 6 (¶2), & p. 9 (¶16 and Request No. 60).
[2] See Dkt. # 180 at pp. 2-3.

Defendants had contact with McBride well before the briefing of dispositive motions (Dkt. # 117, 118, 119, 120, 159, 160, 161 & 162), yet they did not include any evidence from McBride therein. Similarly, Defendants had the emails from Kenneth King ("King) on July 19, 2022. Defendants filed their reply briefs [Dkt. #159, 160, 161 & 162] on August 22, 2022, but did not attached those emails as evidence despite having the same well in advance of filing their reply. In or around September of 2022, after the close of discovery, KEA posted the attached post seeking information from "the 2A Community" after individuals allegedly came forward after seeing "press coverage of the case…" (See Reddit Post by KEA attached hereto as Exhibit "1" & Dkt. #101) This resulted in people sending emails the Defendants never requested from Armory in this lawsuit. Nonetheless, the emails Defendants seek to rely upon are not relevant to Armory's claims in this case, do not impact the outcome of the pending motions for summary judgment, and Defendants' Motion should be denied.

## ARGUMENTS & AUTHORITIES

Armory hereby incorporates herein by reference Plaintiff's Response and Objection to Defendants' Motion for Spoliation Sanctions [Dkt. #182].

### I. The E-Mails at Issue Were Not Requested By Defendants.

Defendants' Motion clearly states that Defendants requested <u>internal communications</u> concerning the CAV-15 and that they agreed to limit the same to communications relating to Armory's trade secrets (referenced in paragraphs 59-67 of the Complaint [Dkt. #2]) and and proprietary information (identified in Armory's response to Interrogatory No 8). (*See* Dkt. # 176 at ¶¶ 1-3 and Dkt. #178-4) The emails attached to Phagan's Declaration are not internal communications between Jones and Armory. Therefore, the emails with which Defendants wish to use to supplement their pending motions for summary judgment were not requested in

3

discovery. It was through no fault of Armory that Defendants did not possess the emails in question at the time the parties were briefing the motions for summary judgment.

Further, Defendants possessed the emails from King, and had contact with McBride, prior to the summary judgment briefing in this case. Defendants provide no explanation as to why this information was not presented to the Court in a timely manner if the same is relevant to the pending motions for summary judgment.

### II. The E-Mails in Question Do Not Support Defendants' Requests for Summary Judgment.

Defendants' Motion alleges the emails attached to Phagan's Declaration disproves Armory's allegation its trade secrets were not publicly known. (*See* Dkt. #176 at p. 2) However, as discussed in Plaintiff's Response and Objection to Defendants' Motion for Spoliation Sanctions [Dkt. #182], the information contained in the emails in question do not contain accurate information regarding Armory's trade secrets and proprietary information.[3] Further, contrary to Defendants' argument, the disclosure of a single trade secret, or an element of a trade secret, does not result in the loss of trade secret protection.

"The necessary element of secrecy is not lost, however, if the holder of the trade secret reveals the trade secret to another 'in confidence, and under an implied obligation not to use or disclose it." *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974) (citation omitted). "The protection accorded the trade secret holder is against the disclosure or unauthorized use of the trade

---

[3] In *Hertz v. Luzenac Group*, 576 F.3d 1103, 1110 (10th Cir. 2009), the 10th Circuit held, "A finding that some of the elements are secret may support a conclusion that the entire process is protect." In so finding the court noted, "the publicly available Materials Safety Data Sheet for 604AV lists the organosilane surface coating as constituting les than 1% by weight of the product" and that the evidence suggested "that the precise amount of silane in 604AV within 0% to 1% range had commercial value and the public would not necessarily be able to discern the amount by simply knowing the range. *Id.*

4

secret by those to whom the secret has been confided under the express or implied restriction of nondisclosure or nonuse. The law also protects the holder of a trade secret against disclosure or use when the knowledge is gained, not by the owner's volition, but by some 'improper means'…" *Id*. at 475-476. Furthermore, "[a] trade secret can exist in a combination of characteristics and components each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1109 (10th Cir. 2009). Defendants cannot claim they lawfully obtained the trade secrets at issue in this case from third parties they did not know existed. Further, none of the emails used to support Defendants' Motion evidence Armory's disclosure of its CAD files, or the unified process, design, and operation of or for manufacturing the CAV-15.

The information allegedly possessed by McBride likewise does not cause Armory to lose its trade secret protection. According to the Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment (Dkt. 117, 118, 119 and 120) [Dkt. #180], McBride was a certified armorer for Cavalry Arms Corporation ("Cavalry Arms").[4] (*See* Dkt. #180 at ¶ 4) McBride went on to state that he started a gunsmithing business and discussed purchasing the CAV-15 mold from Phagan. McBride claims to have discussed his potential CAV-15 project with Nealon, and that Nealon (who had previously sold the CAV-15 to SST) shared the CAV-15 CAD files with McBride. (*See Id*. at ¶¶ 9-10) As stated above, the element of secrecy of a trade secret is not lost if the holder of the trade secret reveals the trade secret "in confidence, and under an implied

---

[4] Cavalry Arms was the original developer of the CAV-15. After the primary owner of Cavalry Arms, Shawn Nealon, was charged with felony firearms charges, Cavalry Arms sold the CAV-15 assets and IP to Sinistral Shooting Technologies, LLC ("SST"), which is wholly owned by Russel Phagan ("Phagan'). Armory purchased the CAV-15 assets and IP from SST.

obligation not to disclose or use it." *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. at 475. The Supreme Court has held, "[t]hese others may include those of the holder's 'employees to whom it is necessary to confide it, in order to apply it to the uses for which it is intended.'" *Id*. (citation omitted). Nor is trade secret protection lost due to theft. In *Kewanne* the Supreme Court also observed that trade secret protection "would run against breaches of confidence – the employee and licensee situations – and theft and other forms of industrial espionage. *Id*. at 484. While dubious that Defendants waited until the final hour to raise the issues regarding McBride and the information he allegedly possesses, his possession thereof does not destroy Armory's trade secret protection. The information Armory provided to McBride related to his request to be a CAV-15 dealer, and required confidentiality in the Terms and Conditions and in the dealer pricing. Therefore, the information was provided in confidence, and under an express and implied obligation not to disclose or use it beyond his role as a CAV-15 dealer. Further, any other information McBride possessed was either obtained as an employee of Cavalry Arms or in relation to his contemplated purchase of the CAV-15 molds from SST. The foregoing does not make Armory's trade secret information public, does not contain the totality of Armory's trade secrets, and does not mean Armory did not make reasonable efforts to maintain the secrecy of its trade secrets. Therefore, the McBride declaration and emails do not support summary judgment in favor of the Defendants.

## **CONCLUSION**

Defendants are attempting to supplement their motions for summary judgment to include evidence they never requested from Armory in discovery, and which they allegedly obtained after the close of discovery. Because Defendants failed to request the documents they have now discovered, Defendants' Motion should be denied. Further, the emails Defendants seek to include

do not change the outcome of the motions for summary judgment. Not only is the information contained therein inaccurate, which maintained the commercial value of Armory's trade secrets, there is no evidence such fragmented information disclosed the unified process, design or other information which gives the CAV-15 its competitive advantage. Notably, despite McBride allegedly having Armory's trade secrets and being a gun dealer, he never made or developed a monolithic polymer lower receiver, much less one similar to the CAV-15 and KP-15. Because the emails in question were never requested by Defendants and the information disclosed in the emails did not waive Armory's trade secret rights, Defendants' Motion should be denied.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

 s/Tadd J.P. Bogan
Tadd J.P.Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
         jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the record currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

  s/Tadd J.P. Bogan
Tadd J. P. Bogan