**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GWACS ARMORY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.4:20-cv-0341-CVE-SH** |
| KE ARMS, LLC, RUSSELL PHAGAN, | ) | **BASE FILE** |
| SINISTRAL SHOOTING | ) | |
| TECHNOLOGIES, LLC, BROWNELLS, | ) | Consolidated with: |
| INC., and SHAWN NEALON, | ) | Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| KE ARMS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| GWACS ARMORY, LLC, GWACS | ) | |
| DEFENSE INCORPORATED, JUD | ) | |
| GUDGEL, RUSSEL ANDERSON, DOES I | ) | |
| through X, and ROE CORPORATIONS I | ) | |
| through X, | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SPOLIATION SANCTIONS (DKT. 177)

Defendants KE Arms, LLC, Russell Phagan, Sinistral Shooting Technologies, LLC, Brownell's Inc., and Shawn Nealon ("Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby files their reply in support of their Motion for Spoliation Sanctions (Dkt. 177). This reply is made and based upon the attached memorandum of points and authorities, any oral argument permitted by the Court at hearing on this matter.

/ /

1

I.   **OVERVIEW**

It is now undisputed that GWACS Armory LLC ("Armory") withheld electronically stored information ("ESI") and the identity of at least ten witnesses in discovery.[1] Armory's opposition attempts to justify its unilateral decision to conceal evidence in this case in essentially three ways. First, Armory argues that "none of the emails" withheld by Armory were requested in discovery,[2] despite the fact that Request for Production No. 60 ("Request No. 60") expressly requested the production this ESI.[3] In fact, Armory even responded to Request No. 60, without objection, while simultaneously concealing responsive ESI.[4] Armory's assertion that the evidence it withheld was not requested is a blatant misrepresentation of fact.

Second, Armory argues it withheld the evidence because it unilaterally decided the evidence was not relevant to the claims and defenses in this case. But the evidence is relevant, and in fact, it concerns the same CAV-15 features that Armory presently claims to be trade secret and proprietary on summary judgment. Further, Armory's determination of relevancy does not justify its unilateral decision to conceal evidence, especially when Armory responded to Request No. 60 without any objection. Armory is not entitled to produce only some documents and withhold others, depending on its own *ex parte* determination of relevancy.

Third, Armory attempts to feign ignorance by arguing it was "unaware" that the witnesses and ESI it withheld even existed.[5] But this argument is not supported by the declaration of Armory's own vice president of sales, Michel Jones ("Jones"), who openly admits he corresponded

---

[1] Dkt. 182, at pg. 4.
[2] *Id.*
[3] Dkt. 178-4, at p. 9. (Request No. 60).
[4] Dkt. 178-5, at pg. 4.
[5] *Id.*

with each of the 10 unidentified witnesses using Armory email addresses.[6] In fact, Mr. Jones admits to having possession, custody, and control of each of the Armory company email addresses that he used to correspond with the unidentified witnesses.[7] Thus, Armory was not only aware of the evidence it withheld, but it also intentionally withheld the evidence after it was requested.

In all, the full extent of Armory's abuses of the litigation process are still unknown. Armory's attempts to suppress information are only further evidenced by its failed attempt to impose a gag order, which would have prevented third-parties from learning of the litigation and coming forward with additional information.[8] Armory's intentional suppression of critical evidence is undeniably prejudicial to Defendants. Such prejudice warrants terminating sanctions. Alternatively, Armory should be precluded from offering evidence that its information was not publicly known, and/or the jury instructed to infer or presume that Armory publicly disclosed its own trade secrets and proprietary information.

## II.   LEGAL ARGUMENT

### A.   ARMORY WITHHELD ESI THAT WAS EXPRESSLY REQUESTED IN DISCOVERY AND THAT WAS ADMITTEDLY IN ITS POSSESSION, CUSTODY AND CONTROL.

Armory falsely asserts in its opposition that "none of the emails" it withheld in discovery were requested by Defendants.[9]  But KE Arms, LLC's Request No. 60, undisputedly served on Armory, expressly requested: "Produce all of your communications in Native Format of Shel Jones concerning your 'trade secrets' referenced in Paragraphs 59-67 of the Complaint (Dkt. 2) or 'proprietary information' identified in your Response to Interrogatory No. 8 during the relevant

---

[6] Dkt. 182-3, at ¶¶4-14.
[7] *Id.* at ¶4.
[8] Dkt. 143.
[9] Dkt. 182, at pg. 4.

3

period."[10] Tellingly, Armory even responded to Request No. 60, without objection, while simultaneously concealing other responsive ESI.[11] Even if, *arguendo*, the ESI had not been specifically requested in discovery (which it was), Armory still had a duty to disclose the information under Rule 26,[12] because the ESI directly concerns the same features of the CAV-15 Armory presently claims to be secret and proprietary on summary judgment.[13] Therefore, Armory cannot legitimately dispute the evidence was both requested and discoverable.

**B.     ARMORY CANNOT UNILATERALLY DETERMINE THE RELEVANCY OF THE EVIDENCE IT WITHHELD, ESPECIALLY WHEN IT IS PRESENTLY ASSERTING THE EVIDENCE TO BE RELEVANT ON SUMMARY JUDGMENT.**

Armory argues that Request No. 60 sought information that was objectionably outside the scope of discovery.[14] Yet, Armory responded to the request without objection and waived any potential objection as to relevancy. *See e.g., T.A. by & through Christensen v. Moore Pub. Sch.*, I-02, No. CIV-06-858-C, 2007 WL 9710770, at \*1 (W.D. Okla. Nov. 19, 2007) (citing *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000)) (unpublished). Indeed, a party resisting production bears the burden of establishing a lack of relevancy (*Autoridad de Carreteras y Transportacion v. Transcore Atlantic, Inc.*, 319 F.R.D. 422 (D.P.R. 2016)), and any objection to a request for production must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

---

[10]  Dkt. 178-4, at p. 9. (Request No. 60).
[11]  Dkt. 178-5, at pg. 4.
[12]  Fed. R. Civ. P. 26 (a)(1) (providing that "a party must, without awaiting a discovery request, provide to the other parties. . . electronically stored information. . . that the disclosing party has in its possession, custody, or control. . .).
[13]  Dkt. 143, at pgs. 19-23.
[14]  Dkt. 182, at pg. 4.

Here, Armory did not even object, let alone notify Defendants it was withholding evidence.[15] Armory's belated objection as to relevancy in its opposition was never raised and has long-since been waived. Rather than object and notify in discovery, Armory opted to conceal that it was withholding responsive ESI.[16] If Armory actually believed Request No. 60 sought information beyond the scope of discovery, then it should have objected or sought a protective order. *See e.g., Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 648 (N.D. Ind. 1991). To be sure, "[t]here is no middle ground entitling [a responding party] to produce some documents and withhold others, depending on [the responding party's] *ex parte* determination of relevancy." *Id.* Conversely here, Armory argues that it was somehow entitled to *silently* object to Request No. 60 by simply concealing the responsive evidence.[17] In a word, Armory is not entitled to make its own *ex parte* determination of relevancy.

Moreover, the obvious problem with Armory's abuse of the discovery process is that it severely prejudiced Defendants. Armory's decision to unilaterally conceal evidence made it impossible for Defendants to evaluate or identify the breadth of Armory's public disclosures of its alleged trade secret and proprietary information. Unfortunately, the withheld information presently before the Court is only what Defendants obtained through third-parties who voluntarily came forward with their communications with Armory.[18] Armory's attempt to suppress information is only further evidenced by its failed attempt to impose a gag order, which would have prevent third-parties from learning of the litigation and coming forward with additional information.[19] At this

---

[15] Dkt. 178-5, at pg. 4.
[16] *Id.*
[17] Dkt. 182, at pg. 12.
[18] Dkts. 179-1:179-9.
[19] *See* Dkt. 143.

stage in the litigation, it is impossible for Defendants to determine how many other public disclosures were made by Armory and its agents related to the CAV-15.

Regardless, the ESI withheld by Armory is relevant. In fact, the ESI concerns the same features of the CAV-15 that Armory is presently claiming to be secret and proprietary on summary judgment.[20] For example, Armory argues that it withheld the communications with Mr. King because the "ribbing in the CAV-15 MKII production model" is not part of Armory's alleged secrets and proprietary information.[21] Yet, on summary judgment, Armory claimed that the "internal rib design of the CAV-15" was, indeed, part of its alleged trade secrets and proprietary information.[22] Specifically, Armory states:

> The internal rib design of the CAV-15 is clearly business, scientific, technical, and engineering information, that include patters, designs, and prototypes. The internal ribbing pattern is neither standard nor uniform. . . **The design of the CAV-15, including the internal ribbing, derives economic value from not being generally known, which is evidenced by the fact that prior to the KP-15, the CAV-15 was the only viable monolithic polymer lower receiver on the market**.[23]

If Armory was not claiming an interest in the internal ribbing to the "CAV-15 MKII production model[,]" then why did it argue it derived "economic value" from being the "only viable monolithic polymer lower receiver on the market" on summary judgment?[24] In a word, Armory cannot take a new position on this issue to avoid sanctions, while it is presently asserting the same information to be a trade secret on summary judgment.

---

[20] *See* Dkt. 143.
[21] Dkt. 182, at pg. 4.
[22] Dkt. 143, at pgs. 19-20.
[23] *Id.* (emphasis added).
[24] *Id.*

6

Finally, it is abundantly clear that Armory withheld the emails in discovery because they directly contradict the testimony of Armory's Rule 30(b)(6) designee, Jud Gudgel, who stated that it "never publicly disclosed" its alleged trade secrets and proprietary information.[25] If Armory's disclosures to third-parties were not relevant, then why did Mr. Gugdel bother to make this statement on summary judgment at all? These highly relevant emails with Mr. King and others establish public disclosure of Armory's alleged trade secrets and proprietary information.[26] They are not only relevant to Armory's trade secret claims, but they are also relevant to the breach of NDA claims, because both NDAs in this case expressly excluded any information "in the public domain[.]"[27] Indeed, concealing the emails allowed Armory to maintain its assertion on summary judgment that it never publicly disclosed its alleged proprietary information outside of the "2015 & 2018 Investment Packets" disclosed to KEA and Brownells under the NDAs.[28] In all, Armory's decision to withhold emails in discovery was deliberate, it prejudiced Defendants, and it is sanctionable.

## C.   SANCTIONS ARE WARRANTED AGAINST ARMORY IN LIGHT OF ARMORY'S CONDUCT AND THE SEVERE PREJUDICE CAUSED TO DEFENDANTS.

The Tenth Circuit has stated: "[a] spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) (citing *103 Investors I, L.P. v. Square D*

---

[25] Dkt. 143-5, at ¶¶11-13.
[26] *See* Dkt. 179-1.
[27] Dkt. 124-7, pg. 3 (Limitations on Obligations).
[28] Dkt. 143, at pg. 7, 15 (Armory's Statement of Additional Material Fact No. 5).

7

*Co.*, 470 F.3d 985, 989 (10th Cir. 2006)). A party seeking sanctions for spoliation need not show that the other party acted in bad faith. *103 Investors I, L.P.*, 470 F.3d at 989.  Instead, courts are empowered to impose sanctions against a litigant who despoils relevant evidence upon a showing that the conduct prejudiced the opposing party. *See e.g., Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1197 (D. Utah 2011). In the context of trade secrets, courts find the requisite prejudice when the conduct precludes the opposing party from discovering the full scope of the alleged trade secrets, which impedes their ability to obtain evidence relevant to the claims and defenses at issue. *Id.*; *see e.g., Krumwiede v. Brighton Assocs.*, 2006 WL 1308629 (N.D.Ill.2006).

In this case, Armory admittedly withheld ESI after it was requested in discovery, and admittedly failed to search its email databases for the same requested ESI.[29] In fact, Armory readily admits to consciously withholding ESI and the identity of the ten witnesses.[30] For example, Mr. Jones' openly admitted that he did, indeed, correspond with each of the potential witnesses using Armory company email addresses.[31] Similarly, Mr. Jones admits to having possession, custody, and control of each of the Armory email addresses used to correspond to the unidentified witnesses.[32] Mr. Jones also concedes that he did not even "search the contents of the "sales@gwacsarmory.com" or "dealer@gwacsarmory.com" for the information requested" despite the fact that the information had been expressly requested in Request No. 60.[33] Thus, Armory was well-aware of these ten potential witnesses and the ESI it chose to withhold.

Further, Armory admits to intentionally withholding the ESI. According to Mr. Jones, he

---

[29] Dkt. 182-3, at ¶¶4-14.
[30] Dkt. 182, at pg. 4.
[31] Dkt. 182-3, at ¶¶4-14.
[32] *Id.* at ¶4.
[33] Dkt. 178-4, at p. 9. (Request No. 60).

chose to withhold the information because he believed the information was not "relevant to the claims and defenses in this case."[34] Mr. Jones' statement here is stunning, because it proves that (1) Mr. Jones was well-aware that this ESI and the ten witnesses existed, and (2) that Mr. Jones made a conscious decision to withhold the evidence in discovery.[35] As explained above, this proves that Mr. Jones silently objected to the scope of the discovery request by unilaterally withholding the evidence, all based upon his own *ex parte* determination of the evidence's potential relevancy. It must be understood that Mr. Jones is the same Armory employee who, on summary judgment, is alleged to have come up with the idea to put a QD socket on the CAV-15;[36] yet after receiving Request No. 60, he somehow also determined that his emails with Mr. King[37] and Nathaniel Hall[38] regarding QD sockets were irrelevant. Either these CAV-15 features were proprietary and relevant, or the they were not. Armory and Mr. Jones cannot have it both ways.

Finally, the prejudice caused to Defendants cannot be reversed. Armory's entire claim is predicated on the allegation that its trade secrets and proprietary information were not publicly known, yet it suppressed evidence showing that Armory publicly disclosed and discussed this information openly with third-parties. What is worse, Armory is presently asserting proprietary interests to the same CAV-15 features on summary judgment, after its vice president intentionally withheld evidence pertaining to the very same CAV-15 features. The Court should also consider the late stage of this litigation in determining the appropriate sanction for plaintiff's spoliation of evidence. Armory concealed documents and witnesses in discovery before discovery closed,

---

[34] Dkt. 182-3, at ¶14.
[35] *Id.*
[36] Dkt. 143, at pg. 7, 15 (Armory's Statement of Additional Material Fact No. 5).
[37] Dkt. 179-1.
[38] Dkt. 179-8.

precluding Defendants from being able to discover Armory's public disclosures as evidence in their dispositive motions. Such prejudice warrants terminating sanctions against Armory.

Notwithstanding the foregoing, if this Court is not inclined to dismiss the failure trade secret and NDA claims, the Court may alternatively: (a) strike the testimony of Armory's Rule 30(b)(6) designee, Jud Gudgel, that it "never publicly disclosed" its alleged trade secrets and proprietary information;[39] (b) preclude testimony form Armory that Armory that it never publicly disclosed its alleged trade secrets and proprietary information;[40] (c) preclude testimony from Armory that it took reasonable steps to maintain its trade secrets' secrecy; (d) presume or instruct the jury to infer that the communications would have been adverse to Armory;[41] and/or (e) presume or instruct the jury to infer suppressed communications would have shown the trade secrets and proprietary information were publicly disclosed.

## III.   <u>CONCLUSION</u>

Defendants respectfully request sanctions terminating Armory's trade secret and NDA contract claims, or, in the alternative, other sanctions related to Armory's publicly disclosure of its

/ / /

---

[39] Dkt. 143-5, at ¶¶11-13.
[40] *See e.g., Yi Min Ren v. Prof. Steam-Cleaning, Inc.,* 706 N.Y.S 2d 169, 169-70 (N.Y App. Div. 2000); *see e.g., Bridgestone/Firestone North American, LLC v. Campbell,* 574 S.E.2d 923, 928 (Ga. App. 2002); *see e.g., Tandycrafts, Inc. v. Bublitz* No. 3:97-CV-1074-T, 2002 WL 324290 (N.D. Tex Feb. 27, 2002).
[41] *See, e.g., In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 385–87 (9th Cir. 2010).

alleged trade secrets and proprietary information. Finally, Defendants request such further relief as the Court deems just and proper, and for its fees and costs incurred herein.

Dated this 28th day of December, 2022.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 */s/Robert P. Fitz-Patrick*
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

**-AND-**
 **MARQUIS AURBACH**

*/s/ Alexander K. Calaway*
 Brian R. Hardy, Esq.
 Nevada Bar No. 10068
 *Admitted Pro Hac Vice*
 Alexander K. Calaway, Esq.
 Nevada Bar No. 15188
 *Admitted Pro Hac Vice*
 10001 Park Run Drive
 Las Vegas, Nevada 89145
 Tel: 702-382-0711
 bhardy@maclaw.com
 acalaway@maclaw.com
 **ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFF**

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 28th day of December, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Tadd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
15 East Fifth St, Suite 3800
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF AND
THIRD- PARTY DEFENDANTS

*/s/ Alexander K. Calaway*

12