IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GWACS ARMORY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 4:20-cv-0341-CVE-SH |
| **KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON,** | ) ) ) ) ) | BASE FILE<br><br>Consolidated with:<br>Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| **Defendants.** | ) | |
| and | ) | |
| | ) | |
| **KE ARMS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| **GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO SUPPLEMENT THEIR DISPOSITIVE MOTION BRIEFING (DKT. 117, 118, 119, 120, 159, 160, 161, 162) WITH EVIDENCE WITHHELD BY PLAINTIFF IN DISCOVERY (DKT. 176)**

Pursuant to LCvR7.1(f), defendants, by and through their attorneys of record, hereby file their reply to their motion requesting leave to supplement their pending motion for summary judgment briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) with evidence withheld by plaintiff GWACS Armory, LLC ("Armory") in discovery (Dkt. 176). This reply is made and based upon the attached memorandum of points and authorities, any oral argument permitted by the Court at hearing on this matter.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

**I.  ARGUMENT**

Before the Court is Defendants' joint request to supplement their motions for summary judgment with evidence withheld in discovery by Plaintiff GWACS Armory, LLC ("Armory").[2] Whether to allow supplemental briefing is a "supervision of litigation" question that the Tenth Circuit reviews for abuse of discretion. *Geddes v. United Staffing All. Emple. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006) (articulating this standard in the summary judgment context) (quoting *Pippin v. Burlington Res. Oil & Gas*, 440 F.3d 1186, 1192 (10th Cir. 2006)) (internal quotations omitted). LCvR7.1(f) provides that supplemental briefs may be filed only upon motion and leave of Court.  In this case, after dispositive motions were filed, defendants learned of material evidence that was withheld by Armory in discovery.

One of the central issues currently before the Court on summary judgment is whether certain features of a CAV-15 firearm were trade secret and/or proprietary. If this information was made public by Armory, then it (a) ceases to be a trade secret,[3] and (b) ceases to be "proprietary"

---

[1] Defendants incorporate by reference the facts, law, and argument set forth in their reply brief filed in support of their motion for sanctions (Dkt. 184).

[2] Specifically, Defendants seek to supplement their dispositive motion briefing with: (1) the Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with accompanying exhibits (Dkt. 179); and (2) the Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment with its accompanying exhibit (Dkt. 180).

[3] This is because a "trade secret" is only a trade secret if (a) the person claiming the trade secret "has taken reasonable measures to keep such information secret" and (b) the information is not "readily ascertainable" through other proper sources. 18 U.S.C. § 1839(3). This is a well-established principle in both state and federal trade secret law. *See e.g., Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222 (S.D. N.Y. 2021) (New York law and DTSA); *See e.g., Public Systems, Inc. v. Towry*, 587 So. 2d 969, 973, 21 U.S.P.Q.2d 1220 (Ala. 1991) (Alabama law); *see e.g., Mobile Medical Intern. Corp. v. U.S.*, 95 Fed. Cl. 706, 737-38 (2010) (construing Vermont version of UTSA); *see e.g., W.L. Gore & Associates, Inc. v. GI*

under the relevant non-disclosure agreements in this case.[4] Critically, the evidence that was withheld by Armory establishes, among other things, Armory's self-disclosure of its alleged trade secrets and proprietary information. Because the evidence was withheld by Armory during discovery, the defendants were unable to use this evidence in their pending summary judgment briefing.[5] In its opposition, Armory does not dispute the fact that it withheld this evidence in discovery, but instead, opposes Defendants' request for essentially two reasons.

First, Armory falsely asserts that the electronically stored information ("ESI") that it withheld in discovery was not requested in discovery. In reality, KE Arms, LLC's Request for Production No. 60 ("Request No. 60") expressly requested the production of this ESI.[6] In fact, Armory even responded to Request No. 60, without objection, while simultaneously concealing this responsive ESI.[7] Second, Armory argues that it withheld the evidence because it unilaterally decided the evidence was not relevant to the claims and defenses in this case. But the evidence is relevant, and in fact, it concerns the same CAV-15 features that Armory presently claims to be trade secret and proprietary on summary judgment.[8] Armory cannot withhold evidence related to

---

*Dynamics, Inc.,* 872 F. Supp. 2d 883 (D. Ariz. 2012) (Arizona law); *Instant Technology, LLC v. DeFazio,* 40 F. Supp. 3d 989, 38 I.E.R. Cas. (BNA) 427 (N.D. Ill. 2014) (applying Illinois law).
[4] Dkt. 124-7, pg. 3 (Limitations on Obligations).
[5] *See* Dkt. 117, 118, 119, 120, 159, 160, 161, 162.
[6] Dkt. 178-4, at p. 9. (Request No. 60).
[7] Dkt. 178-5, at pg. 4.
[8] For example, Armory argues that it withheld the communications with Mr. King because the "ribbing in the CAV-15 MKII production model" is not part of Armory's alleged secrets and proprietary information. Dkt. 182, at pg. 4. Yet, on summary judgment, Armory claimed that the "internal rib design of the CAV-15" was, indeed, part of its alleged trade secrets and proprietary information. Dkt. 143, at pgs. 19-20. Specifically, Armory states:
> The internal rib design of the CAV-15 is clearly business, scientific, technical, and engineering information, that include patters, designs, and prototypes. The internal ribbing pattern is neither standard nor uniform. . . The design of the CAV-15, including the internal ribbing, derives economic value from not being generally known,

3

the same information it is presently asserting to be a trade secret on summary judgment.

Further, Armory's determination of relevancy does not justify its unilateral decision to conceal evidence, especially when Armory responded to Request No. 60 without any objection. *See e.g., Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 648 (N.D. Ind. 1991). To be sure, "[t]here is no middle ground entitling [a responding party] to produce some documents and withhold others, depending on [the responding party's] *ex parte* determination of relevancy." *Id*. Simply put, Armory was not entitled to silently object to Request No. 60 by simply concealing the responsive evidence. Nor is Armory entitled to produce only some documents and withhold others, depending on its own *ex parte* determination of relevancy.

## II.     CONCLUSION

Given the foregoing, the Court should grant Defendants leave to supplement their briefing with this undisclosed evidence, especially since the evidence withheld by Armory only further disproves its allegation that this information was "not publicly known."[9] Therefore, defendants respectfully request to supplement their pending motions with: (1) the Supplemental Declaration of Russell Phagan in Support of Defendants' Motion for Summary Judgment Briefing with the

/ / /

---

[9] Dkt. 143, at pg. 2; *see also* Dkt. 2, at ¶¶ 53-57, 59-67. which is evidenced by the fact that prior to the KP-15, the CAV-15 was the only viable monolithic polymer lower receiver on the market [*id.*].

accompanying exhibits;[10] and (2) the Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment with its accompanying exhibit.[11]

Dated this 28th day of December 2022.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

/s/Robert P. Fitz-Patrick
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS**

-AND-

**MARQUIS AURBACH**

/s/ Alexander K. Calaway
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
Tel: 702-382-0711
bhardy@maclaw.com
acalaway@maclaw.com
**ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFF**

---

[10] Dkt. 179.
[11] Dkt. 180.

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 28th day of December, 2022. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Tadd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
15 East Fifth St, Suite 3800
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF AND
THIRD- PARTY DEFENDANTS

                                                     */s/ Alexander K. Calaway*