+                    **UNITED STATES DISTRICT COURT FOR THE**
                     **NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GWACS ARMORY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0341-CVE-CDL** |
| | ) | <u>**BASE**</u> <u>FILE</u> |
| **KE ARMS, LLC, RUSSELL** | ) | **Consolidated with:** |
| **PHAGAN, SINISTRAL SHOOTING** | ) | **Case No. 21-CV-0107-CVE-JFJ** |
| **TECHNOLOGIES, INC.,** | ) | |
| **BROWNELLS, INC., and** | ) | |
| **SHAWN NEALON,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KE ARMS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GWACS ARMORY, LLC, GWACS** | ) | |
| **DEFENSE INCORPORATED,** | ) | |
| **JUD GUDGEL, RUSSELL ANDERSON,** | ) | |
| **DOES I through X, and ROE** | ) | |
| **CORPORATIONS I through X,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

This matter comes on for consideration of Defendants' Motion for Leave to Supplement their

Dispositive Motion Briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) with Evidence Withheld

by Plaintiff in Discovery (Dkt. # 176).   Defendants have filed motions for summary judgment (Dkt.

## 117, 118, 119, 120), and they claim that plaintiff withheld relevant evidence during pretrial

discovery.  Defendants have also filed a motion to sanction plaintiff for withholding evidence.  Dkt.

# 177.  The new evidence primarily consists of communications by plaintiff's officers or employees in which alleged proprietary information or trade secrets were publicly disclosed to third-parties without attempts to maintain secrecy over the information. Dkt. # 176, at 5-7.  Plaintiff responds that defendants did not actually make a discovery request for the evidence, and the new evidence does not tend to show that plaintiff failed to maintain the secrecy of proprietary materials or trade secrets. Dkt. # 183.

Plaintiff filed this case alleging that defendants violated non-disclosure agreements (NDA) by developing a new product using proprietary information or trade secrets that were disclosed to defendants pursuant to the NDAs.  A key issue in this case is whether the information disclosed pursuant to the NDAs was actually proprietary information or trade secrets, and defendants argue that new evidence shows that plaintiff made public disclosures of the information without any safeguards or attempts to maintain secrecy.  Plaintiff disputes that defendants specifically requested this evidence in pretrial discovery, but the Court declines to consider a discovery dispute at this stage of the case.  The new evidence was discovered after defendants' dispositive motions had been filed, and the new evidence is potentially relevant to the Court's ruling on those motions.  The Court finds that defendants' request to supplement the summary judgment record is granted, and the Court will permit plaintiff to file a brief supplemental response addressing the new evidence.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Supplement their Dispositive Motion Briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162) with Evidence Withheld by Plaintiff in Discovery (Dkt. # 176) is **granted**.  Defendants' may file supplemental declarations of Russell Phagan and Thomas McBride no later than **January 4, 2023**.

2

**IT IS FURTHER ORDERED** that plaintiff may file a supplemental response not to exceed 10 pages concerning the supplemental declarations of Phagan and McBride no later than **January 6, 2023**.

**DATED** this 30th day of December, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3