## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GWACS ARMORY, LLC | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.: 4:20-cv-0341-CVE-SH** |
| KE ARMS, LLC, RUSSELL PHAGAN, | ) | **BASE FILE** |
| SINISTRAL SHOOTING | ) | |
| TECHNOLOGIES, LLC, BROWNELLS, | ) | Consolidated with: |
| INC., and SHAWN NEALON, | ) | Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| **Defendants.** | ) | |
| and | ) | |
| | ) | |
| KE ARMS, LLC, | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| GWACS ARMORY, LLC, GWACS | ) | |
| DEFENSE INCORPORATED, JUD | ) | |
| GUDGEL, RUSSEL ANDERSON, DOES I | ) | |
| through X, and ROE CORPORATIONS I | ) | |
| through X, | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' SUPPLEMENT TO THEIR
## DISPOSITIVE MOTION BRIEFING (DKT. 117, 118, 119, 120, 159, 160, 161, 162)

On December 30, 2022, this Court granted Defendants' Motion for Leave to Supplement their Dispositive Motion Briefing with Evidence Withheld by Plaintiff in Discovery (Dkt. 186) (the "Order"). Pursuant to Order, Defendants, by and through their attorneys of record, hereby formally file the supplemental declarations of Russell Phagan and Thomas McBride in support of the Defendants pending motion for summary judgment briefing (Dkt. 117, 118, 119, 120, 159, 160, 161, 162).

As this Court aptly stated in its Order (Dkt. 186), "plaintiff filed this case alleging that defendants violated non-disclosure agreements (NDA) by developing a new product using proprietary information or trade secrets that were disclosed to defendants pursuant to the NDAs" and that a "key issue in this case is whether the information disclosed pursuant to the NDAs was actually proprietary information or trade secrets".[1] Dkt. 166, at 2.   Further, this Court acknowledged that the "new evidence primarily consists of communications by plaintiff's officers or employees in which alleged proprietary information or trade secrets were publicly disclosed to third-parties without attempts to maintain secrecy over the information." *Id.*  As such, this Court granted defendants' request to supplement the summary judgment record and to file the supplemental declarations of Russell Phagan[2] and Thomas McBride[3] which clearly evidence that

/ /

---

[1] As this Court is well aware, a "trade secret" is only a trade secret if (a) the person claiming the trade secret "has taken reasonable measures to keep such information secret" and (b) the information is not "readily ascertainable" through other proper sources. 18 U.S.C. § 1839(3); *see e.g., Town & Country Linen Corp. v. Ingenious Designs LLC,* 556 F. Supp. 3d 222 (S.D. N.Y. 2021) (New York law and DTSA); *See e.g., Public Systems, Inc. v. Towry,* 587 So. 2d 969, 973, 21 U.S.P.Q.2d 1220 (Ala. 1991) (Alabama law); *see e.g., Mobile Medical Intern. Corp. v. U.S.,* 95 Fed. Cl. 706, 737-38 (2010) (construing Vermont version of UTSA); *see e.g., W.L. Gore & Associates, Inc. v. GI Dynamics, Inc.,* 872 F. Supp. 2d 883 (D. Ariz. 2012) (Arizona law); *Instant Technology, LLC v. DeFazio,* 40 F. Supp. 3d 989, 38 I.E.R. Cas. (BNA) 427 (N.D. Ill. 2014) (applying Illinois law).

[2] *See* Supplemental Declaration of Russell Phagan in Support of Defendants' Motions for Summary Judgment Briefing (DKT. 117, 118, 119, 120, 159, 160, 161, 162), attached hereto as **Exhibit A**.

[3] *See* Declaration of Timothy McBride in Support of Defendants' Motions for Summary Judgment Briefing (DKT. 117, 118, 119, 120, 159, 160, 161, 162), attached hereto as **Exhibit B**.

the plaintiff's alleged proprietary information or trade secrets were publicly disclosed to third-parties without any attempt to maintain secrecy over the information.[4] *Id.*

  Dated this 4th day of January, 2023.

            Respectfully submitted,

            **HALL, ESTILL, HARDWICK, GABLE,**
            GOLDEN **& NELSON, P.C.**

             */s/Robert P. Fitz-Patrick*
            Robert P. Fitz-Patrick, OBA #14713
            320 South Boston Avenue, Suite 200
            Tulsa, OK  74103-3706
            Telephone: (918) 594-0400
            Facsimile: (918) 594-0505
            Email:  rfitzpatrick@hallestill.com
            **ATTORNEYS FOR**
            **DEFENDANTS/COUNTER-PLAINTIFFS**

            **-AND-**

---

[4] By way of example, plaintiff claimed that the "internal rib design of the CAV-15" was, part of its alleged trade secrets and proprietary information (Dkt. 143, at pgs. 19-20) while actively sending out pictures showing the internal rib designs of the CAV-15 to Kenneth King so he could "modify it for some sling points." *See* **Exhibit A** at Exhibit 1; *see also* Exhibit 3 (correspondence regarding and pictures of the internal rib designs shared with Angus Anderson); Exhibit 4 (correspondence regarding and pictures of the internal rib designs shared with MKO Firearms). Furthermore, Plaintiff claimed it was a trade secret that "the future product design for the CAV-15 included a QD swivel socket… the grip would be changed for greater comfort, that there would be an enlarged trigger guard" (Dkt. 143, at pg. 15) while corresponding Kenneth King acknowledging making a second generation lower which would include his recommendations of a modified grip, an enlarged trigger guard (Mr. King uses the phrase FCG which stands for Fire Control Group and generally refers to the trigger and its component parts). *See* **Exhibit A** at Exhibit 1; *see also* Exhibit 8 (correspondence from Shel Jones to Nathaniel Hall directly informing him that "We are also hoping to launch a next generation lower that will have adjustability in length and multiple QD sockets."). Plaintiff also claimed its pricing was confidential but actively sent such information to members of the public.  *See* **Exhibit A** at Exhibit 2; *see also* **Exhibit B** at Exhibit 1.  Finally, plaintiff was more than willing to share with its customer Mark Blaneknau the alleged proprietary makeup of their polymer as "Nylon 6 with 20% glass fill" (*see* **Exhibit A** at Exhibit 5) and discuss openly with Mike Dillemuth on his YouTube channel (https://youtu.be/5_Um1oSS4Yc) the plaintiffs dies and tooling (*see* **Exhibit A** at Exhibit 7).

MARQUIS AURBACH

*/s/ Brian R. Hardy*
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
Tel: 702-382-0711
bhardy@maclaw.com
acalaway@maclaw.com
**ATTORNEYS FOR
DEFENDANTS/COUNTER-PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 4th day of January, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    James E. Weger, Esq.
    Tadd J.P. Bogan, Esq.
    JONES, GOTCHER & BOGAN, P.C.
    15 East Fifth St, Suite 3800
    Tulsa, OK 74103
    ATTORNEYS FOR THE PLAINTIFF AND
    THIRD- PARTY DEFENDANTS

        */s/ Brian R. Hardy*