# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GWACS ARMORY, LLC,** an Oklahoma limited liability company, ) ) ) **Plaintiff,** ) ) v. ) ) **KE ARMS, LLC** ) **RUSSEL PHAGAN, SINISTRAL SHOOTING** ) **TECHNOLOGIES, LLC** ) **BROWNELLS, INC.** and ) **SHAWN NEALON,** ) ) **Defendants,** ) ) and ) ) **KE ARMS, LLC,** ) ) **Plaintiff,** ) ) v. ) ) **GWACS ARMORY, LLC, GWACS** ) **DEFENSE INCORPORATED,** ) **JUD GUDGEL, RUSSEL ANDERSON,** ) **DOES I through X, and ROE** ) **CORPORATIONS I through X,** ) ) **Defendants.** ) | Case No. 20-CV-0341-CVE-SH <u>**BASE FILE**</u> Consolidated with: Case No. 21-CV-0107-CVE-SH |

### PLAINTIFF'S MOTION FOR RECONSIDER
### PARTIAL GRANTING OF SUMMARY JUDGMENT

**COMES NOW**, Plaintiff, GWACS Armory, LLC ("Armory's"), by and through its attorneys of record, and pursuant to Fed. R. Civ. P 59 & 60, respectfully requests the Court reconsider its order granting partial summary judgment [Dkt. #191], holding that Armory's claim against KE Arms, LLC ("KEA") for misappropriation of trade secrets relating to the design,

composition and features of the MK I and MK II is not permissible, and in support thereof states as follows:

## INTRODUCTION

The parties to this action filed voluminous Motions for Summary Judgment relating to highly technical issues. KEA filed Defendant KE Arms, LLC's Motion for Summary Judgment [Dkt. #117] ("KEA's Motion"), and Armory filed Plaintiff GWACS Armory, LLC's Joint Response to Defendants' KE Arms, LLC's, Russell Phagan's, and Sinistral Shooting Technologies, LLC's Motions for Summary Judgment [Dkt. #143] ("Armory's Response"). KEA further filed Defendants' Supplement to Their Dispositive Briefing [Dkt. # 187], and Armory filed Plaintiff's Response to Defendants' Supplement to Their Dispositive Briefing [Dkt. #188]. On February 23, 2023, the Court entered an Opinion and Order [Dkt. #191] granting in part and denying in part KEA's Motion. Armory hereby requests the Court reconsider one ruling in its Opinion and Order, and deny KEA's Motion as it relates to the Armory's claim for misappropriation of trade secrets regarding KEA's use of the design, composition, and features of the MK I and MK II receivers. (*See* Opinion and Order [Dkt. 191] at pp. 23, 25 & 26) Armory's request is made because it believes the Court may need clarification regarding certain CAV-15 design features that were not publicly disclosed, and were not contained in the CAV-15 MK I and MK II receivers sold to the general public. Specifically, the structural ribbing design misappropriated by KEA was not publicly known and was not included in the CAV-15 lower receivers sold to the general public.

## ARGUMENTS & AUTHORITIES

Russell Phagan's ("Phagan") company, Sinistral Shooting Technologies, LLC ("SST"), sold Armory the CAV-15 CAD files, which he represented were "only owned by" SST, and were

not owned by Cavalry Manufacturing, LLC.[1] Thereafter, KEA used Armory's CAV-15 CAD files to design the KP-15.[2] The CAV-15 internal rib design features that KEA misappropriated were not available for purchase by the general public.[3] The internal rib structure in the CAV-15 MKII receivers Armory produced and sold is not the same as the rib design in the KP-15. The internal rib design KEA used in the KP-15 was an alternative rib design for the CAV-15, and was different from the internal ribbing contained in the lower receivers Armory actually produced and sold to the public. The ribbing design used by KEA was not available for purchase because it only existed in the CAV-15 CAD files Armory purchased from SST.

To assist the Court with visualizing the differences between the ribbing in the lowers Armory sold and the ribbing on Armory's CAV-15 CAD files, Armory directs the Court to Defendants' Supplement to Their Dispositive Briefing [Dkt. 187-1 at pp. 46 & 7], Declaration of Russel Phagan in Support of Defendants' Motion for Summary Judgment, Exhibits 33 & 66 [Dkt. 124-33, p. 13 & 124-66 at p. 2], and Armory's Response, Exhibits 34 and 35 [Dkt. 143-34 & 134-35]. When you compare the photographs of the internal rib structures of the CAV-15 MKII sold to the public [Dkt. # 124-66 & 187-1 p. 46] to the CAM files for the KP-15 [Dkt. 124-33, p. 13], you will see, among other things, that photographs of the inside of the publicly available CAV-15 MK II do not have the seven (7) vertical ribs in the top portion of the buttstock. However, when you compare the CAD design drawings of the CAV-15's alternative rib design [Dkt. # 143-34] to the CAM design of the KP-15 [Dkt. # 143-35] you can see that the seven (7) vertical ribs in the

---

[1] *See* Opinion and Order, Dkt. # 191 at p. 4; and Armory's Response, Dkt. # 143-17 at pp. 1, 2 & 6, and 143-9.
[2] *See* Dkt. # 143 at pp. 5-6, ¶¶ 9-11 & p. 7, ¶ 2; and Dkt. #143-33, 143-42, 143-34 & 143-35.
[3] *See* Dkt. # 143 at p. 3, ¶ 3, and p. 19 & Dkt. # 182 at p. 4 ¶ 1. For clarification, when Beltran says he saw the design in the CAV-15 model, he is referring to the 3D CAD model of the CAV-15, not a physical model.

KP-15 are identical to the seven (7) vertical ribs in the CAV-15 alternative rib design. The foregoing rib design was contained only in the CAV-15 CAD files. There are an equal number of ribs in the CAV-15 and KP-15 drawings, and the ribs are all equally spaced in both the CAV-15 and KP-15 drawings. Jovan Beltran ("Beltran"), who merged the CAV-15 CAD files into Mastercam [Dkt. #143-42] admitted he "saw the ribbing design in the CAV-15 model that was a CAD file." [Dkt. #143-14 at p. 50]. Even KEA's own expert stated in his report that "[t]he KP-15 appears to share the vertical rib placement of the CAV-15 3D [CAD] model…"[4] During Beltran's deposition, when he compared Dkt. # 143-34 & 143-35, he agreed: (1) that they are the same, and (2) that the drawing on Dkt. #143-34 is the design he looked at on the CAV-15 CAD files.[5] The CAV-15 receivers sold publicly have only three (3) vertical ribs in the top portion of the buttstock. Based upon the foregoing, it is clear the CAV-15 alternative rib design was neither publicly available nor the design that was shared with Armory's customers.

Further, there are certain lines and features that appear on the CAV-15 CAD models, called transition lines or knit lines. The transition lines are not visible in the production model of the CAV-15 polymer lowers.[6] However, the transition lines for the KP-15 and CAV-15 MK II are identical. Although the transition lines used by KEA were the same as the transition lines in the commercially available CAV-15 MK II receivers, those lines are not visible or otherwise ascertainable without the CAD files, and are unique to the design of the CAV-15. The transitions lines can be seen on Dkt. #143-34 & 35 where the numbers 2.753 are located. Those lines can be better visualized in Dkt. # 124-33 at pp. 5, 7 & 14 (the transition lines are highlighted in green on Dkt. 124-33 at p. 7). Looking at page 13 of Dkt. # 124-33, you can see there are no internal ribs

---

[4] *See* Dkt. #143-33 at p. 9.
[5] *See* Dkt. # 143-14 a p. 12/72, l. 13 – p.16/76, l. 25.
[6] *See* Dkt. # 124-33 at pp. 5, 7 & 14 compared to Dkt. # 143-31, and Dkt. 124-62 at p. 12.

4

where the transition lines are located, rather they are simply lines denoting where there is a transition in the surface of the receivers. This is further evidence that KEA used Armory's CAD files for the MK II, and those features can only be seen in the CAV-15 CAD files.

Because there are questions of fact regarding whether or not KEA misappropriated trade secrets relating to the alternative internal rib design of the CAV-15 MK II, as well as the transition lines of the CAV-15 MK II, Armory requests the Court reconsider its ruling that Armory may not proceed with its misappropriation of trade secrets claim as to alleged misappropriation of the design, production, or features of the MK I or MK II receivers.

**WHEREFORE**, premises considered, Plaintiff GWACS Armory, LLC prays the Court deny Defendant KE Arms, LLC's Motion or Summary Judgment [Dkt. # 117] regarding Armory's misappropriation of trade secrets claim alleging misappropriation of the design, production, or features of the MK I or MK II receivers.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

 s/Tadd J.P. Bogan
Tadd J.P.Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
          jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 13, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the record currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                                   s/Tadd J.P. Bogan
                                                   Tadd J. P. Bogan