UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GWACS Armory, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:20-cv-341-JDR-SH |
| | ) | (BASE FILE) |
| v. | ) | Consolidated with: |
| | ) | 21-cv-107-JDR-SH |
| KE Arms, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S POSITION ON REALIGNMENT & JOINDER

**COMES NOW**, Plaintiff, GWACS Armory, LLC ("GWACS"), by and through its attorneys of record, and pursuant to the Court's request, submits the following positions, arguments, and authorities relating to the realignment of parties and/or joinder of Kinetic Energy Arms, LLC ("Kinetic") and R&M Holdings, LLC ("R&M") as parties hereto:

### STATEMENT OF FACTS ("SOF")

1. Upon information and belief, substantially all of the assets of Defendant/Counterclaim Plaintiff, KE Arms, LLC ("KEA"), were sold to Kinetic in or after February of 2023. *See* AZ Corp Comm. Entity Information attached hereto as Exhibit "1", and www.kearms.com screenshot attached hereto as Exhibit "2".

2. Russell Phagan, the former head of sales and marketing for KEA, and lead on the KP-15 project for KEA, is the sole member of Kinetic. *See* Kinetic Articles of Organization attached as Exhibit "3", 2021 Deposition of Michael Kenney, attached hereto as Exhibit "4", p. 58, l. 14-16, p. 77, l. 4-6, p. 78, l. 2-13, p. 88, l. 9 – p. 89, l. 25, p.99, l. 1-4, & p. 258, l. 6-p. 259, l. 22 and 2022 Deposition of Kenney attached as Exhibit "5", p. 26, l. 1-11, & p. 72, l. 3-10.

3. Based upon the foregoing, KEA's assets were sold to Phagan, an insider of KEA.

4. Further, KEA's Federal Firearms License ("FFL") expired on August 1, 2022. *See* FFL Checks attached hereto as Exhibit "6".

5. Kinetic obtained its FFL, which is valid for three years, in July of 2023. *See* FFL Check for Kinetic attached hereto as Exhibit "7".

6. Another entity, R & M Holding, LLC ("R&M"), also holds an FFL at the same address as KEA/Kinetic. R&M was formed August 15, 2022, the same month KEA's FFL expired. R&M is owned in part by Mike and Barabara Kenney's trust. *See* Articles of Organization for R & M Holding, LLC, attached hereto as Exhibit "8".

7. R&M's three-year FFL expires in November of 2025; therefore, its FFL was obtained in November of 2022, shortly after KEA's FFL expired. *See* R&M FFL Check attached hereto as Exhibit "9".

8. It appears from the facts above that Kinetic and/or R&M are alter egos of defendant KEA, and that all of KEA's assets have been transferred to one or both entities to avoid any judgment entered in this matter.

9. Initially KEA stated that KEA's sale of assets was to pay for KEA's legal fees related to this litigation, but when it was mentioned that Phagan would not have the ability to purchase KEA's assets[1], KEA said the assets were transferred to Kinetic for past compensation that was owed to Phagan.

10. KEA has failed a refused to be transparent with the transactions described herein, which is consistent with KEA's behavior throughout this litigation.

---

[1] In his deposition, Phagan stated that he was paid $500 a month by KEA as an employee, and averages somewhere between $40,000 and $50,000 a year between everything from KEA. *See* Phagan Deposition, Exhibit "10", p. 199, l. 12-p. 200, l. 17.

## **ARGUMENTS AND AUTHORITIES**

Kinetic continues to sell the KP-15 and KP-9, both of which were developed using GWACS's trade secrets at issue in this lawsuit, making Kinetic liable to GWACS under both of its theories of liability against KEA. *See* SOF No. 1. Kinetic is also liable to KEA—and therefore, to GWACS—under the theory of successor liability. In Oklahoma, the general rule is that "when one company sells or otherwise transfers all its assets to another company, the successor is not liable for the debts and liabilities of the seller." *Crutchfield v. Marine Power Engine Co.*, 2009 OK 27, ¶ 1, 209 P.3d 295, 297. However, four notable exceptions to the general rule exist, to wit: "1) an agreement exists to assume such debts or liabilities; 2) the corporations are consolidated or merged; 3) the transaction was fraudulent; or 4) the purchasing corporation is a mere continuation of the selling company." *Id*. At least two of the four exceptions above exist herein because: (i) the transfer of KEA's assets to Kinetic was fraudulent; and (ii) Kinetic is merely a continuation of KEA.

Under the "mere continuation exception," Oklahoma courts will examine "whether there is a common identity of directors, officers, and stockholders before and after the sale, whether there was good consideration for the sale, and whether the seller corporation continues to exist in fact." *Crutchfield v. Marine Power Engine Co.*, 2009 OK 27, ¶ 17, 209 P.3d 295, 301. The fact that KEA is still in existence in some form is not disputed; however, the extent to which KEA exists is presently unknown. KEA and Kinetic appear to have common officers and/or directors because Phagan, the manager of Kinetic, was the former director of sales and marketing for KEA. *See* SOF No. 2. Further, KEA has produced nothing to show that there was valuable consideration for transferring substantially all of its assets to Kinetic. Initially KEA claimed, through its counsel, that assets were sold to pay legal fees associated with this lawsuit. Later, in the same conversation, counsel for KEA stated that Phagan had not been compensated for some period of time and that

3

the transfer of assets was a form of back pay. According to KEA's counsel, there is no written agreement between KEA and Kinetic relating to KEA's transfer of assets to Kinetic, and no details of the aforementioned transaction have been provided. Furthermore, Kinetic is a distinct entity separate and apart from Phagan, and there is no reason to believe KEA owed Kinetic money. Based upon the foregoing, it appears all, or substantially all, of KEA's assets were transferred to Kinetic without consideration, and is merely a continuation of KEA's business through another entity with the same initials as KEA.

In a similar vein, the transaction between KEA and Kinetic was fraudulent. Phagan, as a director and insider of KEA, was aware of this lawsuit, and has been heavily involved in this lawsuit. The transfer of assets from KEA to Kinetic was clearly designed to delay and hinder collections efforts in this lawsuit. Okla. Stat. tit. 24, § 116 (A)(1). Further, KEA made such transfer of assets to Kinetic "without receiving a reasonably equivalent value in exchange" for same. Okla. Stat. tit. 24, § 116 (A)(2). Therefore, the transfer is clearly fraudulent under Oklahoma law.

GWACS currently cannot ascertain what assets R&M received or the nature and extent of their involvement with KEA. However, the timeframe surrounding R&M's FFL licensure at the same location as KEA and Kinetic raises questions as to R&M's involvement in KEA's attempts to hide assets. It is believed R&M may have received a portion of KEA's assets. To the extent R&M is engaging in the sale of the KP-15 and KP-9, it would be liable under both theories asserted by GWACS against KEA. To the extent R&M received assets from KEA under circumstances similar to Kinetic, it would also be subject to successor liability as discussed *supra*.

**WHEREFORE,** premises considered, GWACS respectfully requests the Court join Kinetic and R&M to this lawsuit, or in the alternative, order that any judgment against KEA awarded herein is effective and enforceable against Kinetic and R&M. Kinetic clearly shares

liability with KEA in that its actions give rise to some or all of the theories of liability asserted herein against KEA, it is merely a continuation of KEA's business, and KEA's transfer of assets to Kinetic was fraudulent under Oklahoma law. Similarly, if R&M is involved in the sale of the KP-15 or KP-9, or received assets for KEA as part of its efforts to avoid liability herein, R&M should be joined or subject to any judgment rendered in this matter against KEA.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

 s/Tadd J.P. Bogan
Tadd J.P. Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
           jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the record currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

 s/Tadd J.P. Bogan
Tadd J. P. Bogan