## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GWACS Armory, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 4:20-cv-341-JDR-SH** |
| | ) | **(BASE FILE)** |
| **v.** | ) | |
| | ) | **Consolidated with:** |
| **KE Arms, LLC, et al,** | ) | **21-cv-107-JDR-SH** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**COMES NOW**, Plaintiff and Counterclaim Defendant, GWACS Armory, LLC, by and through its attorneys of record, and hereby respectfully request the Court submit the following instructions to the jury at the trial of this matter. Plaintiff reserves the right to request additional instructions to conform to the evidence presented during the trial of this matter.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**


 s/Tadd J.P. Bogan
Tadd J.P. Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
             jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

**Instruction No. __1__**

**OPENING INSTRUCTIONS**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is GWACS Armory. The party being sued is called the defendant. In this action, hte defendant is KE Arms.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer or attorney." I will sometimes refer to myself as the "Court." When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you

have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. [Further, you should avoid reading any news articles that might be published about the case. You should also avoid reading or researching anything on the internet about this case, the parties to this case, or the products involved in this case.]

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

3 Fed. Jury Prac. & Instr. § 101:01 (7th ed.) [modified]

**Instruction No. __2__**

**ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, plaintiff [GWACS Armory] will present evidence in support of plaintiff's claims and defendant, [KE Arms]'s lawyer may cross-examine the witnesses. At the conclusion of plaintiff's case, the defendant may introduce evidence and plaintiff's lawyer may cross-examine the witnesses. Defendant is not required to introduce any evidence or to call any witnesses. If defendant introduces evidence, plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

3 Fed. Jury Prac. & Instr. § 101:02 (7th ed.) [modified]

**Instruction No. __3__**

**CLAIMS AND DEFENSES**

The positions of the parties can be summarized as follows:

Plaintiff [GWACS Armory] claims that [it disclosed trade secrets related to the design, manufacture, and features of its CAV-15 MKIII and MKIV polymer lower receivers for firearms, its financial condition, its product pricing, that it was seeking investors to produce the CAV-15 MKIII and MKIV, the amount of investment it needed and sought from investors, the amount of inventory it had for the CAV-15 MKII, and its sales data. Armory claims that it disclosed its trade secrets to KE Arms pursuant to the Mutual Nondisclosure Agreement entered into between the parties on June 2, 2015. Armory claims that KE Arms misappropriated its trade secrets by using and/or disclosing its trade secrets in order to create the KP-15 polymer lower receiver for firearms. Specifically, GWACS Armory alleges that KE Arms misappropriated the trade secrets listed above to: (1) raise money to purchase the molds and equipment to make the KP-15 polymer lower receiver; (2) to design and manufacture the KP-15 polymer lower receiver; (3) to make the decision to manufacture the KP-15; (4) to price its KP-15 polymer lower receiver; and (5) enter the polymer lower receiver market. Plaintiff claims that it was damaged by defendant's misappropriation of its trade secrets, that defendant was unjustly enriched by its misappropriation of plaintiff's trade secrets, and that defendant's misappropriation of its trade secrets was willful and malicious, and that it is entitled to punitive damages as a result thereof.

Plaintiff further claims that defendant breached its contract with plaintiff, the Mutual Nondisclosure Agreement entered into between the parties on June 2, 2015, by using and/or exploiting GWACS Armory's trade secrets and proprietary information, as defined in the contract. Plaintiff further alleges that defendant breached the contract between the parties by using its trade

secrets and proprietary information for purposes other than those set forth in the contract. Finally, plaintiff claims that it was damaged by defendant's breach of the parties' Mutual Nondisclosure Agreement].

Defendant [KE Arms] denies those claims and contends that [GWACS Armory did not have trade secrets and did not disclose any trade secrets to KE Arms. Defendant further alleges that it did not use, exploit, or disclose plaintiff's trade secrets or proprietary information, as defined in the parties' Mutual Nondisclosure Agreement].

3 Fed. Jury Prac. & Instr. § 101:03 (7th ed.) [modified]

**Instruction No. __4__**

**JUROR CONDUCT – NO INDEPENDENT INVESTIGATION**

As far as your own conduct during the trial, I must caution you that you are not to discuss this case either among yourselves or with anyone else during the trial.

You must not permit any third person to discuss this case in your presence, and if anyone does so, despite your telling them not to, you should report that fact to me [or my Courtroom Deputy, Ms. Butler]. I understand that it is a normal human tendency to want to talk with people with whom one comes into contact; however, please do not, during the time you serve on this jury, speak, whether in or out of the courtroom, with any of the parties or their lawyers or any witnesses. By this I mean not only do not speak about the case but also do not speak at all even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

It is important that this trial is treated seriously and that the jury maintain proper decorum in the courtroom. Please refrain from talking to each other while we are on the record. Please do not react with any comments or other audible response to any questions asked by counsel or answers given by the witnesses.

In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard the attorneys' closing arguments and my instructions on the law. You will then be in a position to intelligently and fairly exchange your views with other jurors as you deliberate upon the verdict to be submitted to you.

• Since you will be deciding this case solely on the evidence received along with my instructions on the law, you must not make any independent investigation of the facts or the law.

• Do not research any information that you personally think might be helpful to you in understanding the issues presented.

• Do not investigate this case on your own in any manner, shape or form.

• Do not read any newspaper reports or listen to any news reports on radio, television or on the Internet.

• Do not conduct experiments.

• Do not consult dictionaries, computers, websites or other reference materials for additional information.

• Do not seek information regarding the public records of any party, witness or lawyer in this case. Any information you obtain outside the courtroom could be misleading, inaccurate, or incomplete. Relying on this information is unfair because the parties would not have the opportunity to refute, explain or correct it.

• Do not communicate with anyone about this trial or your experience as a juror while you are serving on this jury.

• Do not use a computer, cell phone, or other electronic device with communication capabilities to share any information about this case. For example, do not communicate by blog, email, text message, Twitter, Facebook status update, or in any other way, on or off the computer.

• Do not permit anyone to communicate with you. If anyone does so despite your telling the person not to, you should report that to me. I appreciate that it is tempting when you go home in the evening to discuss this case with another member of your household or friends, but you may not do so. This case must be decided by you the jurors, based on the evidence presented in the courtroom. People not serving on this jury have not heard the evidence, and it is improper for them to influence your deliberations and decision in this case. After this trial is completed, you are free

to communicate with anyone in any manner.

These rules are intended to assure that jurors remain impartial throughout the trial. If any juror has reason to believe that another juror has violated these rules, you should report that to me. If jurors do not comply with these rules, it would result in a new trial involving additional time and significant expense to the parties and the taxpayers.

3 Fed. Jury Prac. & Instr. § 101:12 (7th ed.)

**Instruction No. __5__**

**NOTETAKING—PERMITTED**

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

3 Fed. Jury Prac. & Instr. § 101:18 (7th ed.)

**Instruction No. __6__**

**BENCH CONFERENCES**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

3 Fed. Jury Prac. & Instr. § 101:31 (7th ed.)

**Instruction No. __7__**

**EVIDENCE IN THE CASE**

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape or read in the courtroom. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that [certain facts are true or that a person would give certain testimony.] When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

3 Fed. Jury Prac. & Instr. § 101:40 (7th ed.)

**Instruction No. __8__**

**PROVINCE OF JUDGE AND JURY**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

3 Fed. Jury Prac. & Instr. § 101:10 (7th ed.)

**Instruction No. __9__**

**GENERAL INTRODUCTION**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

[*The lawyers have referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.*]

Nothing I say in these instructions indicates I have any opinion about the facts of the case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Fed. Jury Prac. & Instr. § 103:01 (7th ed.)

**Instruction No. __10__**

**ALL PERSONS EQUAL BEFORE THE LAW—ORGANIZATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation or limited liability company is] entitled to the same fair trial as a private individual. All persons, including [corporations, limited liability companies], and other organizations stand equal before the law, and are to be treated as equals.

3 Fed. Jury Prac. & Instr. § 103:12 (7th ed.)

**Instruction No. __11__**

**CONSIDERATION OF THE EVIDENCE -**

**CORPORATE PARTY'S AGENTS AND EMPLOYEES**

A [company] may act only through natural persons who are its agents or employees.

Generally, any agents or employees of a [company] may bind the [company] by their acts and

declarations made while acting within the scope of their authority delegated to them by the

[company] or within the scope of their duties as employees of the [company].

3 Fed. Jury Prac. & Instr. § 103:31 (7th ed.)

**Instruction No. __12__**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3 Fed. Jury Prac. & Instr. § 104:05 (7th ed.)

**Instruction No. __13__**

**WHAT IS NOT EVIDENCE**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

3 Fed. Jury Prac. & Instr. § 101:44 (7th ed.)

**Instruction No. __14__**

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

3 Fed. Jury Prac. & Instr. § 101:43 (7th ed.)

**Instruction No. __15__**

**BURDEN OF PROOF**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

3 Fed. Jury Prac. & Instr. § 101:41 (7th ed.)

**Instruction No. __16__**

**BURDEN OF PROOF WHERE SOME JURORS HAVE SERVED ON JURY IN**

**CRIMINAL CASE**

Those of you who have participated in criminal cases will have heard of "proof beyond a reasonable doubt." The standard of proof in a criminal case is a stricter standard, requiring more proof than a preponderance of evidence. The reasonable doubt standard does not apply to a civil case and you should put that standard out of your mind.

3 Fed. Jury Prac. & Instr. § 104:03 (7th ed.)

**Instruction No. __17__**

**INFERENCES**

You are to consider only the evidence in the case. You are not limited, however, to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

3 Fed. Jury Prac. & Instr. § 104:20 (7th ed.)

**Instruction No. __18__**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

3 Fed. Jury Prac. & Instr. § 104:54 (7th ed.)

**Instruction No. __19__**

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.

The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under [oath]. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

3 Fed. Jury Prac. & Instr. § 105:02 (7th ed.)

**Instruction No. __20__**

**IMPEACHMENT - INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Fed. Jury Prac. & Instr. § 105:04 (7th ed.)

**Instruction No. __21__**

**EFFECT OF PRIOR INCONSISTENT CONDUCT**

Evidence that, at some other time while not under oath a witness who is not a party to this action has done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.

Where the witness is a party to the case, and by such conduct admits some fact or facts against the witness' interest, then such conduct, if knowingly done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Fed. Jury Prac. & Instr. § 105:07 (7th ed.)

**Instruction No. __22__**

**MISAPPROPRIATION OF TRADE SECRETS - ELEMENTS**

Plaintiff [GWACS Armory] claims that [Defendant KE Arms] has misappropriated trade secrets from Plaintiff by: [using trade secrets GWACS Armory disclosed to KE Arms pursuant to the Mutual Nondisclosure Agreement entered into between the parties on June 2, 2015, to produce the KP-15 polymer lower receiver and raise funds to purchase the equipment and molds needed to produce the KP-15, including GWACS Armory's financial information and condition; GWACS Armory's need for financing to produce the CAV-15 MKIII and MKIV and the amount needed therefor; pricing for GWACS Armory's MKIII; financial projections for the CAV-15 MKIII and MKIV; the design and features of the CAV-15 MKIII; the number of CAV-15 MKII polymer lower receivers GWACS Armory sold since it purchased the CAV-15 MKII assets from Sinistral Shooting Technologies, LLC; and the number of CAV-15 MKII units sold since the WWSD project launched.] In order to recover on the claim for misappropriation of trade secrets, Plaintiff has the burden of proving the following elements by the greater weight of the evidence:

1. Plaintiff [GWACS Armory] was the owner of trade secrets;

2. Defendant KE Arms misappropriated the trade secrets;

3. The misappropriation of the trade secrets was the direct cause of damages to Plaintiff.

OUJI 29.1

**Instruction No. __23__**

**TRADE SECRET – DEFINITION**

A "trade secret" is information, such as [financial, business, scientific, technical, economic, engineering] or formula/pattern/compilation/program/device/method/process, that meets the following requirements:

1. The information derives independent economic value from not being generally known;

2. The information is not readily ascertainable, through proper means, by other persons who can obtain economic value from its disclosure or use; and

3. The information is the subject of reasonable efforts to maintain its secrecy.

OUJI 29.2 [modified with 18 U.S.C. § 1839(3)]

## Instruction No. __24__

## MISAPPROPRIATION — DEFINITION

"Misappropriation" means:

1. Acquisition of another person's trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means;

**OR**

2. Disclosure or use of a trade secret that belongs to another person, without express or implied consent, by a person who:

(A) Used improper means to acquire knowledge of the trade secret;

**OR**

(B) At the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:

(i) derived from or through a person who had utilized improper means to acquire it;

**OR**

(ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

**OR**

(iii) derived from or through a person who owed a duty to Plaintiff [**name**] to maintain its secrecy or limit its use;

**OR**

(C) Acquired the information by accident or mistake, and before a material change of the person's position, knew or had reason to know that is was a trade secret.


OUJI 29.3

**Instruction No. __25__**

**IMPROPER MEANS — DEFINITION**

"Improper means" includes theft/bribery/misrepresentation/(breach of a duty to maintain secrecy) / (inducing another person to breach a duty to maintain secrecy)/ espionage.

OUJI 29.4

**Instruction No. __26__**

**IDENTIFICATION OF TRADE SECRET**

To satisfy its burden of proof, GWACS Armory must identify its trade secrets with reasonable particularity and sufficient definiteness to allow you, the jury, to determine the information that constitutes a trade secret.

**Instruction No. __27__**

**OWNERSHIP**

GWACS Armory claims it owns [the following trade secrets: GWACS Armory's financial information and condition; GWACS Armory's need for financing to produce the CAV-15 MKIII and MKIV and the amount needed therefor; pricing for GWACS Armory's MKIII; financial projections for the CAV-15 MKIII and MKIV; the design and features of the CAV-15 MKIII; the number of CAV-15 MKII polymer lower receivers GWACS Armory sold since it purchased the CAV-15 MKII assets from Sinistral Shooting Technologies, LLC; and the number of CAV-15 MKII units sold since the WWSD project was launched by InRange.] To prove that GWACS Armory owns [GWACS Armory's financial information and condition; GWACS Armory's need for financing to produce the CAV-15 MKIII and MKIV and the amount needed therefor; pricing for GWACS Armory's MKIII; financial projections for the CAV-15 MKIII and MKIV; the design and features of the CAV-15 MKIII; the number of CAV-15 MKII polymer lower receivers GWACS Armory sold since it purchased the CAV-15 MKII assets from Sinistral Shooting Technologies, LLC; and the number of CAV-15 MKII units sold since the WWSD project was launched by InRange], it must prove by a preponderance of the evidence that [GWACS Armory's financial information and condition; GWACS Armory's need for financing to produce the CAV-15 MKIII and MKIV and the amount needed therefor; pricing for GWACS Armory's MKIII; financial projections for the CAV-15 MKIII and MKIV; the design and features of the CAV-15 MKIII; the number of CAV-15 MKII polymer lower receivers GWACS Armory sold since it purchased the CAV-15 MKII assets from Sinistral Shooting Technologies, LLC; and the number of CAV-15 MKII units sold since the WWSD project was launched by InRange] is its property.

**Instruction No. __28__**

**MISAPPROPRIATION OF TRADE SECRETS — MEASURE OF DAMAGES**

A person who misappropriates trade secrets is liable for damages to the owner of the trade secrets.  If you decide that Defendant [KE Arms] misappropriated trade secrets from Plaintiff [GWACS Armory], you must then fix the amount of damages.  This is the amount of money that:

1. Would be a reasonable royalty for Defendant's [use] of the trade secrets;

**OR**

2. Will reasonably and fairly compensate Plaintiff for:

A. The actual loss caused by the misappropriation; and

B. The net profit or other benefit that Defendant unjustly received from the misappropriation to the extent that it is not taken into account in calculating the actual loss to Plaintiff; whichever of 1 or 2 is the greater.

OUJI 29.5

**Instruction No. __29__**

**TRADE SECRET OWNER DEFINED**

The term "owner", with respect to a trade secret, means the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed.

18 U.S.C. § 1839(4)

**Instruction No. __30__**

**CONFIDENTIAL RELATIONSHIP**

You must determine whether plaintiff GWACS Armory has proved by a preponderance of the evidence that plaintiff's trade secrets were given to defendant KE Arms as a result of a confidential relationship between the parties. An express or written agreement is not a prerequisite to the establishment of a confidential relationship.

You must find an express or implied agreement existed between the Plaintiff and Defendant—that they both understood or ought to have understood its terms. You may find such a relationship was implied by the business relationship or by the circumstances surrounding the dealings between the parties.

A mere allegation of a confidential relationship is not enough. The fact of such a relationship must be proven by plaintiff by the preponderance of the evidence.

3 Fed. Jury Prac. & Instr. § 127:12 (7th ed.) [modified]

**Instruction No. __31__**

**RATIFICATION**

Plaintiff [GWACS Armory] claims defendant [KE Arms] is liable under the contract in issue in this case because defendant ratified the acts of [Russell Phagan], who was purporting to act as defendant's agent. Before Defendant may be charged with liability by way of ratification it must appear defendant willingly agreed to be bound while in the possession of full and complete knowledge of the transaction. It is not enough defendant had information that would have led defendant to full and complete knowledge if defendant did not in fact have that knowledge.

3 Fed. Jury Prac. & Instr. § 108:02 (7th ed.)

**Instruction No. __32__**

**PUNITIVE DAMAGES**

If you should find from the preponderance of the evidence plaintiff GWACS Armory is entitled to a verdict for actual or compensatory damages for misappropriation of trade secrets, you may consider whether an award of punitive damages should also be made. If you find the acts of defendant KE Arms were willful, wanton, and maliciously done, then you may add to the actual amount of damages such amount as you shall agree is proper. The purpose of punitive damages is not to compensate plaintiff, but rather to punish defendant and to deter defendant and others from committing such acts in the future.

An act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act. An act is wantonly done if done in careless disregard of, or indifference to, the rights of the injured party.

An act is maliciously done, if prompted or accompanied by ill will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse.

3 Fed. Jury Prac. & Instr. § 127:15 (7th ed.) [modified]

**Instruction No. __33__**

**PUNITIVE DAMAGES**

If you should find from the preponderance of the evidence plaintiff GWACS Armory is entitled to a verdict for actual or compensatory damages for misappropriation of trade secrets, you may consider whether an award of punitive damages should also be made. If you find that KE Arms willfully and maliciously misappropriated GWACS Armory's trade secret, then you may add to the amount of actual or compensatory damages an amount not more than two (2) times the amount of actual or compensatory damages.

3 Fed. Jury Prac. & Instr. § 127:15 (7th ed.) & 18 U.S.C. § 1836(b)(3)(C) combined [modified]

**Instruction No. __34__**

**ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT**

[GWACS Armory] is required to prove by the greater weight of the evidence the following in order to recover on the claim for breach of contract against [KE Arms]:

1.   Formation of a contract between [GWACS Armory] and [KEA Arms, LLC];

2.   [KE Arms] breached the contract by [using and exploiting GWACS Armory's proprietary information for its own benefit and for purposes other than those set forth in paragraph number one (1) of the June 2, 2015 Mutual Nondisclousre Agreement between GWACS Armory and KE Arms]; and

3.   [GWACS Armory] suffered damages as a direct result of the breach.

OUJI No. 23.1

**Instruction No. __35_**

**INTERPRETATION OF CONTRACTS ---- IN GENERAL**

In this case, you will need to decide the meaning of the following term of the contract: [quote the term whose meaning is in dispute to the jury]. To do this you must decide what the intent of the parties was when they made their contract.

To decide what their intent was you should first examine the language of the contract. You may also consider the circumstances under which the parties made the contract, and what the parties themselves believed the term meant as shown by the evidence.

A contract should be interpreted so that it is [lawful,] reasonable and capable of being carried out, if this can be done without changing the intention of the parties.

OUJI No. 23.11

**Instruction No. __36__**

**ENTIRE CONTRACT**

A contract is to be interpreted as a whole, and the overall intention of the parties is controlling over the separate parts of a contract.

If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the parties, it should be rejected.

When a contract is partly printed and partly typed [hand-written], then the typed [hand-written] part is controlling over the printed part should there be any inconsistencies between these parts.

Where several contracts make up a single transaction, then they should be interpreted together.

OUJI No. 23.12

**Instruction No. __37__**

**MEANING OF WORDS**

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.

If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense.

If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

OUJI No. 23.13

**Instruction No. __38__**

## IMPLICATION OF TERMS

Any terms that are necessary to carry out the intention of the parties and make the contract effective may be implied unless the contract provides otherwise.

OUJI No. 23.15

**Instruction No. __39__**

**BREACH OF CONTRACT**

A contract is breached or broken when a party does not do what [he/it] promised to do in the contract.

OUJI No. 23.21

**Instruction No. __40__**

**GENERAL MEASURE OF DAMAGES**

If you decide for [GWACS Armory] on [its] claim for breach of contract, you must then fix the amount of [its] damages. This is the amount of money that is needed to put [it] in as good a position as [it] would have been if the contract had not been breached. In this case, the amount of damages should be determined as follows: [GWACS Armory's lost profits from sales of CAV-15 MKIII products, plus the costs GWACS Armory incurred developing the CAV-15 MKIII and MKIV].

OUJI No. 23.51

**Instruction No. __41__**

**UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES**

In order to award damages to [GWACS Armory] you must be satisfied by the greater weight of the evidence that [it] did in fact suffer a loss which was caused by the breach. Once you are satisfied that [GWACS Armory] did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

OUJI No. 23.52

**Instruction No. __42__**

**FORESEEABILITY OF SPECIAL DAMAGES**

In addition to other damages, [GWACS Armory] claims [it] is entitled to recover damages for [list items of special damages]. In order for you to award [GWACS Armory's] damages for these losses, you must be satisfied by the greater weight of the evidence either that they are the kind that would ordinarily result from a breach of the contract, or else that at the time the contract was made [KE Arms] knew these losses would result from a breach.

OUJI No. 23.53

**Instruction No. __43__**

**COMMUNICATIONS BETWEEN COURT AND**

**JURY DURING JURY'S DELIBERATIONS**

If, during your deliberations, it becomes necessary to communicate with me, you may send a note by a bailiff, signed by your *[foreperson] [presiding juror]* or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

3 Fed. Jury Prac. & Instr. § 106:08 (7th ed.)

**Instruction No. __44__**

**ELECTION OF FOREPERSON OR PRESIDING JUROR; DUTY TO DELIBERATE;**

**COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT;**

**VERDICT FORM**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a [foreperson]. The [foreperson] will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [my Courtroom Deputy, Ms. Butler] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]]*. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your [foreperson] will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

3 Fed. Jury Prac. & Instr. § 103:50 (7th ed.)