IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Case No.:20-cv-341-JDR-SH** |
| KE ARMS, LLC, ) | **BASE FILE** |
| ) | Consolidated with: |
| ) | Case No. 21-cv-107-JDR-SH |
| ) | |
| Defendant. ) | |

**DEFENDANT KE ARMS LLC'S RESPONSE TO PLAINTIFF'S POSITION ON REALIGNMENT & ORDER**

Defendant, KE Arms, LLC ("KEA") hereby submits its response to Plaintiff's Position on Realignment & Joinder (ECF No. 242) filed in this action, pursuant to the Court's order at the Pretrial Conference (ECF. No. 239).

**I.    INTRODUCTION**

The Court requested this response to the Plaintiff indicating its intent, at the pretrial conference two weeks in advance of the jury trial on this matter, to seek substitution of the sole remaining defendant for an entirely new entity. Not only is this request clearly untimely, but Plaintiff's sole basis for seeking substitution is its interpretation of statements made by KEA *during the parties' confidential settlement conference*. In light of longstanding and universal public policy encouraging candor during settlement conferences, the local rules of this Court explicitly render the factual basis for Plaintiff's motion *unusable for any purpose* outside of enforcement of a settlement, and therefore to

1

preserve these public policies and the Court's own neutrality, the Court should decline to even consider Plaintiff's motion. Moreover, the Plaintiff's argument does not even give rise to a basis for substitution under the rules of civil procedure, and substitution would be nonsensical given the undisputed fact that KEA was the party who signed the contract at the heart of Plaintiff's case. For all of these reasons, the Plaintiff's request should be denied.

## II. RELEVANT FACTUAL BACKGROUND

As the Court is well aware, this case arises out of a course of dealings between Plaintiff and KEA (and several other parties who have been dismissed or had judgment entered in their favor) concerning the development and manufacture of various firearms. Plaintiff's remaining causes of action center primarily on a nondisclosure agreement (the "KEA NDA") which Plaintiff alleges KEA executed in 2015.[1] Plaintiff's lawsuit alleges that the KEA NDA prohibited KEA from using or disclosing Plaintiff's proprietary information for its own benefit,[2] and that KEA breached the KEA NDA by utilizing such allegedly proprietary information to develop its own product.[3]

The case is set for jury trial beginning on February 10, 2025.[4] KEA and Plaintiff, as the sole remaining parties, attended a confidential settlement conference with the Honorable Judge

---

[1] ECF No. 2, at ¶ 27; *see also id.* at Ex. 2.

[2] *Id.* at ¶¶ 29, 54.

[3] *Id.* at ¶¶ 53–62.

[4] ECF No. 233.

Little on July 9, 2024, which did not result in a settlement.[5] At the pretrial conference six months later on January 27, 2025, Plaintiff's counsel announced for the first time a request to substitute a new entity in the place of KEA and propounded informal discovery through last minute document requests and interrogatories on the issue while the parties are the process of finalizing their preparations for trial. Plaintiff's request is based entirely on statements allegedly made by KEA's counsel during the confidential settlement conference, which evidently caused Plaintiff to believe that KEA lacks sufficient assets to satisfy a potential judgment in this case – a judgment that only becomes relevant if the Plaintiff can actually prove its case at trial.[6] The Court requested that both parties submit briefing of their respective positions on this matter.[7]

### III. ARGUMENT

#### A. PLAINTIFF'S MOTION MUST NOT BE CONSIDERED DUE TO PUBLIC POLICY CONCERNS, WHERE THE MOTION IS BASED ENTIRELY ON STATEMENTS MADE DURING COMPROMISE NEGOTIATIONS.

First, the Court should not even consider Plaintiff's untimely request to substitute a new defendant, because it is solely based on statements made during the course of compromise negotiations. Such discussions are categorically confidential and it is flatly prohibited to communicate anything from settlement discussions to the judge presiding over a case, based on a long-established and ubiquitous public policy of encouraging the parties' candor during settlement

---

[5] ECF No. 231.

[6] As detailed herein, these alleged statements would have been made under the expectation of strict confidentiality inherent in the nature of a confidential settlement conference. As a result, it is KEA's position that it would be improper to include the substance of those statements in court filings, or to reveal them to the Court, and thus this brief will not discuss the substance of the statements that Plaintiff has alleged were made.

[7] ECF No. 239.

3

talks. As such, the Court should reject Plaintiff's request outright as an effort to bypass sound public policy and obtain an unfair advantage at trial.

The local rules of this district unambiguously prevent Plaintiff from relying on compromise discussions *for any purpose* except during proceedings to enforce a settlement agreed to at the settlement conference:

> **Confidentiality**. The settlement judge, all counsel and parties, and any other persons attending the settlement conference shall treat as confidential *all written and oral communications made in connection with or during any settlement conference*. … No communication relating to or occurring at a Court-ordered settlement conference *may be used in any aspect of any litigation* except proceedings to enforce a settlement agreed to at the conference, unless otherwise permitted under Fed. R. Evid. 408. No settlement judge may be called as a witness, except as requested by a judge of this Court. In that instance, the settlement judge shall not be deposed, and shall testify as the Court's witness.[8]

Plaintiff's current request to substitute a different defendant in place of KEA is unabashedly premised on statements allegedly made by KEA's counsel at the settlement conference the parties attended. Regardless of the content of those statements, they may not be used "in any aspect of any litigation," and therefore the Court has definitively established that Plaintiff cannot present those statements to the Court to support a motion to substitute parties. Without any factual basis to support a request to substitute parties, Plaintiff's motion to substitute cannot be granted. Therefore, to preserve the sound public policy reasons for confidentiality of settlement talks (wherein the issue of collectability is often discussed in confidence with the judge), the Court should not even entertain Plaintiff's motion.

---

[8] LCvR16-2(e) (emphasis added).

**B.    KEA IS UNDENIABLY THE PARTY IN INTEREST REGARDING PLAINTIFF'S REMAINING CLAIMS, AND THEREFORE IS THE PROPER DEFENDANT FOR THIS TRIAL.**

Second, substitution of another entity in KEA's place as the sole remaining defendant would be unsupported by procedural rules, and contrary to common sense given the undisputed facts of the case. In short, KEA is indisputably the real party in interest to defend against the remaining claims, and the only factual basis that *could* support substitution under the rules of civil procedure is expressly identified as not necessitating substitution.

Substitution of parties is governed by Fed R. Civ. P. 25. Specifically, substitution is permitted in the event of (a) death of a party, (b) incompetency of a party, (c) a party's transfer of interest, or (d) the death or departure of a public officer party. Fed. R. Civ. P. 25(a)–(d). The only possibly application in this case would be if KEA transferred an interest relevant to this action. However even presuming that this occurred—**WHICH IT HAS NOT**—substitution would not be warranted. "The most significant feature of [Fed. R. Civ. P.] 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and *the judgment will be binding on the successor in interest even though the successor is not named*." 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1958 (3d ed. 2016) (emphasis added); *see also In re Expert South Tulsa, LLC*, 842 F.3d 1293, 1298 (10th Cir. 2016) (applying same analysis as Fed. R. Civ. P. 25(c) under Oklahoma law). Thus, it simply is not necessary or proper to change parties here and now. Rather, Rule 25(c) contemplates that the action continue against KEA as the original party, and if a judgment is secured which Plaintiff desires to have enforced against another entity, that issue can be addressed after trial.

Moreover, whether Plaintiff can ultimately collect on any potential judgment against KEA is irrelevant to the determination of who the proper defendant is for Plaintiff's remaining claims. KEA is a "live" entity in good standing in its state of organization, Arizona,[9] and thus it cannot reasonably be disputed that KEA has the capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b)(2); A.R.S. § 29-3109.

Further, it is axiomatic that a breach of contract claim can only be brought against a party to the contract. It is undisputed that KEA is the only party who signed the contract at issue in Plaintiff's breach of contract claim relative to the KEA NDA.[10] The parties have litigated this entire case, and conducted extensive discovery, with an understanding that Plaintiff's claims are premised on these basic facts. Plaintiff's belief as to the financial condition of KEA, or the collectability of a judgment against KEA, does nothing to change these basic facts underpinning the lawsuit. As such, there is no legitimate basis to change the parties to the case at the eleventh hour, mere days before trial.

Finally, even if Plaintiff could show a legitimate concern over collectability of a potential judgment, the proper time and place to address the scope of enforcement of a judgment on

///

---

[9] A screenshot of the Arizona Corporation Commission's online records as of February 2, 2025—reflecting that KE Arms, LLC is an "Active" entity—is attached as **Exhibit A**.

[10] ECF. No. 2, at ¶ 27, *id.* at Ex. 2 (contract signed by KE Arms LLC).

Plaintiff's claims would be **after the judgment is awarded**.  Plaintiff's request to change the defendant immediately before trial is premature and improper, and it should be denied.

Dated this 3rd day of February, 2025.    Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

 /s/Robert P. Fitz-Patrick
Robert P. Fitz-Patrick, OBA #14713
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email:  rfitzpatrick@hallestill.com
**ATTORNEYS FOR DEFENDANTS**

**-AND-**

**MARQUIS AURBACH**

/s/ Brian R. Hardy
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
Tel: 702-382-0711
bhardy@maclaw.com
acalaway@maclaw.com

**ATTORNEYS FOR DEFENDANTS**

MAC: 16075-001 (#5767972.1)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 3rd day of February, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Todd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
3800 First Place Tower, 15 East Fifth St.
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF,
GWACS ARMORY, LLC

/s/ C. Hatfield

MAC: 16075-001 (#5767972.1)