**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GWACS Armory, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:20-cv-341-JDR-SH |
| | ) | (BASE FILE) |
| v. | ) | |
| | ) | Consolidated with: |
| KE Arms, LLC, et al, | ) | 21-cv-107-JDR-SH |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**COMES NOW**, Plaintiff, GWACS Armory, LLC, by and through its attorneys of record, and hereby respectfully request the Court submit the following instructions to the jury at the trial of this matter. Plaintiff reserves the right to request additional instructions to conform to the evidence presented during the trial of this matter.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

 s/Tadd J.P. Bogan
Tadd J.P. Bogan, OBA #20962
James E. Weger, OBA #9437
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail:  tbogan@jonesgotcher.com
        jweger@jonesgotcher.com
**Attorneys for Plaintiff, GWACS Armory, LLC**

Instruction No. \_\_\_\_

NONDISCLOSURE AGREEMENTS

As of October 7, 2016, Sinistral Shooting Technologies LLC no longer had any contractual obligation to maintain the secrecy of any confidential information disclosed under the October 6, 2011 Nondisclosure Agreement between it and GW ACS, but was still under an obligation of the May 9, 2017 Nondisclosure Agreement.

As of May 10, 2018, Sinistral Shooting Technologies, LLC no longer had any contractual obligation to maintain the secrecy of any confidential information disclosed under the May 9, 2013 Nondisclosure Agreement between it and GWACS, but was still under an obligation of the KE Arms Agreement dated June 2, 2015.

As of June 1, 2018, Brownells, Inc. no longer had any contractual obligation to maintain the secrecy of any confidential information disclosed under the May 31, 2013 Nondisclosure Agreement between it and GW ACS, but was still under the January 24, 2016, Nondisclosure Agreement.

As of January 25, 2021, Brownells, Inc. no longer had any contractual obligation to maintain the secrecy of any confidential information disclosed under the January 24, 2016, Nondisclosure Agreement between it and GWACS.

As of June 3, 2020, KE Arms, LLC no longer had any contractual obligation to maintain the secrecy of any confidential information disclosed under the June 2, 2015, Nondisclosure Agreement between it and GWACS.

Instruction No. \_\_\_\_

## MISAPPROPRIATION — DEFINITION

"Misappropriation" means:

1. Acquisition of another person's trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means;

**OR**

2. Disclosure or use of a trade secret that belongs to another person, without express or implied consent, by a person who:

(A) Used improper means to acquire knowledge of the trade secret;

**OR**

(B) At the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:

(i) derived from or through a person who had utilized improper means to acquire it;

**OR**

(ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

**OR**

(iii) derived from or through a person who owed a duty to Plaintiff [**name**] to maintain its secrecy or limit its use;

**OR**

(C) Acquired the information by accident or mistake, and before a material change of the person's position, knew or had reason to know that is was a trade secret.

### Notes on Use

The trial court should select the appropriate alternative(s) in the definition based on the evidence presented at trial.

### Comments

78 O.S. 2011 § 86(2) defines misappropriation as follows:
"Misappropriation" means:

a. acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

b. disclosure or use of a trade secret of another without express or implied consent by a person who:

> (1) used improper means to acquire knowledge of the trade secret; or
> (2) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
>
>> (a) derived from or through a person who had utilized improper means to acquire it; or
>>
>> (b) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>>
>> (c) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
> (3) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.