# United States District Court

## for the Northern District of Oklahoma

---

Case Nos. 20-cv-341-JDR,

21-cv-107-JDR

---

GWACS Armory, LLC,

*Plaintiff,*

*versus*

KE Arms, LLC,

*Defendant.*

*consolidated with*

KE Arms, LLC,

*Plaintiff,*

*versus*

GWACS Armory, LLC,

*Defendant.*

---

## JURY INSTRUCTIONS

---

## Instruction No. 1

Members of the Jury:

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts of the case. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case. Finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room.

## Instruction No. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The fact that a corporation or limited liability company is involved as a party must not affect your decision in any way. Corporations, limited liability companies, and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation or limited liability company is involved, of course, it may act only through people as its agents or employees; and, in general, a corporation or limited liability company is responsible under the law for the acts and statements of its agents and employees that are made within the scope of the authority delegated to them by the company or within the scope of their duties as agents or employees of the company.

**Instruction No. 3**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the facts I have judicially noticed, and the stipulations entered into by the parties.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. Anything you may see or hear when the court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. Any evidence or questions that I have ordered stricken or told you to disregard must be entirely disregarded. You must comply with my instruction and completely ignore these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

### Instruction No. 4

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proven.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Instruction No. 5**

During the trial, certain testimony has been presented by way of deposition. A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The depositions of Paul Levy, taken on January 10, 2022, Karl Kasarda, taken on April 7, 2022, Jovan Beltran, taken on May 31, 2022, and Iain Harrison, take on June 1, 2022, have been presented to you by reading the deposition transcripts. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Instruction No. 6**

You are here to decide the dispute between GWACS and KE Arns as described in these instructions. It is not up to you to decide whether anyone who is not a party to this case should be liable to GWACS. You should not concern yourself with any other parties, but should consider the issues between GWACS and KE Arms in accordance with my instructions and the evidence in the case.

**Instruction No. 7**

It is your job to decide whether the party with the burden of proof has proven its case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You may believe everything a witness says, part of it, or none of it. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Did the witness's testimony seem reasonable in light of all the evidence?

When weighing any conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection - like failure of recollection - is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**Instruction No. 8**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony. These earlier statements were brought to your attention only to help you decide how believable the testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating a witness's testimony here in court.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## Instruction No. 9

Unless an instruction provides otherwise, it is the responsibility of the party bringing any claims to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

## Instruction No. 10

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. Evidence is clear if it is certain, unambiguous, and plain to the understanding. Evidence is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it. The court will tell you when to apply this standard.

**Instruction No. 11**

GWACS has asserted more than one claim against KE Arms. You must separately consider the evidence with respect to each claim. Your verdict as to any one claim should not influence your verdict as to any other claim.

## Instruction No. 12

GWACS has asserted more than one claim against KE Arms, but that does not mean that GWACS incurred multiple injuries. You must not award damages more than once for the same injury. For example, if plaintiff prevails on two of its claims and establishes a dollar amount for its injuries, you must not award it any additional damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than it has lost.

**Instruction No. 13**

Plaintiff GWACS claims that Defendant KE Arms misappropriated its trade secrets in violation of both federal and state law. The following instructions, Instructions 14 through 23, set forth the law governing GWACS's federal claim, and should be applied only with respect to that claim.

**Instruction No. 14**

Plaintiff GWACS claims that Defendant KE Arms misappropriated more than one trade secret. You must separately consider the evidence with respect to each allegedly misappropriated trade secret. Your verdict as to any one claim of misappropriation should not influence your verdict as to any other claim.

**Instruction No. 15**

Plaintiff GWACS claims that KE Arms misappropriated eight alleged trade secrets belonging to GWACS by using those alleged trade secrets to produce the KP-15 polymer lower receiver and raise funds to purchase the equipment and molds needed to produce the KP-15. The alleged trade secrets are:

1. The enlarged trigger guard design on the CAV-15 MKIII;

2.  The design and location of a QD socket on the CAV-15 MKIII;

3. The flared magazine well feature of the CAV-15 MKIII;

4. GWACS's inability to produce polymer lower receivers for the market after 2015;

5. The amount of money GWACS needed to produce the CAV-15 MKIII and MKIV;

6. The pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet;

7. The financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet; and

8. The combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS MK III.

In order to recover on its claim for misappropriation of a trade secret, GWACS must prove the following facts by a preponderance of the evidence with respect to the alleged trade secret at issue:

1. GWACS owns a valid trade secret;

2. The trade secret relates to the MK III and MK IV receivers, which are products or services used in, or intended for use in, interstate or foreign commerce; and

3. KE Arms misappropriated the trade secret.

**Instruction No. 16**

To prove that GWACS owns an alleged trade secret, it must prove by a preponderance of the evidence that the alleged trade secret is its property.

## Instruction No. 17

A trade secret may take many forms, including all forms and types of financial, business, scientific, technical, economic, or engineering information. A trade secret may include plans, compilations, designs, or prototypes.

A trade secret may be tangible or intangible. A trade secret does not have to be stored, compiled, or memorialized. But if it is, it does not have to be stored, compiled, or memorialized in any particular manner, such as physically, electronically, graphically, photographically, or in writing.

To establish that the particular information identified by GWACS is a trade secret, GWACS must prove the following by a preponderance of the evidence with respect to the alleged trade secret at issue:

1. The information is not generally known to, and cannot be readily ascertainable through another person who can obtain economic value from the disclosure or use of the information;

2. The information cannot be readily discovered by another person who could obtain economic value from disclosure or use of the information;

3. GWACS has taken reasonable steps to keep the information secret; and

4. Because others could not readily know, discover or ascertain the information through proper means, the information has independent actual or potential economic value.

**Instruction No. 18**

A trade secret can exist in a combination of characteristics and components each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret.

**Instruction No. 19**

Use or intended use of the product or service in interstate commerce means that the product or service involves travel, trade, transportation, or communication between a place in one state and a place in another state.  Use of the product or service in foreign commerce means that the product or service involves travel, trade, transportation, or communication between a place in the United States and a place outside of the United States.

**Instruction No. 20**

Misappropriation is the acquisition, use, or disclosure of a trade secret without the right to acquire, use, or disclose that information. To prove that KE Arms misappropriated a particular trade secret, GWACS must prove the following by a preponderance of the evidence with respect to the trade secret at issue:

1. KE Arms acquired, disclosed, or used the trade secret without GWACS's express or implied consent; and

2. KE Arms knew or should have known that:

    a. it obtained the trade secret under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or

    b. it obtained the trade secret from or through a third person who was under a duty to maintain the secrecy of or limit the use of the trade secret.

"Improper means" may include breach of duty to maintain secrecy.

Trade secret law does not offer protection against discovery by fair and honest means, such as by independent invention, accidental disclosure, or by so-called reverse engineering, that is by starting with the known product and working backward to divine the process which aided in its development or manufacture.

Each act of acquiring, disclosing, or using a trade secret may constitute a separate act of misappropriation.

## Instruction No. 21

A person who misappropriates trade secrets is liable for actual damages directly caused by the misappropriation. GWACS has the burden of establishing damages by a preponderance of the evidence. If you decide that KE Arms has misappropriated one or more trade secrets from GWACS, you must fix the amount of damages. The amount of damages is:

1.  The actual loss caused to GWACS by the unlawful acquisition, use, or disclosure of its trade secret or secrets; and

2.  The amount by which KE Arms was unjustly enriched by the unlawful acquisition, use, or disclosure of the trade secret or secrets that is not addressed in determining the amount of actual loss.

To decide the dollar amount of any actual loss to GWACS, determine the value of the injury caused by the misappropriation, then subtract from that amount the reasonable expenses GWACS would have incurred had the misappropriation not occurred.

To decide the dollar amount of any unjust enrichment to KE Arms, first determine the dollar value of the actual benefit from the misappropriation, then subtract from that amount KE Arms's reasonable expenses associated with that benefit.

**Instruction No. 22**

GWACS has the burden of establishing the amount of damages by a preponderance of the evidence. If you find, as to any alleged trade secret, that GWACS has failed to prove a calculable dollar amount, indicate this on the verdict form. The Court and the parties will provide a short supplemental instruction and closing arguments to assist you in arriving at an award of damages.

**Instruction No. 23**

If you find that KE Arms engaged in the misappropriation of one or more trade secrets, and that KE Arms is liable for damages, then you must also decide whether GWACS has proven by clear and convincing evidence that KE Arms's misappropriation was willful and malicious.

For conduct to be both willful and malicious, there must be clear and convincing evidence of the following:

1. The conduct was done with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not taken in good faith; and

2. The conduct was done with an intent to cause injury or was done with a willful and knowing disregard for the rights of others.

**Instruction No. 24**

Plaintiff GWACS claims that Defendant KE Arms misappropriated its trade secrets in violation of both federal and state law. The following instructions, Instructions 25 through 32, set forth the law governing GWACS's state-law claim, and should be applied only with respect to that claim.

**Instruction No. 25**

Plaintiff GWACS claims that Defendant KE Arms misappropriated more than one alleged trade secret. You must separately consider the evidence with respect to each alleged trade secret. Your verdict as to any one claim of misappropriation should not influence your verdict as to any other claim.

**Instruction No. 26**

Plaintiff GWACS claims that Defendant KE Arms has misappropriated alleged trade secrets from Plaintiff by using those alleged trade secrets to produce the KP-15 polymer lower receiver and raise funds to purchase the equipment and molds needed to produce the KP-15. In order to recover on the claim for misappropriation of trade secrets, Plaintiff has the burden of proving the following elements by a preponderance of the evidence with respect to the alleged trade secret at issue:

1.  The information identified by GWACS is a trade secret;

2.  Defendant KE Arms misappropriated the trade secrets;

3.  The misappropriation of the trade secret was the direct cause of damages to Plaintiff.

**Instruction No. 27**

A "trade secret" is information, such as a compilation or device, that meets the following requirements:

1. The information derives independent economic value from not being generally known;

2. The information is not readily ascertainable, through proper means, by other persons who can obtain economic value from its disclosure or use; and

3. The information is the subject of reasonable efforts to maintain its secrecy.

**Instruction No. 28**

A trade secret can exist in a combination of characteristics and components each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret.

## Instruction No. 29

"Misappropriation" means disclosure or use of a trade secret that belongs to another person, without express or implied consent, by a person who, at the time of disclosure or use, knew or had reason to know that the person's knowledge of the trade secret was:

1.  acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

OR

2.  derived from or through a person who owed a duty to Plaintiff GWACS to maintain its secrecy or limit its use.

Trade secret law does not offer protection against discovery by fair and honest means, such as by independent invention, accidental disclosure, or by so-called reverse engineering, that is by starting with the known product and working backward to divine the process which aided in its development or manufacture.

**Instruction No. 30**

"Improper means" includes breach of a duty to maintain secrecy.

**Instruction No. 31**

A person who misappropriates trade secrets is liable for damages caused by misappropriation of the trade secrets. If you decide that Defendant KE Arms misappropriated one or more trade secrets from Plaintiff GWACS, you must then fix the amount of damages. This is the amount of money that:

1.  Would be a reasonable royalty for KE Arms's use of the trade secrets;

OR

2. Will reasonably and fairly compensate GWACS for:

    A.  The actual loss caused by the misappropriation; and

    B.  The net profit or other benefit that KE Arms unjustly received from the misappropriation to the extent that it is not taken into account in calculating the actual loss to GWACS;

whichever of 1 or 2 is the greater.

## Instruction No. 32

If you find in favor of GWACS, and grant it actual damages, then you must also find by a separate verdict, whether KE Arms acted in reckless disregard of the rights of others and/or acted intentionally and with malice towards others.

GWACS has the burden of proving this by clear and convincing evidence. By that I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

The conduct of KE Arms was in reckless disregard of another's rights if KE Arms was either aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Malice involves either hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse.

If you find that KE Arms acted in reckless disregard of the rights of others or intentionally and with malice towards others, you may award punitive damages against KE Arms in a later part of this trial. If you find that KE Arms did not act in reckless disregard of the rights of others or intentionally and with malice towards others, you may not award punitive damages against KE Arms.

**Instruction No. 33**

Plaintiff GWACS claims that Defendant KE Arms breached the contractual obligations it owed under a nondisclosure agreement between GWACS and KE Arms. The following instructions, Instructions 34 through 39, set forth the law governing GWACS's breach-of-contract claim, and should be applied only with respect to that claim.

**Instruction No. 34**

Plaintiff GWACS, claims that KE Arms breached the obligations it owed under a nondisclosure agreement. To recover on this claim, GWACS has the burden of establishing the following by a preponderance of the evidence:

1. GWACS entered into a contract with KE Arms;

2. KE Arms breached the contract by using, disclosing, and exploiting:

   A. The enlarged trigger guard design on the CAV-15 MKIII;

   B. The design and location of a QD socket on the CAV-15 MKIII;

   C. The flared magazine well feature of the CAV-15 MKIII;

   D. GWACS's inability to produce polymer lower receivers for the market after 2015;

   E. The amount of money GWACS needed to produce the CAV-15 MKIII and MKIV;

   F. The pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet;

   G. The financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet; or

   H. The combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS MK III; and

3. GWACS suffered damages as a direct result of the breach.

**Instruction No. 35**

A contract is an agreement to do or not to do a certain thing. The June 2, 2015 Nondisclosure Agreement between Plaintiff GWACS and Defendant KE Arms is a valid contract.

**Instruction No. 36**

A contract is breached when a party does not do what it promised to do in the contract.

**Instruction No. 37**

KE Arms is not a successor to Sinistral Shooting Technologies, LLC. It has no contractual obligations with respect to the information disclosed to Sinistral under either the October 6, 2011 Nondisclosure Agreement between Sinistral and GWACS or the May 9, 2013 Nondisclosure Agreement between Sinistral and GWACS.

**Instruction No. 38**

If you decide for GWACS on its claim for breach of contract, you must then fix the amount of its damages. This is the amount of money that is needed to put GWACS in as good a position as it would have been if the contract had not been breached. In this case, the measure of damages is the amount which will compensate the party aggrieved for all the detriment proximately caused by the breach, or which, in the ordinary course of things, would be likely to result from the breach. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin. Recovery of damages is not allowed for any losses that Plaintiff reasonably could have avoided.

**Instruction No. 39**

In order to award damages to GWACS on its claim for breach of contract, you must be satisfied by the greater weight of the evidence that GWACS did in fact suffer a loss which was caused by the breach. Once you are satisfied that GWACS did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

## Instruction No. 40

In a moment the bailiff will escort you to the designated jury deliberation room and provide each of you with a copy of the instructions that I have just read. Exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, all of you must agree. Your verdict must be unanimous with respect to each claim and the amount of damages, if any. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The fact that I have given you instructions concerning damages and exemplary damages should not be interpreted in any way as an indication that I believe the plaintiff should, or should not, prevail in this case.

Remember at all times, you are judges – judges of the facts. You must decide whether the parties have satisfied their burdens of proof on each of their respective claims.

The Court has prepared a verdict form for your convenience. On this form, you will indicate your unanimous position with respect to each interrogatory on the form. The foreperson will write the unanimous answer of the jury in the spaces provided. At the conclusion of your deliberations, the foreperson should date and sign the verdict form.

When the foreperson has completed the verdict form, you should send me a note that states "We have reached a verdict." The foreperson should maintain possession of the verdict form until I call you back into the courtroom and give you further instructions.

**Instruction No. 41**

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

Dated this 14th day of February 2025.

_____
John D. Russell
*United States District Judge*