# United States District Court
## for the Northern District of Oklahoma

Case Nos. 20-cv-341-JDR,

21-cv-107-JDR

GWACS Armory, LLC,

    *Plaintiff*,

versus

KE Arms, LLC,

    *Defendant*.

*consolidated with*

KE Arms, LLC,

    *Plaintiff*,

versus

GWACS Armory, LLC,

    *Defendant*.

## VERDICT FORM

I. **FEDERAL TRADE SECRET MISAPPROPRIATION**

With respect to Plaintiff GWACS Armory, LLC's claims of federal trade secret misappropriation, we, the jury, unanimously find the following by a preponderance of the evidence:

1. Was GWACS Armory LLC's enlarged trigger guard design on the CAV-15 MKIII a trade secret:

    Yes _____ No __✓__.

    *If YES, then proceed to Question 1(A). If NO, proceed to Question 2.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the enlarged trigger guard design on the CAV-15 MKIII :

    Yes _____ No _____.

2. Was GWACS Armory LLC's design and location of a QD socket on the CAV-15 MKIII a trade secret:

    Yes _____ No __✓__.

    *If YES, then proceed to Question 2(A). If NO, proceed to Question 3.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the QD socket on the CAV-15 MKIII:

    Yes _____ No _____.

3. Was GWACS Armory LLC's flared magazine well feature of the CAV-15 MKIII a trade secret:

    Yes _____ No __✓__.

    *If YES, then proceed to Question 3(A). If NO, proceed to Question 4.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the flared magazine well feature of the CAV-15 MKIII:

    Yes _____ No _____.

4. Was GWACS Armory LLC's inability to produce polymer lower receivers for the market after 2015 a trade secret:

   Yes _____ No __✓__.

   *If YES, then proceed to Question 4(A). If NO, proceed to Question 5.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding its inability to produce polymer lower receivers for the market after 2015:

      Yes _____ No _____.

5. Was the amount of money GWACS Armory needed to produce the CAV-15 MKIII and MKIV was a trade secret:

   Yes _____ No __✓__.

   *If YES, then proceed to Question 5(A). If NO, proceed to Question 6.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the amount of money GWACS Armory needed to produce the CAV-15 MKIII and MKIV:

      Yes _____ No _____.

6. Was GWACS Armory LLC's pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet (Plaintiff's Ex. 23) a trade secret:

   Yes _____ No __✓__.

   *If YES, then proceed to Question 6(A). If NO, proceed to Question 7.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding its pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet (Plaintiff's Ex. 23):

      Yes _____ No _____.

7. Was GWACS Armory LLC's financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet (Plaintiff's Ex. 23) a trade secret:

   Yes \_\_\_\_\_  No \_✓\_\_.

   *If YES, then proceed to Question 7(A). If NO, proceed to Question 8.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet (Plaintiff's Ex. 23):

   Yes \_\_\_\_\_  No \_\_\_\_\_.

8. Was the combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS Armory MK III a trade secret:

   Yes \_\_\_\_\_  No \_✓\_\_.

   *If YES, then proceed to Question 8(A). If NO proceed below.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS Armory MK III was a trade secret:

   Yes \_\_\_\_\_  No \_\_\_\_\_.

*If you answered YES to ANY of Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A), proceed to Section II. If not, proceed to Section III, Misappropriation.*

## II. EXEMPLARY DAMAGES – FEDERAL TRADE SECRET MISAPPROPRIATION

*Complete this Section ONLY if you answered YES to any of Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A) in Section I, Federal Trade Secret Misappropriation.*

With respect to Plaintiff GWACS Armory, LLC's claims of federal trade secret misappropriation, we, the jury, unanimously find by clear and convincing evidence:

1. Was KE Arms, LLC's misappropriation both willful and malicious:

    Yes _____ No _____.

*Proceed to Section III, State Law Trade Secret Misappropriation.*

### III. STATE LAW TRADE SECRET MISAPPROPRIATION

With respect to Plaintiff GWACS Armory, LLC's claims of state-law trade secret misappropriation, we, the jury, unanimously find the following by a preponderance of the evidence:

1. Was GWACS Armory LLC's enlarged trigger guard design on the CAV-15 MKIII a trade secret:

    Yes _____  No __✓__.

    *If YES, then proceed to Question 1(A). If NO, proceed to Question 2.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the enlarged trigger guard design on the CAV-15 MKIII :

    Yes _____  No __✓__.

2. Was GWACS Armory LLC's design and location of a QD socket on the CAV-15 MKIII a trade secret:

    Yes _____  No __✓__.

    *If YES, then proceed to Question 2(A). If NO, proceed to Question 3.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the QD socket on the CAV-15 MKIII:

    Yes _____  No _____.

3. Was GWACS Armory LLC's flared magazine well feature of the CAV-15 MKIII a trade secret:

    Yes _____  No __✓__.

    *If YES, then proceed to Question 3(A). If NO, proceed to Question 4.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret in the flared magazine well feature of the CAV-15 MKIII:

    Yes _____  No _____.

4. Was GWACS Armory LLC's inability to produce polymer lower receivers for the market after 2015 a trade secret:

    Yes _____   No __✓__.

    *If YES, then proceed to Question 4(A). If NO, proceed to Question 5.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding its inability to produce polymer lower receivers for the market after 2015:

        Yes _____   No _____.

5. Was the amount of money GWACS Armory needed to produce the CAV-15 MKIII and MKIV a trade secret:

    Yes _____   No __✓__.

    *If YES, then proceed to Question 5(A). If NO, proceed to Question 6.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the amount of money GWACS Armory needed to produce the CAV-15 MKIII and MKIV:

        Yes _____   No _____.

6. Was GWACS Armory LLC's pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet (Plaintiff's Ex. 23) a trade secret:

    Yes _____   No __✓__.

    *If YES, then proceed to Question 6(A). If NO, proceed to Question 7.*

    A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding its pricing of the CAV-15 MKIII as set forth in the April 2015 investment packet (Plaintiff's Ex. 23):

        Yes _____   No _____.

7. Was GWACS Armory LLC's financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet (Plaintiff's Ex. 23) a trade secret:

   Yes _____ No __✓__.

   *If YES, then proceed to Question 7(A). If NO, proceed to Question 8.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the financial projections for the CAV-15 MKIII and MKIV as set forth in the April 2015 investment packet (Plaintiff's Ex. 23):

   Yes _____ No _____

8. Was the combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS Armory MK III a trade secret:

   Yes _____ No __✓__.

   *If YES, then proceed to Question 8(A). If NO proceed below.*

   A. Did KE Arms misappropriate GWACS Armory LLC's trade secret regarding the combination of an enlarged trigger guard, QD Socket, and flared magazine well on the GWACS Armory MK III:

   Yes _____ No _____.

*If you answered YES to ANY of Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A), proceed to Section IV. If not, proceed to Section V, Breach of Contract*

## IV.   EXEMPLARY DAMAGES – STATE-LAW TRADE SECRET MISAPPROPRIATION

*Complete this Section ONLY if you answered YES to any of Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A) in Section III, State-Law Trade Secret Misappropriation.*

With respect to Plaintiff GWACS Armory, LLC's claims of state-law trade secret misappropriation, we, the jury, unanimously find the following by clear and convincing evidence:

1. Was KE Arms, LLC's misappropriation both willful and malicious:

    Yes _____   No _____.

*Proceed to Section V, Breach of Contract.*

## V. BREACH OF CONTRACT

With respect to Plaintiff GWACS Armory, LLC's breach-of-contract claim, we, the jury, unanimously find the following by a preponderance of the evidence:

1. Did KE Arms, LLC, breach the contractual obligations it owed to GWACS Armory, LLC under the June 2, 2015 Nondisclosure Agreement.:

    Yes \_\_\_\_  No ✓ .

    *Proceed to Section VI, Damages.*

## VI.    DAMAGES

*Complete this Section ONLY if you answered YES to ANY of the following: Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A) in Section I, Federal Trade Secret Misappropriation; Questions 1(A), 2(A), 3(A), 4(A), 5(A), 6(A), 7(A), or 8(A) in Section III, State-Law Trade Secret Misappropriation; or Question 1 in Section V, Breach of Contract. If you did not answer yes to any of those questions, do not complete this Section, and proceed to Section VI, Signature Page.*

We, the jury, unanimously fix the amount of damages as follows:

1. The actual loss caused to GWACS Armory, LLC by the unlawful use, acquisition, or disclosure of its trade secrets, is:

    $_____.

    *Proceed to Question 2.*

2. The amount by which KE Arms was unjustly enriched by the unlawful use, acquisition, or disclosure of the trade secret or secrets that is not reflected in or addressed by the amount set forth in response to Question 1 is:

    $_____.

*If you provided a response to either Question 1 or Question 2, proceed directly to Question 4. If not, proceed to Question 3.*

3. A reasonable royalty for KE Arms, LLC's s use of GWACS Armory, LLC's trade secrets is:

    $_____.

    *Proceed to Question 4.*

4. That the measure of damages resulting from the breach of the June 2, 2015 NDA that is not reflected in or addressed by the amounts set forth in Question 1, Question 2, and/or Question 3 is:

    $_____.

    *Proceed to and complete the signature page.*

## VII. SIGNATURE PAGE

The foregoing represents our true and unanimous verdict.

Signature of Foreperson  Redacted

Date 2.14.25

Redacted