**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GWACS ARMORY LLC | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No.:20-cv-341-JDR-SH** |
| KE ARMS, LLC, | ) | **BASE FILE** |
| | ) | Consolidated with: |
| | ) | Case No. 21-cv-107-JDR-SH |
| | ) | |
| **Defendant.** | ) | |

**DECLARATION OF ALEXANDER K. CALAWAY IN SUPPORT DEFENDANTS'**
**MOTION FOR ATTORNEY FEES AND COSTS**

Alexander K. Calaway, declares as follows:

1.      I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true.  I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2.      With regard to the above-captioned action between Plaintiff GWACS Armory, LLC ("GWACS") and Defendant KE Arms, LLC ("KEA"), Russell Phagan ("Phagan"), Sinistral Shooting Technologies, LLC ("SST"), Brownells, Inc. ("Brownells"), and Shawn Nealon ("Nealon") (collectively "Defendants"), I am counsel of record in this matter for Defendants and have personal knowledge of the matters discussed herein.

1

MAC: 16075-001 (#5809348.1)

3.      I am making this declaration in connection with a motion seeking prevailing party attorney fees under Fed. R. Civ. P. 54(d)(2), because Defendants are the prevailing parties in this case, pursuant to the jury verdict entered on February 20, 2025.  Dkt. 272.

4.      On July 15, 2020, GWACS commenced this action against KEA for: (1) breach of the NDA, (2) misappropriation of trade secrets, (3) trademark infringement, (4) trade dress infringement, (5) copyright infringement, (6) misappropriation of intellectual property, and (7) breach of the implied covenant of fair dealing. Dkt. 2.

5.      In the same complaint, GWACS brought claims against Mr. Phagan for misappropriation of trade secrets, misappropriation of intellectual property, and breach of the implied covenant of fair dealing. *Id.*  GWACS brought claims against SST, for breach of the implied covenant of good faith and fair dealing, breach of an asset purchase agreement dated November 22, 2011 (the "APA"), and misappropriation of intellectual property. *Id.* GWACS brought claims against Brownells for trademark infringement, breach of the implied covenant of fair dealing, and breach of a mutual non-disclosure agreement ("NDA"). *Id.* GWACS brought claims against Mr. Nealon for misappropriation of trade secrets, and misappropriation of intellectual property. *Id.*

6.      On October 7, 2021, Brownells, Phagan, SST, and Nealon made offers of judgment to GWACS. Specifically, Brownells offered $1,500, Nealon offered $1,500, Mr. Phagan offered $1,500, and SST offered $1,500. GWACS rejected each of these offers of judgment.

7.      On December 17, 2021, GWACS' claims for trademark infringement claim (third cause of action), trade dress infringement (fourth cause of action), and copyright infringement (fifth cause of action) were dismissed. Dkt. 81.

MAC: 16075-001 (#5809348.1)

8.      On February 23, 2023, the Court dismissed GWACS' claims against KEA for misappropriation of intellectual property (sixth cause of action), and breach of the implied covenant of fair dealing (seventh cause of action). Dkt. 191, at pg. 40. The also Court summarily dismissed all of GWACS claims against the Brownells, Phagan, SST, and Nealon, with prejudice, and awarded GWACS zero damages. *Id.*

9.      Federal Rule of Civil Procedure 54(d)(2) allows a prevailing party to seek an award of attorney fees by motion, specifying the judgment entitling the movant to the award, and providing the amount of fees sought or a fair estimate. Defendants have fully prevailed in defending each of GWACS claims, and is thus, are the prevailing parties for purposes of Rule 54(d)(2). Dkt. 272. Accordingly, Defendants by their Motion are entitled to and seek an award of prevailing party attorney fees.

10.     With regard to their recoverable fees, Defendants respectfully submit that GWACS' claims against the Defendants were inextricably intertwined. The claims made this case against the Defendants all arise out of the same purported trade secrets claimed by GWACS, related to a polymer lower receiver it called the CAV-15.

11.     Further, the claims made by GWACS in this lawsuit all arise from the same transaction with SST, wherein GWACS claimed to have purchased its rights and trade secrets to the CAV-15. GWACS' decision to sue all of the Defendants in this case greatly multiplied proceedings and the cost of litigation.

12.     With this in mind, as authorized by Rule 54, the attorney fee totals below are a fair estimate of the combined fee totals reasonably incurred by each of the Defendants.  The fees billed

MAC: 16075-001 (#5809348.1)

by the undersigned and his firm and local counsel of record during the relevant periods are set forth below:

a.    KEA as incurred attorney fees in the amount of **$667,822.00**, which is calculated by multiplying the number of hours KEA's attorneys expended on this litigation, **2,323.40**, by the average rate of the billable hourly rate for this matter, **$287.43** dollars per hour. These attorney fee totals are a fair estimate of the combined fee total reasonably incurred by KEA from the start of the dispute through February 2025.

b.    Brownells, Phagan, SST, and Nealon incurred attorney fees in the amount of **$139,822.00**, which is calculated by multiplying the number of hours their attorneys expended on this litigation, **486.45,** by the average rate of the billable hourly rate for this matter, $287.43 dollars per hour. These attorney fee totals are a fair estimate of the combined fee total reasonably incurred by Brownells, Phagan, SST, and Nealon between October 2021 and February 2023.

c.    SST incurred attorney fees in the amount of **$421,720.50**, which is calculated by multiplying the number of hours its attorneys expended on this litigation, **1,467.21,** by the average rate of the billable hourly rate for this matter, **$287.43** dollars per hour. These attorney fee totals are a fair estimate of the combined fee total reasonably incurred by SST between July 2020 and February 2023.

13.    In addition, each of the Defendants seek their attorney fees for the period following February 20, 2025, until the Court enters judgment on this motion, which additional amount will be substantiated by a supplemental filing. With regard to fees incurred after February 2025, which have not yet been billed, those fee amounts are still being assembled, but a fair estimate of the unbilled fees is approximately **$30,000**.

4

14.    The undersigned is an experienced lawyer with a practice primarily concentrated in representing businesses in complex litigation. The undersigned performed the vast majority of work on the case so there was little potential for duplication of effort. The hourly rate charged is well-below the usual and customary rates in Tulsa, Oklahoma for lawyers and paralegals of comparable skills and experience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of March 2025.


　　　　　　　　　　　　　　　　　　　　*/s/ Alexander K. Calaway*
Alexander K. Calaway

MAC: 16075-001 (#5809348.1)