IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY, LLC<br><br>     Plaintiff,<br><br>v.<br><br>KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON,<br><br>     Defendants.<br>and<br><br>KE ARMS, LLC,<br>     Plaintiff,<br>v.<br>GWACS ARMORY, LLC, GWACS DEFENSE INCORPORATED, JUD GUDGEL, RUSSEL ANDERSON, DOES I through X, and ROE CORPORATIONS I through X,<br>     Defendants. | Case No.:20-cv-0341-CVE-SH<br>BASE FILE<br><br>Consolidated with:<br>Case No. 21-CV-0107-CVE-JFJ |

**GWACS ARMORY, LLC'S RESPONSE TO DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S FIRST SET OF INTERROGATORIES TO GWACS ARMORY, LLC**

  **COMES NOW** Plaintiff GWACS ARMORY, LLC ("Plaintiff" or "Armory"), by and through its attorney of record, and for its Responses and Objections to Defendant KE ARMS, LLC's First Request for Production to GWACS ARMORY, LLC, alleges and states as follows:

**PRELIMINARY STATEMENTS AND OBJECTIONS**

  1. Each of the following responses is made without waiving any objections Plaintiff may have with respect to the subsequent use of these responses, answers or the documents referred to herein, and Plaintiff specially reserves (a) all questions as to the privilege, relevancy, materiality, and admissibility of said responses, answers or documents; (b) the right to object to the uses of

said responses, answers or documents in any manner; (c) the right to object to the uses of said responses, answers or documents in any lawsuit or proceeding on any or all of the foregoing grounds or on any other proper ground; (d) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or related to responses, answers or documents; and (e) the right, at any time, upon proper showing, to revise, correct or clarify any of the following responses and answers.

2. Plaintiff objects to Defendant's requests to the extent that they may misstate or seek to impose obligations or requirements greater than those imposed by Oklahoma law.

3. Plaintiff objects to Defendant's requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the "work product" doctrine, (c) the "trial preparation" doctrine, or (d) any other applicable discovery rule or privilege. Further, Plaintiff does not waive privilege to any privileged document or information, or portion thereof, which may be inadvertently furnished or provided, it being the intent of Plaintiff not to waive any privilege which might exist.

4. Plaintiff objects to any request by Defendant which purports to require the creation of documents which do not exist.

5. In such instances where Plaintiff's responses below indicate that production of documents will be made, such indication is not a waiver of Plaintiff's right to withhold from production such documents which are subject to claims of proprietary or trade-secret information, attorney work-product, or attorney-client privilege. Plaintiff objects to production of any document subject to such claims, and they will not be produced. Upon production by Plaintiff of documents responsive to Defendant's requests and not withheld on the basis of an objection outlined below,

Plaintiff will furnish Defendant with an index of documents withheld on the basis of attorney-client privilege, or any other applicable legal basis.

6. Where several document requests call or arguably call for production of the same document or category of documents, an objection made to one request is deemed to be made to all requests which seek production of the same document or category of documents.

7. The indication that production will be made does not mean that any of the documents called for exist, or that such documents are in the possession or control of, or that such documents are reasonably available to Plaintiff. It means only that, subject to the foregoing conditions, they will be produced to the extent that Plaintiff has been able to locate responsive documents.

8. Plaintiff specifically reserves the right to supplement its Response should additional information or documents become available during the discovery process.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person you believe has knowledge of any facts regarding any causes of action or damages outlined in the Complaint, and describe the knowledge you believe each person possesses.

**RESPONSE TO INTERROGATORY NO. 1:**

See Armory's Rule 26 Initial Disclosures produced 5/19/21. Further, upon information and belief, Chris Collins, J.L. Bourne, Ben Roningen, Alan Kuhn, and Russell Phagan have knowledge of the confusion caused by the KEA polymer lower receivers advertised by KEA and Brownells.

**INTERROGATORY NO. 2:**

Identify each person you believe has knowledge of any facts regarding the assertions or defenses to the Complaint, and describe the knowledge you believe each person possesses.

**RESPONSE TO INTERROGATORY NO. 2:**

All people previously identified by Armory will have various knowledge about the purchase of items and IP from Phagan, initial sales, ideas regarding future product development, discussions with Brownells, Phagan and KEA. Representatives of all co-defendants, Paul Levy, all engineers and marketing personnel employed or contracted by the co-defendants who have been associated with the KEA polymer lower receiver project are expected to have information regarding the information initially used to develop the KEA polymer receiver.

Russell Phagan – has information regarding the purchase of the IP from SST, what IP was conveyed, communications he had with others regarding the fact that Armory had purchased the IP, discussions he had with Shel Jones regarding Armory's development of Asserted Mark, and information disclosed to him by Armory.

Paul Levy – has information regarding KEA's and Brownells' belief that Armory owned the IP for the CAV-15 and its derivatives; Brownells request for a license from Armory regarding Asserted Mark; knowledge of projected marketing of the CAV-15; knowledge of variance request between Armory and Brownells for a Brownells marked CAV-15; and knowledge of the business arrangement between Armory, Brownells and KEA for marketing the "WWSD" rifle.

Shawn Nealon – has information regarding the initial design and derivatives of the CAV-15, to include the MKI and MKII versions; also has information on the IP sold to Cavalry Manufacturing then to Russell Phagan, who sold it to Armory. Further, Nealon has information regarding the drawings and CAD/CAM files obtained by KEA.

4

Scott Merrill – has information regarding the CAD drawings and other IP purchased from Phagan, Armory's developmental efforts on the Asserted Mark(s), the similarities between Asserted Mark and the KEA Polymer Lower.

Shel Jones – has information regarding the negotiation of terms and drafting of all documents of transfer from SST and Phagan to Armory; conversations, emails, texts between him and Phagan regarding transfer; discussions with Phagan regarding licensing KEA to produce Asserted Mark; discussions with Phagan regarding design improvements from the MKII to the MKIII while Phagan was on contract with Armory as an independent sales representative.

Jud Gudgel – has information regarding the purchase of all items from SST, including the IP, the preparation of all documents of transfer; efforts by KEA and Brownells to obtain a license to produce Asserted Mark; advertising by co-Defendants regarding the items produced by co-Defendants based on stolen IP.

**INTERROGATORY NO. 3:**

Identify each person you believe has knowledge of any facts regarding any causes of action or damages outlined in the Complaint, and describe the knowledge you believe each person possesses.

**RESPONSE TO INTERROGATORY NO. 3:**

See Response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify and describe all of your communications with the ATF during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection, Interrogatory No. 4 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Identify each of the responsible person(s) listed on your Federal Firearms License(s) and Responsible Person Questionnaires provided to the ATF during the Relevant Period.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection, Interrogatory No. 5 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Identify all persons that furnished information to the ATF during the Relevant Period and describe the information each person furnished.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection, Interrogatory No. 6 seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

Identify each of the assets Plaintiff purchased from SST on November 22, 2011 as identified in Paragraph 20 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Van Don 300 press HT Series Model 300HT14.2865 1996 with Pathfinder 4500 controller; Con Air 5030 plastic dryer with hopper – S/N 80105; Branson 90 Series Linear Vibration Welder Model VW2 Serial Number 96R523769; Take Down Pin Sets (1,500+); Serial Number tags (1,000+); CAD drawings, design prints to the molds, including any all intellectual property ("IP") related thereto; Take Down Pin specifications; Miscellaneous tools and equipment to manufacture, market and sell the lowers.

**INTERROGATORY NO. 8:**

Identify and describe any "proprietary information" that Plaintiff disclosed to BROWNELLS, INC. and KE ARMS, LLC as alleged in Paragraphs 55 and 113 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Armory disclosed the condition of the molds; financial information of Armory; that Armory was seeking investors for continued manufacturing and development; total CAV-15 MKII lower sales volume; CAV-15 MKII sales following In Range videos; its intent to use Marks MKIII and MKIV for future CAV-15 models; financial projections for future CAV-15 production and sales; drawings/ renderings of the CAV-15; the MKIII CAD renderings and functionality improvements to include several features that were included in the KEA polymer receiver; and the MKIV adjustable stock CAD renderings and functionality.

**INTERROGATORY NO. 4:** (Note: This is the second Interrogatory No. 4.)

Identify the communications you had with the Defendants relating to proprietary information as identified Paragraphs 55 and 113 of Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Investment Packet provided in 2018.

In 2018, numerous phone calls between Shel Jones and Paul Levy and Russell Phagan regarding the marketing of Asserted Mark once it was in production, discussions included design improvements and modifications to the MKII design, and the content and execution of the Brownell NDA.

In 2016, there were numerous phone calls between Shel Jones and Paul Levy regarding the drafting and execution of the updated Brownells NDA.

In 2017, numerous phone calls between Shel Jones and Paul Levy regarding Brownells desire to obtain a variance to produce a CAV-15 with Brownells name.

In 2018, numerous phone calls between Shel Jones and Paul Levy regarding Brownells' desire to license the production of the CAV-15 MKII.

April to September 2018, email exchanges between Shel Jones and Paul Levy regarding Armory's IP, Brownells' interest in working with Armory on the WWSD rifle project, the request for a variance from the ATF to produce a MKII bearing Brownells' name.

Numerous communications produced herewith.

**INTERROGATORY NO. 9:**

Please describe all discussions (if any) concerning the establishment of a "business relationship" between Plaintiff and BROWNELLS, INC. and/or KE ARMS, LLC as identified in the Complaint, Exhibit 2, Paragraph 1.

**RESPONSE TO INTERROGATORY NO. 9:**

April - September 2018 – numerous phone calls and emails (produced) regarding the agreement between Armory, Brownells and KEA in which Armory would produce a polymer lower under a BATF variance with Brownells name marked with "WWSD", provide the lowers to Faxon who would produce the upper receiver and build the rifle, using a trigger assembly provided by KEA. The completed product was to be sent to Brownells for sale and distribution.

**INTERROGATORY NO. 5:  (Note:  This is the second Interrogatory No. 5.)**

Identify each contract or agreement (whether written or oral) that you contend existed between you and Defendants, including amendments if any.  If the contract or agreement was reduced to writing, identify such contract by bates number.  If your answer relates to an oral contract or agreement, identify (i) the approximate date upon which the parties entered into each

oral contract or agreement, (ii) the parties to the contract or agreement, and (iii) the terms of the contract or agreement.

**RESPONSE TO INTERROGATORY NO. 5:**

2 Brownells NDA and KEA NDA, Asset Purchase and Sales Agreement between Armory and Sinistral Shooting Technologies, LLC dated November 22, 2011; Bill of Sale between Armory and SST dated November 22, 2011; and SST NDA dated 10/6/2011.

**INTERROGATORY NO. 10:**

Please describe fully each and every source of knowledge about the alleged occurrence of which the Plaintiff is aware, including:

(a) the identity of each such source;

(b) the date and time when the Plaintiff received any information from each such source regarding the alleged occurrence; and

(c) the manner in which the information was received.

**RESPONSE TO INTERROGATORY NO. 10:**

The first indication was when Brownells and KEA used one of Armory's CAD renderings in their ad for the Lower Receiver, as well as images of Armory's CAV-15 lower receiver in their ads for the WWSD rifle. This occurred on or around January 2020. Scott Merrill's familiarity with the CAD renderings was instrumental in our realization of their using Armory's design and IP.

**INTERROGATORY NO. 11:**

Please identify each person or entity which has an ownership interest in the copyrights to Plaintiff's Work, specifying the nature and extent of each such interest.

**RESPONSE TO INTERROGATORY NO. 11:**

Armory, through the purchase of all IP from SST.

**INTERROGATORY NO. 12:**

Please describe the Plaintiff's Work in complete detail including the total, author and nature of the work, and each and every medium used in the work.

**RESPONSE TO INTERROGATORY NO. 12:**

Armory acquired the work in 2011 when it acquired the CAV-15 assets and all related IP from SST. Armory invested thousands of hours on MKIII and MKIV product development and CAD design by Scott Merrill (mechanical engineer), Shel Jones, and Jud Gudgel.

**INTERROGATORY NO. 13:**

Please describe fully the process by which Plaintiff's Work was prepared, formulated and completed, including for each stage, model, prototype, draft, revision or version of the work:

(a) the date on which it was begun;

(b) the date on which it was completed;

(c) the name, address and role played by each person who was involved in it; and

(d) the location and name and address of the custodian of all documents which reflect, record, refer to or relate to the draft or version of the work.

**RESPONSE TO INTERROGATORY NO. 13:**

See interrogatory 12. In addition, product work for the MKIII MKIV began in 2011/2012 and continues to present. All CAD design work has been performed by Scott Merrill, Armory employee. All documents are retained within Armory in Tulsa, OK.

**INTERROGATORY NO. 14:**

Was Plaintiff's Work first published prior to the alleged occurrence, and if so, please identify,

(a) the date of first publication;

(b) the location of first publication;

(c) the domicile of the author of the work at the time of first publication;

(d) the manner in which the work was first published;

(e) whether the work contained notice of copyright when first published; and

(f) the location and name and address of the custodian of all documents which reflect, refer to or relate to the first publication of the work.

**RESPONSE TO INTERROGATORY NO. 14:**

Published privately under NDA. See investment package, Armory-0144-0160.

**INTERROGATORY NO. 15:**

Please describe the publication and distribution of Plaintiff's Work (if any) prior to the alleged occurrence, including:

(a) the number of copies or phonorecords of the work which were published or distributed;

(b) the inclusive dates of each publication and distribution period;

(c) the name and address or, if unavailable, a description of each person to whom copies or phonorecords of the work were distributed; and

(d) the location and name and address of the custodian of all documents which reflect, refer to or relate to the publication or distribution.

**RESPONSE TO INTERROGATORY NO. 15:**

Armory provided various drawings and renderings in the investment packet, including current generation CAV-15 MKII lower receivers, specifications of the MKII, MKIII, and MKIV.

**INTERROGATORY NO. 16:**

Identify each instance (if any) that Plaintiff provided Defendants with access to Plaintiff's Work, and for each instance please describe:

(a) the first date of access;

(b) the manner in which access was provided;

(c) the person who provided or authorized the access;

(d) the extent to which Plaintiff supervised the access; and

(f) the location and name and address of the custodian of all documents which reflect, refer to or relate to Defendants' access.

**RESPONSE TO INTERROGATORY NO. 16:**

Armory provided only photo renderings of MKIII and MKIV to KEA and Brownells.

**INTERROGATORY NO. 17:**

Please identify each of the similarities (if any) between Plaintiff's Work and the KEA Polymer Receiver, and describe each similarity in detail.

**RESPONSE TO INTERROGATORY NO. 17:**

It is virtually identical to Plaintiff's work.

- Buffer tube area – structural ribs at entry are virtually identical to Plaintiff's Work
- Buttstock attachment area – manner in which nuts are placed within the two halves of the monolithic lower prior to sonic welding are virtually identical to Plaintiff's Work

12

- Surface knit lines of the buttstock – virtually identical to Plaintiff's Work

- The KEA Polymer Lower uses the same take down pins as Armory's CAV-15.

**INTERROGATORY NO. 18:**

Please give a complete description of the copyright notice affixed to or contained in copies of Plaintiff's Work published or distributed prior to the alleged occurrence, including:

(a) all symbols, words or abbreviations used to designate the copyright;

(b) the year on the notice;

(c) the position of the notice in relation to the copy or phonorecord;

(d) a full and complete description of all methods or processes used to fix or attach the notice on the copy or phonorecord; and

(e) the location and name and address of the custodian of all documents which record, reflect, refer to or relate to the fixation of notice on copies or phonorecords of the work.

**RESPONSE TO INTERROGATORY NO. 18:**

Unknown.

**INTERROGATORY NO. 19:**

If Plaintiff's Work was ever registered with the U.S. Copyright Office, please identify as to each such registration:

(a) the date on which application for registration was received by the Copyright Office;

(b) the date on which material deposited for registration was received by the Copyright Office;

(c) the date on which fees for registration were received by the Copyright Office;

(d) a full and complete description of all materials relating to the work which were deposited with the Copyright Office; and

(e) the location and name and address of the custodian of all documents which reflect, refer to or relate to the registration.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff's work as defined, was not registered with the U.S. Copyright Office.

**INTERROGATORY NO. 20:**

Please set forth the substance of all communications in which the Plaintiff participated, or of which the Plaintiff is aware, which took place after the alleged occurrence, and which concerned the Defendants' alleged use or infringement of the Plaintiff's Work.

**RESPONSE TO INTERROGATORY NO. 20:**

Armory's first communication was to Russell Phagan, as an agent of KEA, demanding KEA cease and desist production of the items discovered in the advertisement Armory first saw in early 2020. Having received no response, Armory sent a follow-up cease and desist email to Phagan and cc'd Paul Levy as an agent of Brownells. All communication after the second cease and desist email were through counsel.

**INTERROGATORY NO. 21:**

Identify all persons that furnished information for the response to these interrogatories, designating the number of each interrogatory for which such persons furnished information.

**RESPONSE TO INTERROGATORY NO. 21:**

Jud Gudgel, Shel Jones, Scott Merrill and Russell Anderson.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

*(signature)*

James E. Weger, OBA# 9437
Tadd J.P. Bogan, OBA# 20962
3800 First Place Tower
15 East Fifth Street
Tulsa, Oklahoma 74103
Telephone: (918)581-8200
Facsimile: (918)583-1189
E-Mail: jweger@jonesgotcher.com
tbogan@jonesgotcher.com
*Attorneys for Plaintiff, GWACS Armory, LLC, and Counterclaim Defendants GWACS Armory, LLC; GWACS Defense, Inc.; Jud Gudgel; and Russell Anderson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2021, a true and correct of the above and foregoing documents was sent via e-mail, facsimile or by US Mail, with proper postage fully prepaid thereon, to the following:

Robert P. Fitz-Patrick
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
320 S. Boston Ave., Suite 200
Tulsa, OK 74103-3706
(918) 594-0505 – *facsimile*
rfitzpatrick@hallestill.com - email

Brian R. Hardy
Alexander K. Calaway
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145

*(signature)*
Tadd J. P. Bogan

15

## VERIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF TULSA )

    Comes now, the undersigned, JUD GUDGEL, being under oath and after being first duly sworn, states that he is the President and CEO of the Plaintiff in this case, has read the contents within the foregoing pleading, knows the contents thereof, and states that the facts and matters therein are true and correct to the best of his knowledge and belief.

_____
JUD GUDGEL

Subscribed and sworn to before me this 1st day of July, 2021.

_____
Notary Public

My Commission No.: 19003088   Expires: 03/26/2023

> Cynthia George
> Notary Public
> State of Oklahoma
> Rogers County
> Commission Expires 03/26/2023
> Commission #: 19003088