IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KE ARMS, LLC, )<br>)<br>)<br>)<br>)<br>Defendant. ) | Case No.:20-cv-341-JDR-SH<br>BASE FILE<br>Consolidated with:<br>Case No. 21-cv-107-JDR-SH |

### DECLARATION OF MICHAEL KENNEY IN SUPPORT DEFENDANT KE ARMS LLC'S MOTION FOR ATTORNEY FEES

Michael Kenney, declares as follows:

1. I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I am the principal of defendant KE Arms, LLC ("KEA"), and I am familiar with its business activities. I provide this declaration in support of KEA's motion for attorney fees in this case.

3. My hope is that this declaration can provide some background and context regarding the negative impact plaintiff GWACS Armory LLC's ("GWACS") lawsuit has had on defendant KE Arms LLC ("KEA") and its business.

4. For perspective, before GWACS' lawsuit, KEA was a company on the rise with approximately 50 employees and millions of dollars in annual sales. However, GWACS lawsuit caused very real and significant interruptions to KEA and its business.

1

5. As a result of GWACS' lawsuit: (a) approximately $7,000,000 dollars in open purchase orders were cancelled by Brownells, Inc., who GWACS' named as a defendant in the lawsuit, and by RSR Group, who GWACS subpoenaed in the lawsuit; (b) existing KEA customers, such as Strategic Armory Corps, LLC ("SAC"), expressly declined to purchase the KP-15 due to GWACS' pending litigation; (c) investors who had invested in KEA, were unwilling to invest any more money into the company or any other new product development because of GWACS lawsuit; (d) there was a chilling effect on KEA's relationships with existing customers and vendors suffered; and (e) KEA's collaborations with other companies on product development, sales and marketing efforts were halted.

6. Notably, I was in discussions with two separate venture capital firms to sell KEA company for in excess of $20,000,000, but once I disclosed the GWACS lawsuit to these firms, both declined to move forward.

7. Further, GWACS' lawsuit had a substantial financial impact on KEA. As a result of the GWACS lawsuit: (a) KEA was unable to produce new inventory; (b) KEA faced declining sales due to the loss of its distribution network; (c) KEA was forced to terminate its employees and liquidate assets to fund the defense of the lawsuit; and (d) KEA had to take on significant debt to fund the defense of the lawsuit.

8. the foregoing, KEA respectfully requests that it be made whole with respect to its attorney fees and costs incurred in this matter, and that GWACS be held accountable for its bad faith in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of March 2025.

Michael Kenney

MAC: 16075-001 (#5808025.1)