IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWACS ARMORY LLC | ) |
| | ) |
|              **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **Case No.:20-cv-341-JDR-SH** |
| KE ARMS, LLC, | )   **BASE FILE** |
| | )   Consolidated with: |
| | )   Case No. 21-cv-107-JDR-SH |
| | ) |
|              **Defendant.** | ) |

## DEFENDANT KE ARMS, LLC'S BRIEF REGARDING ITS DECLARATORY RELIEF CLAIM

Defendant KE Arms, LLC, by and through its counsel of record, and pursuant to the Court's Order filed on March 11, 2025 (Dkt. 275), provides the following brief regarding its declaratory relief claim.[1] As further set forth below, the Court may decline to rule on KEA's declaratory relief claim as moot.

**I.    RELEVANT BACKGROUND**

This case arises out of an AR-15 type rifle called the CAV-15.[2] Plaintiff GWAC Armory, LLC ("GWACS") claims that defendant KE Arms, LLC ("KEA") misappropriated its trade secrets and proprietary information in violation of a mutual non-disclosure agreement on June 2, 2015 (the "NDA").[3] KEA counterclaimed against GWACS seeking a declaratory judgment regarding

---

[1] Dkt. 49 at 11; Dkt. 191 at 40.

[2] Dkt. 49, at pg. 3-4.

[3] Dkt. 2, pgs. 8-10.

KEA's rights and obligations with respect to the NDA.[4] Specifically, KEA seeks a declaratory judgment containing the following declarations:

> [a] KEA has complied with all of its obligations under the NDA; [b] The NDA contains a valid provision wherein each party acknowledges that the parties (or their affiliates) may be in the process of offering or developing products or services that are competitive with and potentially similar to the products and services which the other party offers or intends to offer, and agreed that the NDA did not preclude such offerings or development, irrespective of any competition with or similarity to such party's products or services; and [c] KEA is specifically in compliance with its obligations under the NDA with respect to Proprietary Information and as such is permitted to offer develop products that are competitive with and potentially similar to products of GAL.[5]

On summary judgment, the Court noted that the definition of "proprietary information" under the NDA differs in some respects from the statutory definition of "trade secrets," but that these differences "are not material for analysis of GWACS' breach of contract claim."[6] At trial, the jury found that KEA did not breach its contractual obligations owed to GWACS under the NDA.[7] The jury also found that KEA has not misappropriated any trade secret owned by GWACS.[8]

## II.   LEGAL ANALYSIS

The Declaratory Judgment Act (the "Act") governs the standards for granting a declaratory judgment. *See, e.g., State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982-83 (10th Cir. 1994)

---

[4] Dkt. 49.

[5] Dkt. 49, pg. 6, 11.

[6] Dkt. 191, pg. 28.

[7] Dkt. 272, pg. 10.

[8] *Id*. at pgs. 2-3, 6-8.

(applying federal declaratory judgment standards in diversity case). The Declaratory Judgment Act only permits declaratory relief for live and actual controversies. 28 U.S.C. § 2201(a). In determining whether an "actual controversy" exists, "[t]he crucial question ... is whether granting a present determination of the issues offered will have some effect in the real world." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1382 (10th Cir. 2011). Courts may decline resolve a declaratory relief claim where a jury resolves the actual controversy giving rise to the claim. *See e.g., Cypress Advisors, Inc. v. Davis*, No. 16-CV-01935-PAB-MEH, 2021 WL 1751158, at *4 (D. Colo. May 4, 2021) (citing *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1248 (10th Cir. 2008)). Finally, the Court is bound to apply the factual findings of the jury in resolving the parties' declaratory judgments. *See Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 730-31 (10th Cir. 2000). The Court "must consider what findings are explicit or necessarily implied by the verdict, including examining alternative bases by which the jury could have reached its conclusion." *Id.* at 731.

Here, the express and implied findings by the jury resolved the actual controversy underlying KEA's claim for declaratory relief. The verdict confirmed KEA's rights and obligations with respect to GWACS under the NDA, by finding that KEA did not breach its contractual obligations owed to GWACS under the NDA.[9] Similarly, the verdict confirmed that KEA did not misuse any proprietary information under the NDA, by finding that KEA had not misappropriated any trade secret owned by GWACS.[10] This verdict necessarily implied that KEA: (a) complied

---

[9] Dkt. 272, pg. 10.

[10] *Id.* at pgs. 2-3, 6-8; Dkt. 191, at pg. 28.

3

with all of its obligations under the NDA, (b) that KEA is permitted under the NDA to offer and develop products that are competitive with and potentially similar to products of GWACS, and (c) KEA's products do not misuse any proprietary information disclosed under the NDA. There is simply no other alternative basis by which the jury could have reached its conclusion. *See Ag Services*, 231 F.3d at 731.

Because the jury's verdict resolved the actual controversy underlying KEA's claim for declaratory relief, the Court may decline to resolve KEA's declaratory relief claim as moot.

Dated this 18th day of March 2025.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 /s/Robert P. Fitz-Patrick
Robert P. Fitz-Patrick, OBA #14713
521 East 2nd Street, Suite 1200
Tulsa, OK  74120
Email:  rfitzpatrick@hallestill.com

**AND**

**MARQUIS AURBACH**

*/s/ Alexander K. Calaway*
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
bhardy@maclaw.com
acalaway@maclaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 18th day of March, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

James E. Weger, Esq.
Todd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
3800 First Place Tower, 15 East Fifth St.
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF,
GWACS GWACS, LLC

                                                */s/ C. Hatfield*

MAC: 16075-001 (#5822579.1)