**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GWACS ARMORY, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No.:20-cv-0341-CVE-SH** |
| **KE ARMS, LLC, RUSSELL PHAGAN,** | ) | **BASE FILE** |
| **SINISTRAL SHOOTING** | ) | |
| **TECHNOLOGIES, LLC, BROWNELLS,** | ) | Consolidated with: |
| **INC., and SHAWN NEALON,** | ) | Case No. 21-CV-0107-CVE-JFJ |
| | ) | |
| **Defendants.** | ) | |
| **and** | ) | |
| | ) | |
| **KE ARMS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **GWACS ARMORY, LLC, GWACS** | ) | |
| **DEFENSE INCORPORATED, JUD** | ) | |
| **GUDGEL, RUSSEL ANDERSON, DOES I** | ) | |
| **through X, and ROE CORPORATIONS I** | ) | |
| **through X,** | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT/COUNTER-PLAINTIFF KE ARMS, LLC'S FIRST SET OF**</u>
<u>**INTERROGATORIES TO GWACS ARMORY, LLC**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff, KE Arms, LLC. (hereinafter "KEA"), hereby requests that GWACS ARMORY, LLC (hereinafter "Plaintiff") respond in writing and under oath, and serve upon the undersigned counsel for Brownells, within thirty (30) days of the date of service thereof, its answers to the Interrogatories set forth below.

/ /

/ /

/ /

## <u>INSTRUCTIONS</u>

The following instructions shall apply to each request:

1.      **<u>Responses</u>**. Each interrogatory is to be answered fully based on information in your possession, custody, or control, or in the possession, custody, or control of your representatives, agents, or attorneys.

2.      **<u>Disclosure</u>**. You are required to disclose any matter or information, not privileged, which is relevant to the subject matters involved in this pending litigation, whether it relates to the claim or defenses of the parties seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial to be required for disclosure.

3.      **<u>Privilege</u>**. If you object to any interrogatory, in whole or in part, on the grounds of privilege, provide all information required by Federal Rule of Civil Procedure 26(b)(5).

4.      **<u>Document References</u>.** If you respond to an interrogatory by reference to documents pursuant to Federal Rule of Civil Procedure 33(d), identify the documents with specificity, including by identifying the applicable Bates Number range to the extent the documents are produced in response to Defendant's document requests in this action.

5.      **<u>Form of Response</u>**. For the convenience of the Court and the parties, each interrogatory should be quoted in full immediately preceding the response.

6.      **<u>Relevant Period.</u>** Unless otherwise stated herein, all documents requested cover the period from January 2016 through present.

7.      **Duty to Supplement**. These interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your answers to these interrogatories, you must promptly supplement your answers to these interrogatories to provide such information, as required by Federal Rule of Civil Procedure 26(e)

## DEFINITIONS

The following Definitions shall apply to each request:

1.      "Person" as used herein, or its plural or any synonym thereof, is intended to and shall mean any natural person or legal entity, including but not limited to any corporation, partnership, business trust, agency, joint venture, association, estate, trust, receiver, syndicate or any other group or combination acting as a unit or acting as a form of a legal entity, governmental agency (whether Federal, State, local, or any agency of the government of a foreign country), or any other entity.

2.      "Plaintiff," "you" or "your" means GWACS ARMORY LLC the plaintiff in the above-captioned action, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3.      "Defendants" as used herein, or its plural or any synonym thereof, is intended to and shall mean KE ARMS, LLC, RUSSELL PHAGAN, SINISTRAL SHOOTING TECHNOLOGIES, LLC, BROWNELLS, INC., and SHAWN NEALON, the defendants in the above-captioned action.

4.      "Document" and "writing," as used herein, shall refer to any information recorded on any tangible medium of expression, including all written, recorded or graphic records of every kind or description however produced or reproduced whether in the form of a draft, in final, original or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to written communications, letters, telegrams, correspondence, memoranda, notes, facsimiles, records, business records, video recordings, photographs or films, microfiche or microfilms, tape or sound recordings, transcripts or recordings, contracts, agreements, notations of telephone conversations or personal conversations, diaries, calendars, desk calendars, reports, work sheets, computer records, summaries, schedules, drawings, charts, graphs, blueprints, mylars, ozalids, minutes, forecasts, appraisals, studies, computer programs or data, data compilations of any type or kind or material similar to any of the foregoing however dominated and to whomever addressed.  "Document" shall not exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, charters, impressions or any marks thereon, or other graphic, symbolic, recorded or written material of any nature whatsoever, along with all other data compilations from which information can be obtained and all drafts and preliminary drafts thereof.

5.      "Communication" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

6.      "Date" means the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

7.      "Describe" means set forth fully and unambiguously every fact relevant to the subject of the Interrogatory, of which you (including your agents and representatives) have knowledge or information.

8.     "Identify" with respect to a person who is an individual means to state the person's (a) full name, (b) present or last known address, and (c) current or last known place of employment.

9.     "Identify" with respect to a person that is an entity such as those listed in Definition No. 1 above, means to state its: full name, legal form, date of organization, state of incorporation or organization or other business or license authority, present or last known address and telephone number, and the identity of its chief executive officer, partners, or persons in equivalent positions.

10.     "Identify" with respect to a document means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the document, together with identifying information sufficient to satisfy Rule 33 of the Federal Rules of Civil Procedure.

11.     "Identify" with respect to communications means to give, to the extent known, (a) a description of the substance of the communication; (b) the form of the communication (e.g., telephone, facsimile, e-mail, etc.); (c) the identity of each person that was a party to and/or present at the time of the communication, as well as the full name, present or last known address, and the current or last known place of employment of each person; (d) the identity of the person whom you contend initiated the communication; and (e) the time, date, and place of the communication.

12.     "Relate" or "relating"/"Concern" or "concerning" means consisting of, referring to, reflecting, concerning/relating to, or being in any way logically or factually connected with the matter discussed.

13.     The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

14.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

15.     The use of singular form includes plural, and vice versa.

16.    The use of present tense includes past tense, and vice versa.

17.    The term "mark" means any word, name, symbol, or device (including any key word or metatag) or any combination thereof.

18.    "Complaint" as used herein, or its plural or any synonym thereof, is intended to and shall mean the GWACS ARMORY, LLC's Complaint [ECF No. 2] on file in the Northern District of Oklahoma Case No. 20-cv-0341-CVE-SH.

19.    "The Asserted Marks" as used herein, or its plural or any synonym thereof, is intended to and shall mean the mark(s) identified in Paragraph 75 of the Complaint as well as any related trade dress rights identified in Paragraph 80 of the Complaint.

20.    "Plaintiff's Work" as used herein, or its plural or any synonym thereof, is intended to and shall mean the work that Plaintiff alleges is protected by "federal copyright laws" and referenced in Paragraphs 85-86 of the Complaint.

21.    The term "occurrence" or "alleged occurrence" as used in these interrogatories will mean the conduct or actions of the Defendants which affected or infringed on the alleged copyright of the Plaintiff as set forth in Paragraphs 85-86 of Plaintiff's Complaint.

22.    "KEA Polymer Lower" as used herein, or its plural or any synonym thereof, is intended to and shall mean the "KEA Polymer Lower" identified in Paragraph 47 of the Complaint.

23.    "ATF" as used herein, or its plural or any synonym thereof, is intended to and shall mean the Bureau of Alcohol, Tobacco, Firearms and Explosives federal agency including but not limited to the Tulsa Satellite Office; Oklahoma City IO Field Office; and any agent, inspector, employee, director, examiner, and/or Industry Operations Investigators (IOIs) associated with the same.

24.    "Relevant Period" as used herein, or its plural or any synonym thereof, is intended to and shall mean the period from January 2016 through present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person you believe has knowledge of any facts regarding any causes of action or damages outlined in the Complaint, and describe the knowledge you believe each person possesses.

**INTERROGATORY NO. 2:**

Identify each person you believe has knowledge of any facts regarding the assertions or defenses to the Complaint, and describe the knowledge you believe each person possesses.

**INTERROGATORY NO. 3:**

Identify each person you believe has knowledge of any facts regarding any causes of action or damages outlined in the Complaint, and describe the knowledge you believe each person possesses.

**INTERROGATORY NO. 4:**

Identify and describe all of your communications with the ATF during the Relevant Period.

**INTERROGATORY NO. 5:**

Identify each of the responsible person(s) listed on your Federal Firearms License(s) and Responsible Person Questionnaires provided to the ATF during the Relevant Period.

**INTERROGATORY NO. 6:**

Identify all persons that furnished information to the ATF during the Relevant Period and describe the information each person furnished.

**INTERROGATORY NO. 7:**

Identify each of the assets Plaintiff purchased from SST on November 22, 2011 as identified in Paragraph 20 of the Complaint.

**INTERROGATORY NO. 8:**

Identify and describe any "proprietary information" that Plaintiff disclosed to BROWNELLS, INC. and KE ARMS, LLC as alleged in Paragraphs 55 and 113 of the Complaint.

**INTERROGATORY NO. 4:**

Identify the communications you had with the Defendants relating to proprietary information as identified Paragraphs 55 and 113 of Plaintiff's Complaint.

**INTERROGATORY NO. 9:**

Please describe all discussions (if any) concerning the establishment of a "business relationship" between Plaintiff and BROWNELLS, INC. and/or KE ARMS, LLC as identified in the Complaint, Exhibit 2, Paragraph 1.

**INTERROGATORY NO. 5:**

Identify each contract or agreement (whether written or oral) that you contend existed between you and Defendants, including amendments if any. If the contract or agreement was reduced to writing, identify such contract by bates number. If your answer relates to an oral

contract or agreement, identify (i) the approximate date upon which the parties entered into each oral contract or agreement, (ii) the parties to the contract or agreement, and (iii) the terms of the contract or agreement.

**INTERROGATORY NO. 10:**

Please describe fully each and every source of knowledge about the alleged occurrence of which the Plaintiff is aware, including:

(a) the identity of each such source;

(b) the date and time when the Plaintiff received any information from each such source regarding the alleged occurrence; and

(c) the manner in which the information was received.

**INTERROGATORY NO. 11:**

Please identify each person or entity which has an ownership interest in the copyrights to Plaintiff's Work, specifying the nature and extent of each such interest.

**INTERROGATORY NO. 12:**

Please describe the Plaintiff's Work in complete detail including the total, author and nature of the work, and each and every medium used in the work.

**INTERROGATORY NO. 13:**

Please describe fully the process by which Plaintiff's Work was prepared, formulated and

completed, including for each stage, model, prototype, draft, revision or version of the work:

    (a) the date on which it was begun;

    (b) the date on which it was completed;

    (c) the name, address and role played by each person who was involved in it; and

    (d) the location and name and address of the custodian of all documents which reflect, record, refer to or relate to the draft or version of the work.

**INTERROGATORY NO. 14:**

    Was Plaintiff's Work first published prior to the alleged occurrence, and if so, please identify,

    (a) the date of first publication;

    (b) the location of first publication;

    (c) the domicile of the author of the work at the time of first publication;

    (d) the manner in which the work was first published;

    (e) whether the work contained notice of copyright when first published; and

    (f) the location and name and address of the custodian of all documents which reflect, refer

to or relate to the first publication of the work.

**INTERROGATORY NO. 15:**

Please describe the publication and distribution of Plaintiff's Work (if any) prior to the alleged occurrence, including:

(a) the number of copies or phonorecords of the work which were published or distributed;

(b) the inclusive dates of each publication and distribution period;

(c) the name and address or, if unavailable, a description of each person to whom copies or phonorecords of the work were distributed; and

(d) the location and name and address of the custodian of all documents which reflect, refer to or relate to the publication or distribution.

**INTERROGATORY NO. 16:**

Identify each instance (if any) that Plaintiff provided Defendants with access to Plaintiff's Work, and for each instance please describe:

(a) the first date of access;

(b) the manner in which access was provided;

(c) the person who provided or authorized the access;

(d) the extent to which Plaintiff supervised the access; and

(f) the location and name and address of the custodian of all documents which reflect, refer

to or relate to Defendants' access.

**INTERROGATORY NO. 17:**

Please identify each of the similarities (if any) between Plaintiff's Work and the KEA

Polymer Receiver, and describe each similarity in detail.

**INTERROGATORY NO. 18:**

Please give a complete description of the copyright notice affixed to or contained in copies

of Plaintiff's Work published or distributed prior to the alleged occurrence, including:

(a) all symbols, words or abbreviations used to designate the copyright;

(b) the year on the notice;

(c) the position of the notice in relation to the copy or phonorecord;

(d) a full and complete description of all methods or processes used to fix or attach the

notice on the copy or phonorecord; and

(e) the location and name and address of the custodian of all documents which record,

reflect, refer to or relate to the fixation of notice on copies or phonorecords of the work.

**INTERROGATORY NO. 19:**

If Plaintiff's Work was ever registered with the U.S. Copyright Office, please identify as

to each such registration:

(a) the date on which application for registration was received by the Copyright Office;

(b) the date on which material deposited for registration was received by the Copyright Office;

(c) the date on which fees for registration were received by the Copyright Office;

(d) a full and complete description of all materials relating to the work which were deposited with the Copyright Office; and

(e) the location and name and address of the custodian of all documents which reflect, refer to or relate to the registration.

**INTERROGATORY NO. 20:**

Please set forth the substance of all communications in which the Plaintiff participated, or of which the Plaintiff is aware, which took place after the alleged occurrence and which concerned the Defendants' alleged use or infringement of the Plaintiff's Work.

**INTERROGATORY NO. 21:**

Identify all persons that furnished information for the response to these interrogatories, designating the number of each interrogatory for which such persons furnished information.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

  */s/ Robert Fitz-Patrick*
Robert P. Fitz-Patrick, OBA #14713
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: rfitzpatrick@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

**-AND-**

**MARQUIS AURBACH COFFING**

*/s/ Alexander Calaway*
Brian R. Hardy, Esq.
Nevada Bar No. 10068
*Admitted Pro Hac Vice*
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
*Admitted Pro Hac Vice*
10001 Park Run Drive
Las Vegas, Nevada 89145
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically served the foregoing First Set of Interrogatories, via Email and U.S. Mail, Postage Pre-paid for on the 26th day of May, 2021 to the following individuals:

James E. Weger, Esq.
Todd J.P. Bogan, Esq.
JONES, GOTCHER & BOGAN, P.C.
15 East Fifth St.
Tulsa, OK 74103
ATTORNEYS FOR THE PLAINTIFF,
GWACS ARMORY, LLC

/s/*Marie Jorczak*