May 25, 2022
Page 11

# JOINT DEFENSE AGREEMENT

*PRIVILEGED AND CONFIDENTIAL – JOINT DEFENSE PRIVILEGE
ATTORNEY WORK PRODUCT*

## I.
## PRELIMINARY STATEMENT

1. **Law Firm and Parties**. This Joint Defense and Confidentiality Agreement ("**Agreement**") is made by and between KE Arms, LLC ("**KEA**"), an Arizona limited liability company; Russell Phagan ("**Phagan**"), an individual; Sinistral Shooting Technologies, LLC ("**SST**"), an Arizona limited liability company (hereinafter collectively "**Defendants**"), Tool & Design Group LLC ("**TDG**"), an Arizona limited liability company; Jovan Beltran, an individual ("**Beltran**"); and Michael Kenney, individually (collectively the "**Parties**") the law firm of Marquis Aurbach Chtd. (the "Law Firms") in connection with common interests, potential claims and potential defenses in the litigation pending in the Northern District of Oklahoma, case No. Case No.:20-cv-0341-CVE-SH and consolidated with Case No. 21-CV-0107-CVE-JFJ (the "**Lawsuit**").

2. **Purpose**. The Parties and the Law Firms agree their communications and any documents, information and material exchanged by any of them ("**Protected Information**") are reasonably necessary to accomplish the purpose of providing a defense to the above-referenced Lawsuit and therefore, are and shall be privileged from disclosure under the attorney-client privilege and/or attorney work product doctrine pursuant to the joint and common defense privileges provided by case and statutory law.

## II.
## DEFENSE AND COOPERATION RIGHTS AND OBLIGATIONS

1. **Joint Defense Materials**. The Parties and the Law Firms agree that their interests may be best served by sharing such things as documents, factual materials, mental impressions, memoranda, legal research, expert opinions, consultant observations, interview reports, strategies, analyses and other documents, materials, communications and/or information that relate to the Lawsuit ("**Joint Defense Materials**"). Some or all of these Joint Defense Materials may be privileged from disclosure to adverse or other parties as a result of the attorney-client privilege, the work product privilege, or other applicable privileges. All Joint Defense Materials shall be subject to the terms and conditions of this Agreement.

2. **Oral Communications**. The Parties and the Law Firms agree that all oral communications concerning or in connection with the Lawsuit are Joint Defense Materials subject to this Agreement, the joint defense privilege, common interest privilege and any other applicable privilege.

3. **Prior Communications Subject to this Agreement**. Before the execution of this Agreement, the Parties and the Law Firms had discussed and agreed to protect their work product and communications with one another under the joint defense privilege and intended to reduce their agreement to writing. The Parties and the Law Firms hereby confirm that, to the extent they have already made oral or written communications with one another about matters pertaining to the Lawsuit, those communications are Joint Defense Materials subject to this Agreement and to the joint defense privilege, common interest privilege and all other applicable privileges.

4. **Exchange of Joint Defense Materials Between Parties**. The Parties may exchange Joint Defense Materials among themselves and the Law Firms in order to further the investigation, prosecution and defense of the Lawsuit. The Parties and the Law Firms acknowledge and agree that such exchanges or disclosures are not intended to diminish or otherwise vitiate in any way the confidentiality of such materials. The Parties and the Law Firms acknowledge and agree that any exchange of Joint Defense Materials will not constitute a waiver of any other applicable privilege. The Parties and the Law Firms further do not waive any confidentiality rights or attorney-client or work product privileges which would otherwise be available. The Parties and the Law Firms specifically intend to invoke to the fullest extent possible the protections of the joint defense privilege, common interest privilege and any other applicable privilege.

5. **Disclosure of Joint Defense Materials**. The Parties and the Law Firms further agree that they will not disclose any Joint Defense Materials to anyone except: (a) pursuant to court order; (b) counsel for any Party to this Agreement; (c) attorneys for any Party to this Agreement within such counsel's respective law firms; (d) such counsel's employees and agents and persons designated as: (i) experts or consultants (together with their staff)

May 25, 2022
Page 12

retained to assist in the defense, prosecution and investigation of the Lawsuit and (ii) any other person or entity whom the Parties to this Agreement have agreed to in writing.

      6. **Use of Joint Defense Materials**. Joint Defense Materials that are shared, and the information contained therein, are to be used by the Parties and the Law Firms solely in connection with the investigation, prosecution and defense of the Lawsuit. The Parties may make derivative use of any Joint Defense Materials, including any privileged information obtained from a Party who may subsequently withdraw from this Agreement, in connection with the investigation, prosecution and defense of the Lawsuit. This Agreement does not restrict any Party from using non-privileged facts, documents and theories that are learned or derived from Joint Defense Materials obtained pursuant to this Agreement. Neither the Joint Defense Materials nor the information contained therein may be used for any purpose other than the investigation, prosecution and defense of the Lawsuit.

      7. **Duty To Maintain Confidentiality Of All Joint Defense Materials.** The Parties agree that they will use their best efforts to ensure that the confidentiality of the Joint Defense Materials is maintained at all times to prevent any disclosure which would result in a waiver or loss of any privilege or confidentiality rights.

      8. **Duty to Cooperate.** All Parties agree to fully cooperate in defending against the Lawsuit including but not limited to designating a principal contact for purposes of communication concerning the Lawsuit, timely responding to all requests for documents and/or information, participating in the defense of the Lawsuit as reasonably determined by counsel for the Parties, and taking any and all other actions necessary to allow Defense Counsel to defend the Parties from the Lawsuit.

      9. **Withdrawal from Agreement**. Any Party may withdraw from this Agreement at any time by giving written notice to each other Party and to Defense Counsel. However, the fact of withdrawal shall not terminate the Parties' mutual obligations to hold confidential all Joint Defense Materials exchanged among them prior to receipt of notice of a Party's withdrawal from this Agreement. Furthermore, a withdrawing Party shall immediately return all Joint Defense Materials and copies it received pursuant to this Agreement to Defense Counsel.

      10. **Substitute or Associated Counsel**. This Agreement shall apply to substituted or associated counsel who may appear on behalf of any Party. In addition, if any Party changes or retains additional counsel, such counsel shall be required to become a signatory to this Agreement in order to access all Joint Defense Materials. If a Party's counsel withdraws, they shall return all Joint Defense Materials to the Party who contributed it (including all copies, summaries or excerpts) or certify that the Joint Defense Materials have been destroyed or have been transmitted to the new counsel. Any counsel who withdraws shall continue to be obligated to maintain the privileged nature of the Joint Defense Materials.

      11. **Return of Joint Defense Materials**. All Joint Defense Materials (including all copies, summaries or excerpts thereof) shall be returned upon request at any time to the Party who provided them pursuant to this Agreement. At the conclusion of any action or proceeding arising from or related to the Lawsuit, all Joint Defense Materials (including all copies, summaries or excerpts thereof) shall be returned to the Party who furnished them.

      12. **Obligations Continue**. The obligations of the Parties and the Law Firms not to disclose Joint Defense Materials, except in accordance with this Agreement, shall not be affected by the return of such materials or termination of this Agreement.

      13. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

      14. **Notification of Request For Joint Defense Materials**. If a person or entity other than the Parties to this Agreement requests or demands, by subpoena or otherwise, Joint Defense Materials or seeks testimony regarding any matter covered by this Agreement, the Parties or the Law Firms will immediately notify all other Parties to this Agreement. The person or entity seeking such materials will be informed by the Law Firms or the Party on whom the demand was made, that the requested communications and/or materials are subject to a joint defense privilege and common interest privilege. All steps will be taken to assert all applicable rights and privileges with regard to said Joint Defense Materials and each Party shall cooperate fully in any judicial proceeding relating to disclosure or potential disclosure of Joint Defense Materials.

      15. **Agreement Does Not Create Agency Relationship**. This Agreement shall not create any agency or similar relationship between the Parties. No Party shall have the authority to waive any applicable privilege or doctrine on

May 25, 2022
Page 13

behalf of any other Party nor shall any waiver of an applicable privilege or doctrine on behalf of any Party be construed to apply to any other Party.

## III.
## ADDITIONAL AND MISCELLANEOUS PROVISIONS

1. **Waiver of Terms.** A waiver of any term or condition of this Agreement will not be deemed to be, and may not be construed as, a waiver of any other term or condition hereof.

2. **Modification.** Any modifications to this Agreement must be in writing and signed by all Parties.

3. **Counterparts.** This Agreement may be signed in copies or in counterparts.

Dated: 5/25/2022

*Michael Kenney* (DocuSigned by: 9524838DD00C491)
Name: Michael Kenney
Title: Individual

Dated: 5/25/2022

*Michael Kenney* (DocuSigned by: 9524838DD00C491)
KE Arms, LLC
Name: Michael Kenney

Dated: 5/26/2022

*Stuart Iain Harrison* (DocuSigned by: 53247045B4B34ED...)
Tool & Design Group, LLC
Name: Ian Harrison
Title: Member/Manager

Dated: 5/26/2022

*Jovan Beltran* (DocuSigned by: 81954B9EA3FB479...)
Jovan Beltran
Name: Jovan Beltran
Title: Individual

Dated: 5/26/2022

MARQUIS AURBACH

*Brian Hardy* (DocuSigned by: FD44DCBF7AFA426...)
Name: Brian R. Hardy, Esq.
On behalf of: MARQUIS AURBACH,
Attorneys for Clients